# CASE NO. 24-6138

_____

## IN THE

## UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

## DANIEL E. CARPENTER, Appellant,

### and

## UNITED STATES OF AMERICA, Appellee.

_____

**Appealed from the United States District Court for the
Western District of Oklahoma
Honorable Joe Heaton, United States District Judge
USDC Case No. 5:24-MC-00005-HE; 5:14-fj-00005-HE**

_____

## APPELLANT DANIEL E. CARPENTER'S
## JURISDICTIONAL MEMORANDUM

_____

By: s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
jsandberg@pamlaw.com
PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/Fax (214) 265-1950
**COUNSEL FOR APPELLANT
DANIEL E. CARPENTER**

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................2

TABLE OF AUTHORITIES .........................................................................4

STATEMENT REGARDING PRIOR OR RELATED APPEALS .........................6

INTRODUCTION .......................................................................................8

JURISDICTIONAL MEMORANDUM..........................................................10
A.      Summary – District Court Jurisdiction.........................................10

B.      Basis for Jurisdiction of Court of Appeals. ..................................11
    1.      Applicable Law – Appellate Court Jurisdiction Over
            Interlocutory Injunction and Receivership Orders............................11

    2.      This Court Has Jurisdiction Over the July 10, 2024 Order
            Because It Denies Mr. Carpenter's Emergency Motion to
            Dissolve the Injunction and End the Receivership ............................12

    3.      Applicable Law – Appellate Court Jurisdiction and the
            Collateral Order Doctrine...................................................13

    4.      This Court Has Jurisdiction Over the July 10, 2024 Order
            Under the Collateral Order Doctrine...................................16

CONCLUSION AND PRAYER ...................................................................18

CERTIFICATE OF SERVICE ....................................................................18

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION,
TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS ..........19

CERTIFICATION OF PRIVACY REDACTIONS ...........................................19

CERTIFICATION OF VIRUS SCAN ...........................................................19

EXHIBITS TO MEMORANDUM

| No. | Docket # | Date | Description |
|-----|----------|------|-------------|
| 1 | | July 29, 2024 | Civil Case Docket: Case 514-fj-00005-HE |
| 2 | 509 | August 4, 2023 | Tenth Circuit Order |
| 3 | 618 | March 29, 2024 | District Court Order Granting Motion to Modify Injunction |
| 4 | 1 | June 27, 2024 | Second Order to Appear and Show Cause |
| 5 | 5 | July 5, 2024 | D. Carpenter Emergency Motion to Dismiss |
| 6 | 5 | July 10, 2024 | District Court Order Denying Emergency Motion to Dismiss |

# TABLE OF AUTHORITIES

**CASES:**                                                                      **PAGE**

*Abney v. United States,*
     431 U.S. 651 (1977)............................................................14, 15, 17

*Apodaca v. Raemisch,*
     864 F.3d 1071 (10th Cir. 2017). ...................................................14

*Blackledge v. Perry,*
     417 U.S. 21 (1974)....................................................................15

*Class v. United States,*
     583 U.S. 174, 138 S. Ct. 798, 811–12, 200 L. Ed. 2d 37 (2018). .....14, 15, 17

*Cohen v. Beneficial Loan Corp.,*
     337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). ...........................13, 15

*Commercial Sec. Bank v. Walker Bank & Trust Co.,*
     456 F.2d 1352 (10th Cir. 1972). ....................................................12, 13

*Eisen v. Carlisle & Jacquelin,*
     417 U.S. 156 (1974)....................................................................16

*Estate of Ceballos v. Husk,*
     919 F.3d 1204 (10th Cir. 2019). ...................................................11

*Garcia v. Burlington N. R.R. Co.,*
     818 F.2d 713 (10th Cir. 1987). ....................................................11

*Griggs v. Provident Consumer Discount Co.,*
     459 U.S. 56, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ........................10

*Lauro Lines s.r.l. v. Chasser,*
     490 U.S. 495, 109 S. Ct. 1976, 104 L. Ed. 2d 548 (1989). ...........................15

*Los Lobos Renewable Power, LLC v. Americulture, Inc.,*
     885 F.3d 659 (10th Cir. 2018). ....................................................13

*Menna v. New York*,
　　423 U.S. 61 (1975)......................................................................15

*Mohawk Indus. v. Carpenter*,
　　558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009). ............14

*Ortiz v. Jordan*,
　　562 U.S. 180, 131 S. Ct. 884, 178 L. Ed. 2d 703 (2011). ............14

*Robinson v. Neil*,
　　409 U.S. 505 (1973)......................................................................15

*In re Tri-Valley Distrib., Inc.*,
　　533 F.3d 1209 (10th Cir. 2008). ............................................13, 17

*United States v. McVeigh*,
　　157 F.3d 809 (10th Cir. 1998). ...................................................11

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*,
　　Nos., 2023 U.S. App. LEXIS 20356 (10th Cir. Aug. 4, 2023)
　　("Tenth Circuit Order"). .................................................................6

*Van Cauwenberghe v. Biard*,
　　486 U.S. 517, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988). ..........15

*Will v. Hallock*,
　　546 U.S. 345 (2006)......................................................................16

## STATUTES AND CONSTITUTION                    PAGE

28 U.S.C. § 1292....................................................................8, 11, 12, 13

## STATEMENT REGARDING PRIOR OR RELATED APPEALS

Throughout this supplemental brief, Appellant shall refer to this Court's August 4, 2023 Order and Judgment in Appeal Nos. 21-6044, 21-6049, 21-6133 and 21-6134 as the "Tenth Circuit Order." *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos., 2023 U.S. App. LEXIS 20356, at *1 (10th Cir. Aug. 4, 2023). In summary, the Tenth Circuit Order held that the District Court no longer possessed Article III jurisdiction on December 3, 2020 when the registered judgment expired under Oklahoma law and the claims became moot. Therefore, all orders by the District Court after that date are void as a matter of law.

Following the issuance of the Tenth Circuit Order, the District Court entered orders in 2023 and 2024 reinstating the earlier judgment, injunction and receivership reversed by the Tenth Circuit Order in August 2023 (1) without any pleadings by Universitas and (2) without any attempted service of process or actual service of process upon Avon Capital, LLC, a Wyoming limited liability company and SDM Holdings, LLC, an Oklahoma limited liability company. These District Court orders are the subject of consolidated Appeal Nos. 23-6125, 23-6126, 23-6167, 23-6168 and 24-6066 (collectively, the "Pending Appeals"), and the Pending Appeals are scheduled for oral argument before this Court on September 24, 2024.

Issues raised in the Pending Appeals include the District Court's lack of subject matter jurisdiction and lack of personal jurisdiction to enter the 2023 and 2024 orders reinstating the earlier judgment, injunction and receivership reversed by the Tenth

Circuit Order in August 2023, and also the District Court's lack of jurisdiction to enter the March 29, 2024 Order [Exh. 3. Dkt. 618] modifying the injunction while an appeal of the injunction was pending in the Tenth Circuit in Appeal No. 24-6066.

# INTRODUCTION

Mr. Carpenter is appealing the Order [Exh. 6, Dkt. 5] denying Mr. Carpenter's Emergency Motion to Dismiss the criminal contempt proceeding. [Exh. 5, Dkt. 3] The Second Order to Appear and Show Cause [Exh. 4, Dkt. 1] orders Mr. Carpenter to appear in a distant and inconvenient forum and show cause why he should not be found in contempt for violating the District Court's March 29, 2024 injunction which was issued without the District Court possessing jurisdiction. [Exh. 3, Dkt. 618]

The Motion to Dismiss argues the "THE *INJUNCTION* IS TRANSPARENTLY INVALID AND SHOULD BE *DISSOLVED*" [Exh. 5, Dkt. 3 p. 26] (capitals in original and emphasis added) and also requests that the District Court "end" and "vacate" the unlawful receivership [Exh. 5, Dkt. 3 pp. 27, 29, 48] Accordingly, this Court has jurisdiction over this appeal of the interlocutory order denying Mr. Carpenter's motion to dismiss because appellate courts have jurisdiction over interlocutory orders refusing to dissolve injunctions and also have jurisdiction over interlocutory orders refusing to wind up a receivership. 28 U.S.C. § 1292(a)(1), (2).

In addition, appellate courts have jurisdiction over certain interlocutory orders under the Collateral Order Doctrine, and this District Court order meets the requirements of the Collateral Order Doctrine. The District Court's Order [1] conclusively determines the disputed issue – the effect of the holding by this Court in the Tenth Circuit Order that the District Court lost Article III jurisdiction in December 2020; [2] resolves an important issue completely separate from the merits of the action – the lack of

jurisdiction issue is separate from the merits of the action based upon the language in the District Court's March 29, 2024 Order [Exh. 3, Dkt. 618] and whether Mr. Carpenter's acts are an intentional violation of the District Court's March 29, 2024 Order; and [3] is effectively unreviewable on appeal from a final judgment because Mr. Carpenter has the right to be free from prosecution in the District Court as the Tenth Circuit has already held that the District Court lost subject matter jurisdiction in December 2020, so that all orders issued after December 2020 are void.

# JURISDICTIONAL MEMORANDUM

## A.      Summary – District Court Jurisdiction.

As noted above, the District Court lacks jurisdiction over the contempt proceeding because the District Court lacked jurisdiction to enter the underlying orders that are the subject of this contempt proceeding following the issuance of the August 4, 2023 Order and Judgment ("Order") by the Tenth Circuit Court of Appeals in the appeal regarding this case. [Exh. 2, Tenth Circuit Order [Dkt 509] In summary, the Order held that: (1) the District Court ceased to have subject matter jurisdiction on December 3, 2020; (2) and the law of the case mandates that this case be dismissed because there is no "case or controversy" following this date and all claims in this case became moot at that time, so that all orders after December 3, 2020 are void. [Exh. 2, Tenth Circuit Order [Dkt 509] pp. 8, 10-11] Once the District Court lost subject matter jurisdiction, it cannot be revived. Further, even if jurisdiction somehow could be revived, it wasn't – there was no pleading filed by Universitas and there was no attempt at service upon any parties [Exh. 1, District Court Docket], so that the only party before the Court, at best, was Universitas. For these multiple reasons, the judgment, order granting an injunction and orders appointing a receiver are all void, and thus there cannot be a finding of contempt because a violation of a void order cannot be contempt.

In addition, the District Court lacked jurisdiction to enter the March 29, 2024 order modifying the injunction. [Exh. 2, Dkt. 618] while an appeal of the injunction was pending in the Tenth Circuit in Appeal No. 24-6066. "[T]the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (cit. omitted). "Filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void." *Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (cit. omitted).

## B.    Basis for Jurisdiction of the Court of Appeals.

An appellant bears the burden of establishing appellate jurisdiction. *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1223 (10th Cir. 2019). Here, appellate jurisdiction is established because the order being appealed is an order denying a motion to dissolve the injunction and to end the receivership. Additionally, appellate jurisdiction is established under the Collateral Order Doctrine.

### 1.    Applicable Law – Appellate Court Jurisdiction Over Interlocutory Injunction and Receivership Orders.

"[T]he courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or *refusing to dissolve* or modify injunctions, except where a direct review may be had in the Supreme Court; [and] (2) Interlocutory orders appointing receivers, or *refusing orders to wind up* receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property[.]" 28 U.S.C. § 1292(a) (emphasis added). Appellate court jurisdiction is present over an order that dissolves or modifies a previously imposed injunction. *United States v. McVeigh*, 157 F.3d 809, 813 (10th Cir. 1998) ("Because

we conclude the order had the effect of modifying or dissolving a previously imposed injunction, we have jurisdiction under 28 U.S.C. § 1292(a)(1)."). An interlocutory order refusing to dissolve or modify an injunction is appealable under section 1292(a)(1). *Commercial Sec. Bank v. Walker Bank & Trust Co*., 456 F.2d 1352, 1355 (10th Cir. 1972).

**2. This Court Has Jurisdiction Over the July 10, 2024 Order Because It Denies Mr. Carpenter's Emergency Motion to Dissolve the Injunction and End the Receivership.**

The Motion to Dismiss argues the "THE INJUNCTION IS TRANSPARENTLY INVALID AND SHOULD BE DISSOLVED" [Exh. 5, Dkt. 3 p. 26] (capitals in original) and also requests that the District Court "end" and "vacate" the unlawful receivership [Exh. 5, Dkt. 3 pp. 27, 29, 48] Accordingly, this Court has jurisdiction over this appeal of the interlocutory order denying Mr. Carpenter's motion to dismiss because appellate courts have jurisdiction over interlocutory orders refusing to dissolve injunctions and also have jurisdiction over interlocutory orders refusing to wind up a receivership. 28 U.S.C. § 1292(a)(1), (2).

Mr. Carpenter is appealing the Order [Exh. 6, Dkt. 5] denying Mr. Carpenter's Motion to Dismiss the criminal contempt proceeding. [Exh. 5, Dkt. 3] The Second Order to Appear and Show Cause [Exh. 4, Dkt. 1] orders Mr. Carpenter to appear and show cause why he should not be found in contempt for violating the District Court's March 29, 2024 injunction. [Exh. 3, Dkt. 618]

As a result, this Court has jurisdiction over the appeal of the interlocutory order because the order denied Mr. Carpenter's requests that the injunction be dissolved and the receivership ended/vacated. *See* 28 U.S.C. § 1292(a); *Commercial Sec. Bank*, 456 F.2d at 1355.

### 3. Applicable Law – Appellate Court Jurisdiction and the Collateral Order Doctrine.

Appellate courts have jurisdiction over decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). For appeals of decisions falling within the collateral order exception, the Supreme Court has given 28 U.S.C. § 1291 a "practical rather than a technical construction," and held that these types of interlocutory appeals ought to be treated as appeals from final decisions. *Id.* Appealable collateral orders "are said to be 'too important to be denied review and too independent of the cause itself' to justify waiting out the rest of the adjudication." *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 664 (10th Cir. 2018) (quoting *Cohen*, 337 U.S. at 546).

Under the Collateral Order Doctrine, the district court's "order must [1] conclusively determine the disputed question [on appeal], [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *In re Tri-Valley Distrib., Inc.*, 533

F.3d 1209, 1215 (10th Cir. 2008). When there are no further steps to be taken the order is a final order that meets the first prong. *Abney v. United States*, 431 U.S. 651, 659 (1977). The "decisive consideration" in determining whether an order is effectively unreviewable is "whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009) (internal quotation marks omitted). "[T]he chance that the litigation at hand might be speeded, or a particular injustice averted, does not provide a basis for jurisdiction under § 1291." *Id*. (internal quotation marks omitted).

The collateral-order doctrine is triggered if the appeal turns on a "'purely legal issue.'" *Apodaca v. Raemisch*, 864 F.3d 1071, 1075 (10th Cir. 2017 (quoting *Ortiz v. Jordan*, 562 U.S. 180, 188, 131 S. Ct. 884, 178 L. Ed. 2d 703 (2011) (other cit. omitted)). The Collateral Order Doctrine is met when a denial of a pretrial motion occurs when the right at issue is properly understood to be a right not to be tried. *Class v. United States*, 583 U.S. 174, 193, 138 S. Ct. 798, 811–12, 200 L. Ed. 2d 37 (2018) ("Unlike the defendants in *Broce*, Class' challenge does not in any way deny that he engaged in the conduct to which he admitted. Instead, like the defendants in *Blackledge* and *Menna*, he seeks to raise a claim which, "'judged on its face'" based upon the existing record, would extinguish the government's power to 'constitutionally prosecute' the defendant if the claim were successful. *Broce, supra*, at 575, 109 S.Ct. 757 (quoting *Menna*, 423 U.S., at 62–63, and n. 2, 96 S.Ct. 241)").

Allowing an interlocutory appeal in that situation protects against all the harms that

flow from the prolongation of a case that should never have been brought. *Class*, 583

U.S. at 193.

In its *Abney* opinion, the Supreme Court further explained:

[H]e is contesting the very authority of the Government to hale him into court to face trial on the charge against him. *Menna v. New York*, 423 U.S. 61 (1975); *Blackledge v. Perry*, 417 U.S. 21, 30 (1974); *Robinson v. Neil*, 409 U.S. 505, 509 (1973). The elements of that claim are completely independent of his guilt or innocence.

\* \* \*

Thus, the matters embraced in the trial court's pretrial order here are truly collateral to the criminal prosecution itself in the sense that they will not "affect, or… be affected by, decision of the merits of this case." *Cohen*, 337 U.S., at 546.

*Abney*, 431 U.S. at 659, 660.

In its *Will* opinion, Supreme Court provided additional guidance regarding the

thought process to be employed:

the cases have to be combed for some further characteristic that merits appealability under Cohen; and as Digital Equipment explained, that something further boils down to "a judgment about **the value of the interests that would be lost** through rigorous application of a final judgment requirement." 511 U.S., at 878-879, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 524, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988)). *See also Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 502, 109 S. Ct. 1976, 104 L. Ed. 2d 548 (1989) (SCALIA, J., concurring) ("The importance of the right asserted has always been a significant part of our collateral order doctrine").

Thus, in *Nixon, supra*, we stressed the "compelling public ends," id., at 758, 102 S. Ct. 2690, 73 L. Ed. 2d 349, "rooted in . . . the separation of powers," *id*., at 749, 102 S. Ct. 2690, 73 L. Ed. 2d 349, that would be compromised by failing to allow immediate appeal of a denial of absolute Presidential immunity, *id*., at 743, 752, n. 32, 102 S. Ct. 2690,

73 L. Ed. 2d 349. In explaining collateral order treatment when a qualified immunity claim was at issue in *Mitchell, supra*, we spoke of the threatened disruption of governmental functions, and fear of inhibiting able people from exercising discretion in public service if a full trial were threatened whenever they acted reasonably in the face of law that is not "clearly established." *Id.*, at 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411. *Puerto Rico Aqueduct*, 506 U.S. 139, 113 S. Ct. 684, 121 L. Ed. 2d 605, explained the immediate appealability of an order denying a claim of Eleventh Amendment immunity by adverting not only to the burdens of litigation but to the need to ensure vindication of a State's dignitary interests. *Id.*, at 146, 113 S. Ct. 684, 121 L. Ed. 2d 605. And although the double jeopardy claim given *Cohen* treatment in *Abney, supra*, did not implicate a right to be free of all proceedings whatsoever (since prior jeopardy is essential to the defense), **we described the enormous prosecutorial power of the Government to subject an individual "to embarrassment, expense and ordeal . . . compelling him to live in a continuing state of anxiety,"** *id.,* at 661-662, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (internal quotation marks omitted); the only way to alleviate these consequences of the Government's superior position was by collateral order appeal.

*Will v. Hallock*, 546 U.S. 345, 351-52 (2006) (emphasis added).

No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974) (footnote omitted).

**4. This Court Has Jurisdiction Over the July 10, 2024 Order Under the Collateral Order Doctrine.**

Here, the requirements of the Collateral Order Doctrine are met, and, in particular, Mr. Carpenter has the right to be free from trial because the Tenth Circuit already held that the District Court lost Article III jurisdiction in December 2020 when it issued the Tenth Circuit Order.

First, the District Court's order rejects the argument that the District Court lacks jurisdiction, and also notes that there are pending appeals in the Tenth Circuit. [Exh. 6, Dkt. 5 Order pp. 1-2] The District Court Order meets the first requirement, as it conclusively determines the disputed question on appeal. *See In re Tri-Valley Distrib., Inc*., 533 F.3d at 1215.

Second, the District Court's ruling regarding its jurisdiction, which is contrary to the holding by this Court in the Tenth Circuit Order, resolves an important issue completely separate from the merits of the action. [Exh. 6, Dkt. 5 Order pp. 1-2] The District Court's Order refusing to dismiss even though the Tenth Circuit already held that the District Court lost jurisdiction in 2020 is a "collateral order" because it will not "affect, or… be affected by, decision of the merits of this case." *See Abney*, 431 U.S. at 660; *Cohen*, 337 U.S. at 546. In other words, the issue here seeks to raise a claim which, "'judged on its face'" based upon the existing record, would extinguish the government's power to "'constitutionally prosecute'" Mr. Carpenter if the claim were successful. *See Class*, 583 U.S. at 183.

Third, Mr. Carpenter has the right to be free from prosecution in the District Court as the Tenth Circuit has already held that the District Court lost subject matter jurisdiction in December 2020, so that all orders issued after December 2020 are void, when the Tenth Circuit Order was issued. [Exh. 2, Tenth Circuit Order [Dkt 509] pp. 8, 10-11] Because the jurisdiction issue was already decided by this Court, Mr. Carpenter has the right not to be tried, so that the third prong is met. *See Class*, 583 U.S. at 193.

Notably, this is not merely a case where a lack of jurisdiction was argued in the motion to dismiss that was denied; instead, this Court already held the District Court lacks jurisdiction.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellant Daniel E. Carpenter prays that the Court hold that it possesses jurisdiction over this appeal, and the District Court order denying the motion to dismiss be reversed and that Mr. Carpenter be dismissed from the criminal contempt proceeding, and that Appellant receives such other relief to which Appellant is justly entitled, with costs of court for this appeal.

Respectfully submitted,

PALMER LEHMAN SANDBERG, PLLC

By: s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg
State Bar No. 00790051
jsandberg@pamlaw.com
8350 N. Central Expressway; Suite 1111
Dallas, Texas 75206
(214) 242-6444/ (214) 265-1950 – Fax
**COUNSEL FOR   APPELLANT
DANIEL E. CARPENTER**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the following counsel of record, on the 5th day of August 2024 via the Court CM/ECF system and email.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(g) because it contains 3,966 words, as determined by the word-count function of Microsoft Word 2016.

This memorandum complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## CERTIFICATION OF PRIVACY REDACTIONS

Counsel certifies that all required privacy redactions, if any, have been made.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

## CERTIFICATION OF VIRUS SCAN

Counsel certifies that this document is scanned in real time for viruses by the TrendMicro Security Agent software and is virus-free.

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg

APPEAL,CONV,MITCHELL,REOPEN,STAYED,_LDF

# U.S. District Court
## Western District of Oklahoma[LIVE] (Oklahoma City)
## CIVIL DOCKET FOR CASE #: 5:14-fj-00005-HE

| | |
|---|---|
| Universitas Education LLC v. Nova Group Inc | Date Filed: 11/07/2014 |
| Assigned to: Honorable Joe Heaton | Jury Demand: None |
| Case in other court: Tenth Circuit, 21-06044 | Nature of Suit: 890 Other Statutory Actions |
| Tenth Circuit, 21-06049 | Jurisdiction: Federal Question |
| Tenth Circuit, 21-06133 | |
| Tenth Circuit, 21-06134 | |
| Tenth Circuit, 22-06038 | |
| Tenth Circuit, 23-06125 | |
| Tenth Circuit, 23-06126 | |
| Tenth Circuit, 23-06167 | |
| Tenth Circuit, 23-06168 | |
| Tenth Circuit, 24-06006 | |
| Tenth Circuit, 24-06033 | |
| Tenth Circuit, 24-06066 | |
| District Court Southern District of New York, CIV-11-01590 | |

Cause: Civil Miscellaneous Case

**Petitioner**

**Universitas Education LLC**                    represented by    **Gerald P Green**
Pierce Couch Hendrickson Baysinger &
Green-OKC
P O Box 26350
Oklahoma City, OK 73126-0350
405-235-1611
Fax: 405-235-0085
Email: jgreen@piercecouch.com
*TERMINATED: 04/15/2016*
*ATTORNEY TO BE NOTICED*

**Joseph L Manson , III**
Law Offices of Joseph L Manson III
600 Cameron St
Alexandria, VA 22314
703-340-1649
Email: jmanson@jmansonlaw.com
*ATTORNEY TO BE NOTICED*

**Joshua C Greenhaw**
Mee Mee Hoge & Epperson PLLP
1900 NW Expressway
Suite 1400
Oklahoma City, OK 73118
405-848-9100

Fax: 405-848-9101
Email: jcg@meehoge.com
*ATTORNEY TO BE NOTICED*

**Judy Hamilton Morse**
Crowe & Dunlevy-OKC
Braniff Building
324 N Robinson Ave
Suite 100
Oklahoma City, OK 73102
405-235-7700
Fax: 405-272-5242
Email: judy.morse@crowedunlevy.com
*TERMINATED: 09/18/2018*
*ATTORNEY TO BE NOTICED*

**Lysbeth L George**
Crowe & Dunlevy-OKC
Braniff Building
324 N Robinson Ave
Suite 100
Oklahoma City, OK 73102
405-689-5502
Fax: 405-689-5502
Email: liz@georgelawok.com
*TERMINATED: 09/18/2018*
*ATTORNEY TO BE NOTICED*

**Paula K Colbath**
Loeb & Loeb LLP-NEW YORK
345 Park Ave
New York, NY 10154
212-407-4000
Fax: 212-407-4990
Email: pcolbath@loeb.com
*TERMINATED: 06/28/2018*

**Timothy F Campbell**
Sweet Dewberry Hubbard, PLC
24 West Park Place
Oklahoma City, OK 73103
405-601-9400
Fax: 405-601-9444
Email: tcampbell@hallboothsmith.com
*TERMINATED: 06/22/2022*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**Avon Capital LLC**
*a Wyoming limited liability company*

represented by **Alan L Rupe**
Lewis Brisbois Bisgaard & Smith LLP -
WICHITA

**Exhibit 1    Page 2 of 55**

1605 N Waterfront Parkway
Suite 150
Wichita, KS 67206-6634
316-609-7900
Fax: 316-462-5746
Email: alan.rupe@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Angela Probasco**
Lewis Brisbois Bisgaard & Smith LLP -
KANSAS CITY
4600 Madison Ave
Suite 700
Kansas City, MO 64112
816-299-4244
Fax: 816-299-4245
Email: angela.probasco@lewisbrisbois.com
*TERMINATED: 10/19/2017*
*PRO HAC VICE*

**Francis Schneider**
Lewis Brisbois Bisgaard & Smith
1605 N. Waterfront Parkway
Suite 150
Wichita, KS 67206
316-609-7900
Fax: 316-462-5746
Email: francis.schneider@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Gerald P Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Garnishee**

**Asset Servicing Group LLC**          represented by **Clayton D Ketter**
Phillips Murrah P.C.
424 NW 10th Street, Suite 300
Oklahoma City, OK 73103
405-235-4100
Fax: 405-235-4133
Email: cdketter@phillipsmurrah.com
*ATTORNEY TO BE NOTICED*

**Melvin R McVay , Jr**
Phillips Murrah P.C.
424 NW 10th Street
Ste 300
Oklahoma City, OK 73103
405-235-4100
Fax: 405-235-4133

**Exhibit 1    Page 3 of 55**

Email: mrmcvay@phillipsmurrah.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Nova Group Inc**

**Respondent**

**SDM Holdings LLC**                  represented by **Jeffrey Sandberg**
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway
Suite 1111
Dallas, TX 75206
214-242-6444
Fax: 214-265-1950
Email: jsandberg@pamlaw.com
*ATTORNEY TO BE NOTICED*

**John D Stiner**
Stiner Law Firm PLLC
119 N Robinson
Suite 630
Oklahoma City, OK 73102
405-602-1591
Fax: 405-602-1754
Email: john@stinerlaw.com
*ATTORNEY TO BE NOTICED*

**Joseph H Bocock**
Bocock Law PLLC
119 N Robinson Ave
Suite 630
Oklahoma City, OK 73102
405-605-0218
Fax: 405-602-1754
Email: joe@bococklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Receiver**

**Ryan Leonard**                       represented by **Heidi J Long**
6301 N. Western Ave.                                  Leonard, Long & Cassil, PLLC
Suite 250                                            6301 North Western Ave
Oklahoma City, OK 73118                              Ste 250
4053670555                                           Oklahoma City, OK 73118
                                                     405-803-8343
                                                     Fax: 405-605-8381
                                                     Email: hlong@llc-attorneys.com
                                                     *ATTORNEY TO BE NOTICED*

**Ryan T Leonard**

**Exhibit 1   Page 4 of 55**

Leonard, Long & Cassil, PLLC
6301 North Western Ave
Ste 250
Oklahoma City, OK 73118
405-702-9900
Email: rleonard@llc-attorneys.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/07/2014 | 1 | REGISTRATION of Foreign Judgment. filed by Universitas Education LLC. (Attachments: # 1 Attachment Judgment, # 2 Attachment Order)(pw) (Entered: 11/07/2014) |
| 11/07/2014 | 2 | Receipt for Money Received from Universitas Education LLC in the amount of $46.00, receipt number OKW500043059 regarding 1 Registration of Foreign Judgment (pw) (Entered: 11/07/2014) |
| 11/12/2015 | 3 | ENTRY of Appearance by Judy Hamilton Morse on behalf of Universitas Education LLC (Morse, Judy) (Entered: 11/12/2015) |
| 11/12/2015 | 4 | ENTRY of Appearance by Lysbeth L George on behalf of Universitas Education LLC (George, Lysbeth) (Entered: 11/12/2015) |
| 11/12/2015 | 5 | MOTION for Leave to Appear Pro Hac Vice *Motion for Admission Pro Hac Vice of Paula Colbath* Filing fee $ 50, receipt number 1087-2182354 by Universitas Education LLC. (Attachments: # 1 Attachment Request for Admission Pro Hac Vice)(George, Lysbeth) (Entered: 11/12/2015) |
| 11/12/2015 | 6 | MOTION for Hearing *Motion for Order Requiring Judgement Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property* by Universitas Education LLC. (George, Lysbeth) (Entered: 11/12/2015) |
| 11/16/2015 | 7 | ORDER granting 5 Paula Colbath, Esq., leave to appear pro hac vice as counsel for plaintiff. Signed by Honorable Joe Heaton on 11/16/2015. (lam) (Entered: 11/16/2015) |
| 11/23/2015 | 8 | ORDER REFERRING MOTION all post-judgment collection matters to Magistrate Judge Suzanne Mitchell for further proceedings and determination. Signed by Honorable Joe Heaton on 11/23/2015. (lam) (Entered: 11/23/2015) |
| 11/23/2015 | 9 | RETURN OF SERVICE - NON SUMMONS Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property [Dkt. 6], and Clerk's Certification of a Judgment to Be Registered in Another District, Judgment and Order [Dkt. 1] by Universitas Education LLC (George, Lysbeth) (Entered: 11/23/2015) |
| 12/03/2015 | 10 | WRIT of General Execution issued as to SDM Holdings, LLC (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 11 | WRIT of General Execution issued as to Asset Servicing Group, LLC (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 12 | Post-Judgment General Garnishment Summons Issued Electronically as to Asset Servicing Group, LLC. (sm) (Entered: 12/03/2015) |
| 12/03/2015 | 13 | Post-Judgment General Garnishment Summons Issued Electronically as to SDM Holdings, LLC (sm) (Entered: 12/03/2015) |

**Exhibit 1 Page 5 of 55**

| 12/03/2015 | 14 | ORDER granting 6 Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property. Hearing set before Magistrate Judge Suzanne Mitchell of the USDC/WDOK on 1/7/16 @ 10:00 a.m. Signed by Magistrate Judge Suzanne Mitchell on 12/03/2015. (sm) (Entered: 12/03/2015) |
| --- | --- | --- |
| 12/03/2015 | | Set/Reset Hearings: Judgment Debtor Exam set for 1/7/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 12/03/2015) |
| 12/04/2015 | 15 | ENTER ORDER re 14 Order to appear and answer as to assets. The judgment debtor exam currently scheduled is reset for 1/27/2016 at 10:00 a.m. Entered at the direction of Magistrate Judge Suzanne Mitchell on 12/04/15. (sm) (Main Document 15 replaced on 12/4/2015) (sm). (Entered: 12/04/2015) |
| 12/04/2015 | | Set/Reset Hearings: Judgment Debtor Exam reset for 1/27/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 12/04/2015) |
| 12/10/2015 | 16 | WRIT of General Execution 10 Returned Unexecuted as to SDM Holdings. (sm) (Entered: 12/10/2015) |
| 12/10/2015 | 17 | WRIT of General Execution 11 Returned Unexecuted as to Asset Servicing Group, LLC. (sm) (Entered: 12/10/2015) |
| 12/15/2015 | 18 | CERTIFICATE *OF MAILING*. (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 19 | CERTIFICATE *OF MAILING*. (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 20 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 21 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 22 | RETURN OF SERVICE - NON SUMMONS Order for Avon Capital, LLC to Appear and Answer as to Assets (Dkt. 14), Amended Order Resetting Hearing on Assets for Avon Capital, LLC (Dkt. 15), Writ of General Execution to Asset Servicing Group, LLC (Dkt. 11), and Post-Judgment General Garnishment Summons to Asset Servicing Group, LLC (Dkt. 12) by Universitas Education LLC (Attachments: # 1 Exhibit A - Return of Service) (George, Lysbeth) (Entered: 12/15/2015) |
| 12/15/2015 | 23 | RETURN OF SERVICE - NON SUMMONS Order for Avon Capital, LLC to Appear and Answer as to Assets (Dkt. 14), Amended Order resetting Hearing on Assets for Avon Capital, LLC (Dkt. 15), Writ of General Execution to SDM Holdings, LLC (Dkt. 10), and Post-Judgment General Garnishment Summons to SDM Holdings, LLC (Dkt. 13) by Universitas Education LLC (Attachments: # 1 Exhibit A - Return of Service)(George, Lysbeth) (Entered: 12/15/2015) |

**Exhibit 1 Page 6 of 55**

| 12/17/2015 | 24 | ANSWER to Writ of Garnishment re 12 Summons Issued by Asset Servicing Group, LLC. (Attachments: # 1 Exhibit A-Garnishee's Answer/Affidavit)(Ketter, Clayton) (Entered: 12/17/2015) |
|---|---|---|
| 12/18/2015 | 25 | OBJECTIONS *TO SUBPOENA* filed by Asset Servicing Group, LLC. (Attachments: # 1 Exhibit 1)(Ketter, Clayton) (Entered: 12/18/2015) |
| 12/28/2015 | 26 | RETURN OF SERVICE - NON SUMMONS Writ and Garnishment Documents Directed to Asset Servicing Group, LLC (Dkts. 11, 12), Writ and Garnishment Documents Directed to SDM Holdings, LLC (Dkts. 10, 13), Order for Avon Capital, LLC to Appear and Answer as to Assets and Injunction Forbidding Transfer (Dkt. 14), Amended Order Resetting HOA for January 27, 2016 (Dkt. 15), Subpoenas to Appear at Hearing on Assts and to Produce and Permit Inspection and Copying of Documents to Asset Servicing Group, LLC and SDM Holdings, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 12/28/2015) |
| 01/05/2016 | 27 | ENTRY of Appearance by Paula K Colbath on behalf of Universitas Education LLC (Colbath, Paula) (Entered: 01/05/2016) |
| 01/25/2016 | 28 | UNOPPOSED MOTION to Continue *Judgment Debtor Examination* by Universitas Education LLC. (George, Lysbeth) (Entered: 01/25/2016) |
| 01/25/2016 | 29 | ORDER granting 28 Defendant's Unopposed Motion to Continue Judgment Examination. The Judgment Debtor Exam scheduled in this matter for January 27, 2016, is hereby stricken and the Court hereby re-sets same for March 24, 2016 at 10:00 a.m. Signed by Magistrate Judge Suzanne Mitchell on 1/25/16. (sm) (Entered: 01/25/2016) |
| 01/25/2016 | | Set/Reset Hearings: Judgment Debtor Exam set for 3/24/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 01/25/2016) |
| 02/08/2016 | 30 | AFFIDAVIT of Service for Amended Subpoena served on Asset Servicing Group LLC on 1/27/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) Modified on 2/8/2016 to correct party served (cla). (Entered: 02/08/2016) |
| 02/08/2016 | 31 | OBJECTIONS *to Amended Subpoena* filed by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1-Amended Subpoena)(Ketter, Clayton) (Entered: 02/08/2016) |
| 02/08/2016 | 32 | AFFIDAVIT of Service for Amended Subpoena served on SDM Holdings, LLC on 1/27/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 02/08/2016) |
| 03/17/2016 | 33 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 34 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 35 | RETURN OF SERVICE - NON SUMMONS Avon Capital, LLC by Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/17/2016 | 36 | MOTION for Protective Order by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1-proposed agreed protective order)(Ketter, Clayton) (Entered: 03/17/2016) |
| 03/17/2016 | 37 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC (George, Lysbeth) (Entered: 03/17/2016) |
| 03/18/2016 | 38 | AGREED PROTECTIVE ORDER granting 36 Motion for Protective Order. Signed by Magistrate Judge Suzanne Mitchell on 3/18/2016. (brs) (Entered: 03/18/2016) |

| 03/24/2016 | 39 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 3/24/2016. Plaintiff appears. Judgment Debtor Avon Capital, LLC appears not. (sm) (Entered: 03/24/2016) |
|---|---|---|
| 03/31/2016 | 40 | MOTION for Contempt by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Amended Subpoena to SDM Holdings)(George, Lysbeth) (Entered: 03/31/2016) |
| 04/07/2016 | 41 | THIS ORDER IS STRICKEN. SEE AMENDED ORDER 42 . Order for Judgment Debtor to appear and show cause. Signed by Magistrate Judge Suzanne Mitchell on 04/07/16. (sm) (Entered: 04/07/2016) |
| 04/07/2016 | 42 | AMENDED ORDER FOR AVON CAPITAL, LLC AND SDM HOLDINGS, LLC TO APEAR AND TO SHOW CAUSE. Show Cause Hearing set for 4/18/2016 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 04/07/16. (sm) (Entered: 04/07/2016) |
| 04/08/2016 | 43 | ENTRY of Appearance by Melvin R McVay, Jr on behalf of Asset Servicing Group LLC (McVay, Melvin) (Entered: 04/08/2016) |
| 04/12/2016 | 44 | RETURN OF SERVICE - NON SUMMONS Motion for Contempt by Universitas Education LLC (George, Lysbeth) (Entered: 04/12/2016) |
| 04/12/2016 | 45 | RETURN OF SERVICE - NON SUMMONS Motion for Contempt by Universitas Education LLC (George, Lysbeth) (Entered: 04/12/2016) |
| 04/14/2016 | 46 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/11/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 47 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/11/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 48 | AFFIDAVIT of Service for Order to Appear and Show Cause served on Avon Capital, LLC on 04/08/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 49 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *by Certified Mail* (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 50 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 51 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 52 | AFFIDAVIT of Service for Motion for Contempt served on Avon Capital, LLC on 04/04/2016, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 04/14/2016) |
| 04/14/2016 | 53 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *on SDM Holdings, LLC* (George, Lysbeth) (Entered: 04/14/2016) |
| 04/15/2016 | 54 | ENTRY of Appearance by Alan L Rupe on behalf of Avon Capital LLC a Wyoming limited liability company (Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 55 | CERTIFICATE OF SERVICE by Petitioner Universitas Education LLC re 42 Order to Show Cause, *to Avon Capital, LLC via Certified Mail* (George, Lysbeth) (Entered: |

**Exhibit 1    Page 8 of 55**

| | | 04/15/2016) |
|---|---|---|
| 04/15/2016 | 56 | MOTION to Intervene *and Brief in Support* by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit A: Proposed Motion for Injunctive Relief) (Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 57 | APPENDIX re 56 MOTION to Intervene *and Brief in Support* by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit 1: New York Action ECF 310-4, Pages 23-27, # 2 Exhibit 2: Avon Capital, LLC, a Connecticut limited liability company's Secretary of State filing, # 3 Exhibit 3: April 15, 2016 Declaration of Donald Trudeau, # 4 Exhibit 3-1: December 30, 2009 assignments of SDM Holding, LLCs membership interests to Avon Capital-WY, # 5 Exhibit 3-2: Restraining Notice dated March 17, 2016 served by Universitas Education, LLC, # 6 Exhibit 4: Avon Capital, LLC, a Wyoming limited liability companys Secretary of State filing, # 7 Exhibit 5: New York Action ECF 310-4, Pages 4-13, # 8 Exhibit 6: New York Action ECF 310-4, Page 2, # 9 Exhibit 7: New York Action ECF 310-4, Page 21, # 10 Exhibit 8: New York Action ECF 118-1, Pages 2-15, # 11 Exhibit 9: April 1, 2016 Affidavit of Alan L. Rupe, # 12 Exhibit 9-1: January 20, 2016 email and attachment, # 13 Exhibit 9-2: March 23, 2016 email and attachments)(Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 58 | DISCLOSURE STATEMENT - LLC by Avon Capital LLC a Wyoming limited liability company . (Rupe, Alan) (Entered: 04/15/2016) |
| 04/15/2016 | 59 | ENTRY of Appearance by Gerald P Green on behalf of Avon Capital LLC a Wyoming limited liability company (Green, Gerald) (Entered: 04/15/2016) |
| 04/15/2016 | 60 | MOTION for Leave to Appear Pro Hac Vice *of Angela Probasco* Filing fee $ 50, receipt number 1087-2269764 by Avon Capital LLC a Wyoming limited liability company. (Attachments: # 1 Exhibit 1 Request for Admission Pro Hac Vice)(Green, Gerald) (Entered: 04/15/2016) |
| 04/15/2016 | 61 | ORDER striking show cause hearing set for Monday, 4/18/16. Pursuant to Local Rule 7.1(g), Plaintiff, Universitas Education, LLC has 21 days to file its response to 56 Avon Capital's Motion to Intervene. Signed by Magistrate Judge Suzanne Mitchell on 04/15/16. (sm) (Entered: 04/15/2016) |
| 04/15/2016 | | Show cause hearing set for 4/18/16 is stricken to be reset at later date. (sm) (Entered: 04/15/2016) |
| 04/18/2016 | 62 | ORDER granting 60 Motion to Appear Pro Hac Vice of Angela Probasco. Signed by Magistrate Judge Suzanne Mitchell on 04/18/2016. (sm) (Entered: 04/18/2016) |
| 04/19/2016 | 63 | ENTRY of Appearance by Angela Probasco on behalf of Avon Capital LLC (Probasco, Angela) (Entered: 04/19/2016) |
| 05/03/2016 | 64 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 05/03/2016) |
| 05/03/2016 | 65 | ORDER granting 64 Plaintiff's Motion for Extension of Time to file response. Plaintiff's response is due on or before 6/6/16. Signed by Magistrate Judge Suzanne Mitchell on 05/03/16. (sm) (Entered: 05/03/2016) |
| 06/03/2016 | 66 | SECOND MOTION for Extension of Time to File Response/Reply as to 56 MOTION to Intervene *and Brief in Support* by Universitas Education LLC. (George, Lysbeth) (Entered: 06/03/2016) |
| 06/07/2016 | 67 | ORDER granting 66 Plaintiff's second unopposed motion for extension of time to respond to 56 Motion to Intervene. Plaintiff response is due by 7/29/2016. Signed by Magistrate Judge Suzanne Mitchell on 6/7/16. (sm) (Entered: 06/07/2016) |

**Exhibit 1   Page 9 of 55**

| 07/26/2016 | 68 | THIRD MOTION for Extension of Time to File Response/Reply as to 56 MOTION to Intervene *and Brief in Support* by Universitas Education LLC. (George, Lysbeth) (Entered: 07/26/2016) |
|---|---|---|
| 07/27/2016 | 69 | ORDER granting 68 Plaintiff's third unopposed Motion for Extension of Time to File Response to 56 MOTION to Intervene. Responses due by 9/27/2016. Signed by Magistrate Judge Suzanne Mitchell on 07/27/16. (sm) (Entered: 07/27/2016) |
| 09/26/2016 | 70 | RESPONSE in Opposition re 56 MOTION to Intervene *and Brief in Support* filed by Universitas Education LLC. (George, Lysbeth) (Entered: 09/26/2016) |
| 09/29/2016 | 71 | ORDER granting 56 Respondent Avon Capital's unopposed motion for leave to intervene. The court orders Avon Capital to file a motion for injunctive relief by 10/6/16. Signed by Magistrate Judge Suzanne Mitchell on 09/29/16. (sm) (Entered: 09/29/2016) |
| 09/29/2016 | 72 | ENTER ORDER -- A status conference is scheduled before United States Magistrate Judge Suzanne Mitchell on October 18, 2016, at 10:00 a.m., William J. Holloway, Jr. Courthouse, 200 N.W. 4th Street, Room 1301, Oklahoma City, Oklahoma 73102. See also Local Rule 16.1(b)(4). Entered by direction of Magistrate Judge Suzanne Mitchell on 09/29/2016. (sm) (Entered: 09/29/2016) |
| 09/29/2016 | | Set/Reset Hearings: Status Conference set for 10/18/2016 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. (sm) (Entered: 09/29/2016) |
| 10/06/2016 | 73 | MOTION for Permanent Injunction *and Brief in Support* by Avon Capital LLC. (Rupe, Alan) (Entered: 10/06/2016) |
| 10/18/2016 | 74 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Status Conference held on 10/18/2016. (sm) (Entered: 10/18/2016) |
| 10/26/2016 | 75 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 10/26/2016) |
| 10/27/2016 | 76 | ORDER granting 75 Plaintiff's unopposed motion for extension of time to respond to Avon Capital's Motion for Permanent Injunction. Plaintiff's response is due on or before 11/10/16. Signed by Magistrate Judge Suzanne Mitchell on 10/27/16. (sm) (Entered: 10/27/2016) |
| 11/10/2016 | 77 | MEMORANDUM in Opposition re 73 MOTION for Permanent Injunction *and Brief in Support* filed by Universitas Education LLC. (Attachments: # 1 Attachment Declaration of Paula K. Colbath, # 2 Exhibit A - Bank Statements, # 3 Exhibit B - Deposition Excerpts, # 4 Exhibit C - Declaration of Donald Trudeau, # 5 Exhibit D - Stipulation, # 6 Exhibit E - Deposition Excerpts, # 7 Exhibit F - Wyoming Secretary of State Records, # 8 Exhibit G - Connecticut Secretary of State Records, # 9 Exhibit H - Amended Answer of Avon Capital, LLC, # 10 Exhibit I - Judgment, # 11 Exhibit J - Oklahoma Statute, # 12 Exhibit K - OBA Article)(George, Lysbeth) (Entered: 11/10/2016) |
| 11/14/2016 | 78 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 77 Memorandum in Opposition,, by Avon Capital LLC. (Green, Gerald) (Entered: 11/14/2016) |
| 11/15/2016 | 79 | ORDER granting 78 Motion for Extension of Time to File Reply re 77 Memorandum in Opposition. Defendant's reply is due on or before December 9, 2016. Signed by Magistrate Judge Suzanne Mitchell on 11/15/2016. (jb) (Entered: 11/15/2016) |
| 12/08/2016 | 80 | UNOPPOSED MOTION for Extension of Time to File Response/Reply by Intervenor Avon Capital, LLC, Wyoming as to 77 Memorandum in Opposition,, by Universitas Education LLC. (Green, Gerald) Modified on 1/10/2017 (lb). (Entered: 12/08/2016) |

**Exhibit 1   Page 10 of 55**

| | | |
|---|---|---|
| 12/08/2016 | 81 | ORDER granting 80 Intervenor Avon Capital, LLC's Motion for Extension of Time to File Response/Reply re 73 MOTION for Permanent Injunction *and Brief in Support*. Intervenor's reply due on or before 1/2/2017. Signed by Magistrate Judge Suzanne Mitchell on 12/8/16. (lb) (Entered: 12/08/2016) |
| 01/03/2017 | 82 | RESPONSE in Support re 73 MOTION for Permanent Injunction *and Brief in Support* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 01/03/2017) |
| 01/03/2017 | 83 | APPENDIX re 82 Response in Support of Motion *for Permanent Injunction* by Avon Capital LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Rupe, Alan) (Entered: 01/03/2017) |
| 03/02/2017 | 84 | REPORT AND RECOMMENDATION re 73 MOTION for Permanent Injunction and Brief in Support filed by Avon Capital LLC. The undersigned recommends the dismissal of Intervenor's claim for permanent injunctive relief, Doc. 73, as moot. Objections to R&R due by 3/22/2017. This Report and Recommendation does not terminate the referral in this matter. Signed by Magistrate Judge Suzanne Mitchell on 3/2/17. (lb) (Entered: 03/02/2017) |
| 03/22/2017 | 85 | OBJECTION TO REPORT AND RECOMMENDATION 84 filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/22/2017) |
| 04/04/2017 | 86 | UNOPPOSED MOTION for Extension of Time by Universitas Education LLC. (George, Lysbeth) (Entered: 04/04/2017) |
| 04/06/2017 | 87 | ORDER granting 86 plaintiff's unopposed motion for extension of deadline...plaintiff shall file its objections to the Report and Recommendation 85 not later than 04/19/2017. Signed by Honorable Joe Heaton on 04/06/2017. (lam) (Entered: 04/06/2017) |
| 04/17/2017 | 88 | SECOND MOTION for Extension of Time *Second Unopposed Motion for Extension of Time* by Universitas Education LLC. (George, Lysbeth) (Entered: 04/17/2017) |
| 04/18/2017 | 89 | ORDER granting 88 plaintiff's second unopposed motion for extension of deadline...plaintiff shall file its response not later than 04/26/2017. Signed by Honorable Joe Heaton on 04/18/2017. (lam) (Entered: 04/18/2017) |
| 04/26/2017 | 90 | RESPONSE re 85 Objection to Report and Recommendation *Universitas Education, LLC's Response to Avon Capital, LLC's Objections to Report and Recommendation* filed by Universitas Education LLC. (Attachments: # 1 Attachment - Declaration of Paula K. Colbath, Esq., # 2 Exhibit A to Declaration of Declaration of Paula K. Colbath, Esq.) (George, Lysbeth) (Entered: 04/26/2017) |
| 05/11/2017 | 91 | NOTICE of Change of Address by Alan L Rupe (Rupe, Alan) (Entered: 05/11/2017) |
| 09/13/2017 | 92 | ORDER declining to adopt the Report and Recommendation 84 of Magistrate Judge Suzanne Mitchell...the court denies the motion for permanent injunction 73 ; this case remains assigned to Judge Mitchell for a recommendation as to the contempt issue and for further appropriate post-judgment collection proceedings. Signed by Honorable Joe Heaton on 9/13/2017. (cla) (Entered: 09/13/2017) |
| 10/18/2017 | 93 | MOTION to Withdraw as Attorney by Avon Capital LLC. (Probasco, Angela) (Entered: 10/18/2017) |
| 10/19/2017 | 94 | ORDER granting 93 Motion to Withdraw as Attorney. Attorney Angela Probasco terminated. Signed by Magistrate Judge Suzanne Mitchell on 10/19/17. (lb) (Entered: 10/19/2017) |
| 10/30/2017 | 95 | ORDER. The undersigned orders the parties to file a joint status report no later than Monday, November 13, 2017, addressing both the contempt issue and the status of post- |

**Exhibit 1   Page 11 of 55**

| | | |
|---|---|---|
| | | judgment collection proceedings in this matter. Signed by Magistrate Judge Suzanne Mitchell on 10/30/17. (lb) (Entered: 10/30/2017) |
| 11/13/2017 | 96 | JOINT STATUS REPORT by Intervenor Avon Capital LLC, Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 11/13/2017) |
| 01/09/2018 | 97 | ORDER. The undersigned orders the parties to file a joint status report no later than Tuesday, January 23, 2018, addressing both the contempt issue and the status of post-judgment collection proceedings in this matter. Signed by Magistrate Judge Suzanne Mitchell on 1/9/18. (lb) (Entered: 01/09/2018) |
| 01/22/2018 | 98 | MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* by Universitas Education LLC. (George, Lysbeth) (Entered: 01/22/2018) |
| 01/23/2018 | 99 | JOINT STATUS REPORT by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 01/23/2018) |
| 01/31/2018 | 100 | AFFIDAVIT of Service for Plaintiffs' Renewed Motion for Contempt and to Compel SDM Holdings, LLC to Comply with this Courts Order and Related Amended Subpoena [Dkt 98], Plaintiffs' Motion for Contempt and to Compel Judgment Debtor, Avon Capital, LLC and SDM Holdings, LLC to Comply with this Courts Order and Related Amended Subpoena [Dkt 40] served on SDM Holdings, LLC on January 23, 2018, filed by Petitioner Universitas Education LLC. (George, Lysbeth) (Entered: 01/31/2018) |
| 02/09/2018 | 101 | ENTRY of Appearance by John D Stiner on behalf of SDM Holdings LLC (Stiner, John) (Entered: 02/09/2018) |
| 02/09/2018 | 102 | MOTION for Extension of Time to File Response/Reply as to 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* by SDM Holdings LLC. (Stiner, John) (Entered: 02/09/2018) |
| 02/09/2018 | 103 | ORDER granting 102 Motion for Extension of Time to File Response/Reply re 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order*. SDM Holdings, LLC's response due 2/23/2018. Signed by Magistrate Judge Suzanne Mitchell on 2/9/18. (lb) (Entered: 02/09/2018) |
| 02/09/2018 | 104 | ENTRY of Appearance by Joseph H Bocock on behalf of SDM Holdings LLC (Bocock, Joseph) (Entered: 02/09/2018) |
| 02/23/2018 | 105 | RESPONSE in Opposition re 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Certificate)(Stiner, John) (Entered: 02/23/2018) |
| 03/02/2018 | 106 | UNOPPOSED MOTION for Extension of Time to File Response/Reply as to 105 Response in Opposition to Motion by Universitas Education LLC. (George, Lysbeth) (Entered: 03/02/2018) |
| 03/02/2018 | 107 | ORDER granting 106 Motion for Extension of Time to File Response/Reply. Plaintiff's reply due on or before 3/16/2018. Signed by Magistrate Judge Suzanne Mitchell on 3/2/18. (lb) (Entered: 03/02/2018) |
| 03/14/2018 | 108 | UNOPPOSED MOTION to Continue *Proceedings on Motion for Contempt* by Universitas Education LLC. (George, Lysbeth) (Entered: 03/14/2018) |
| 03/15/2018 | 109 | ORDER granting 108 Agreed Motion to Stay Proceedings on Motion for Contempt. The court orders that the proceedings related to Plaintiff's Renewed Motion for Contempt are stayed for a period of thirty (30) days, until April 15, 2018. Signed by Magistrate Judge Suzanne Mitchell on 3/15/18. (lb) (Entered: 03/15/2018) |

**Exhibit 1   Page 12 of 55**

| | | |
|---|---|---|
| 04/12/2018 | 110 | MOTION to Continue *Stay of Proceedings on Motion for Contempt* by Universitas Education LLC. (George, Lysbeth) (Entered: 04/12/2018) |
| 04/16/2018 | 111 | ORDER granting 110 Motion to Continue Stay of Proceedings on Motion for Contempt, for a period of 14 days, through 4/30/18. Signed by Magistrate Judge Suzanne Mitchell on 4/16/18. (lb) (Entered: 04/16/2018) |
| 04/30/2018 | 112 | REPLY by Petitioner Universitas Education LLC re 105 Response in Opposition to Motion filed by Universitas Education LLC. (George, Lysbeth) (Entered: 04/30/2018) |
| 05/02/2018 | 113 | MOTION for Leave *to file Surreply* by SDM Holdings LLC. (Attachments: # 1 Exhibit March 12, 2018 Letter, # 2 Exhibit April 23, 2018 E-mail, # 3 Exhibit April 23, 2018 E-mail, # 4 Exhibit April 23, 2018 E-mail, # 5 Exhibit April 23, 2018 E-mail, # 6 Exhibit April 26, 2018 Letter, # 7 Exhibit May 1, 2018 Letter)(Stiner, John) (Entered: 05/02/2018) |
| 05/03/2018 | 114 | ORDER granting 113 Respondent's Motion for Leave to file surreply. Signed by Magistrate Judge Suzanne Mitchell on 5/3/18. (lb) (Entered: 05/03/2018) |
| 05/03/2018 | 115 | SURREPLY re 112 Reply filed by SDM Holdings LLC. (Attachments: # 1 Exhibit March 12, 2018 Letter, # 2 Exhibit April 26, 2018 Letter, # 3 Exhibit May 1, 2018 Letter, # 4 Exhibit Resignation, # 5 Exhibit Appointment)(Stiner, John) (Entered: 05/03/2018) |
| 05/11/2018 | 116 | STATUS REPORT *Regarding Universitas's Receipt of Settlement Funds* by Intervenor Avon Capital LLC. (Rupe, Alan) (Entered: 05/11/2018) |
| 05/14/2018 | 117 | ORDER. Show Cause Hearing set for 6/18/2018 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/14/18. (lb) (Entered: 05/14/2018) |
| 05/14/2018 | 118 | RESPONSE re 116 Status Report *Plaintiff's Notice of Response Letter to Intervenor's Status Report Regarding Universitas's Receipt of Settlement Funds* filed by Universitas Education LLC. (Attachments: # 1 Attachment Response Letter to Intervenor's Status Report)(George, Lysbeth) (Entered: 05/14/2018) |
| 06/12/2018 | 119 | UNOPPOSED MOTION to Continue *Show Cause Hearing* by Universitas Education LLC. (George, Lysbeth) (Entered: 06/12/2018) |
| 06/13/2018 | 120 | ORDER granting 119 Motion to Continue. SDM Holdings, LLC to appear before United States Magistrate Judge Suzanne Mitchell, at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom #102 at 10:00 a.m. on the 20th day of August, 2018. Signed by Magistrate Judge Suzanne Mitchell on 06/13/2018. (jb) (Entered: 06/13/2018) |
| 06/13/2018 | | Set/Reset Hearings: Show Cause Hearing continued to 8/20/2018 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (jb) (Entered: 06/13/2018) |
| 06/14/2018 | 121 | MOTION to Continue *Hearing* by SDM Holdings LLC. (Attachments: # 1 Exhibit Order)(Stiner, John) (Entered: 06/14/2018) |
| 06/15/2018 | 122 | ORDER granting 121 Motion to Continue Show Cause Hearing Date. SDM Holdings, LLC to appear before United States Magistrate Judge Suzanne Mitchell, at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom #102 at 1:30 p.m. on the 20th day of September, 2018. Signed by Magistrate Judge Suzanne Mitchell on 06/15/2018. (jb) (Entered: 06/15/2018) |
| 06/15/2018 | | Set/Reset Hearings: Show Cause Hearing reset to 9/20/2018 01:30 PM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (jb) (Entered: 06/15/2018) |

| | | |
|---|---|---|
| 06/26/2018 | 123 | MOTION to Withdraw as Attorney by Universitas Education LLC. (Colbath, Paula) (Entered: 06/26/2018) |
| 06/28/2018 | 124 | ORDER granting 123 Motion to Withdraw as Attorney. Attorney Paula K Colbath terminated. Signed by Magistrate Judge Suzanne Mitchell on 6/28/18. (lb) (Entered: 06/28/2018) |
| 09/18/2018 | 125 | MOTION to Continue *Show Cause Hearing*, MOTION to Withdraw as Attorney by Universitas Education LLC. (George, Lysbeth) (Entered: 09/18/2018) |
| 09/18/2018 | 126 | ORDER granting 125 Motion to Continue in part; striking the hearing of Show Cause ; granting 125 Motion to Withdraw as Attorney. Attorney Lysbeth L George and Judy Hamilton Morse terminated. Signed by Magistrate Judge Suzanne Mitchell on 9/18/2018. (cps) (Entered: 09/18/2018) |
| 09/18/2018 | | Show Cause Hearing scheduled for September 20, 2018 has been stricken. (cps) (Entered: 09/18/2018) |
| 11/01/2018 | 127 | REPORT AND RECOMMENDATION. The undersigned recommends the Court dismiss this action without prejudice. Adoption of this recommendation would moot Petitioner's pending motions re 40 MOTION for Contempt filed by Universitas Education LLC, 98 MOTION for Contempt *and to Compel SDM Holdings, LLC to Comply with this Court's Order* filed by Universitas Education LLC. Objections to R&R due by 11/23/2018. This report and recommendation terminates the referral in the present case. Signed by Magistrate Judge Suzanne Mitchell on 11/1/18. (lb) (Entered: 11/01/2018) |
| 11/20/2018 | 128 | OBJECTION TO REPORT AND RECOMMENDATION 127 filed by SDM Holdings LLC. (Stiner, John) (Entered: 11/20/2018) |
| 11/26/2018 | 129 | ENTRY of Appearance by Joshua C Greenhaw on behalf of Universitas Education LLC (Greenhaw, Joshua) (Entered: 11/26/2018) |
| 11/26/2018 | 130 | MOTION for Extension of Time by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 11/26/2018) |
| 11/27/2018 | 131 | ORDER granting 130 petitioner Universitas Education, LLC's motion for extension of deadline...petitioner shall file its reply to the report and recommendations not later than 11/30/2018. Signed by Honorable Joe Heaton on 11/27/2018. (lam) (Entered: 11/27/2018) |
| 11/30/2018 | 132 | OBJECTION TO REPORT AND RECOMMENDATION 127 filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 11/30/2018) |
| 12/10/2018 | 133 | RESPONSE re 132 Objection to Report and Recommendation filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Judgment, # 2 Exhibit Arbitration Award, # 3 Exhibit Notice of Removal, # 4 Exhibit Order Confirming Award, # 5 Exhibit NY Statute, # 6 Exhibit Turnover Motion, # 7 Exhibit Barnett Declaration, # 8 Exhibit Exhibit 36 to Barnett Dec., # 9 Exhibit Turnover Opinion, # 10 Exhibit Order on Injunction Motion, # 11 Exhibit Motion to Intervene, # 12 Exhibit Memo in Opposition, # 13 Exhibit Colbath Motion, # 14 Exhibit George Motion, # 15 Exhibit Nov. 23, 2018 Letter, # 16 Exhibit Oct. 19, 2018 Letter, # 17 Exhibit Complaint)(Stiner, John) (Entered: 12/10/2018) |
| 12/14/2018 | 134 | ORDER ADOPTING REPORT AND RECOMMENDATION 127 of Magistrate Judge Suzanne Mitchell to this extent: as a sanction, petitioner's motions for a finding of contempt 40 and 98 are denied; further, petitioners will be required to pay respondent SDM Holdings, LLC's reasonable attorneys fees incurred in connection with its objection to the Report 128 ; the parties are directed to confer and attempt to reach agreement as to the amount of fees; absent agreement, SDM Holdings, LLC shall file a motion to determine the amount within 30 days; petitioner shall pay the fees within 21 days after the |

Exhibit 1    Page 14 of 55

| | | amount is determined; absent payment, this case will be subject to dismissal; this matter is re-referred to Judge Mitchell for further proceedings. Signed by Honorable Joe Heaton on 12/14/2018. (cla) (Entered: 12/14/2018) |
|---|---|---|
| 12/14/2018 | 135 | NOTICE of Change of Address by John D Stiner (Stiner, John) (Entered: 12/14/2018) |
| 02/13/2019 | 136 | ORDER. The undersigned orders the parties to file a joint status report addressing the status of the amount and payment of the attorneys fees in question no later than February 20, 2019. Signed by Magistrate Judge Suzanne Mitchell on 2/13/19. (lb) (Entered: 02/13/2019) |
| 02/13/2019 | 137 | JOINT STATUS REPORT by Respondent SDM Holdings LLC, Petitioner Universitas Education LLC. (Stiner, John) (Entered: 02/13/2019) |
| 02/21/2019 | 138 | ENTER ORDER. Status Conference set for 3/7/2019 at 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. Entered by direction of Magistrate Judge Suzanne Mitchell on 2/21/19. (lb) (Entered: 02/21/2019) |
| 02/21/2019 | 139 | MOTION to Continue *Status Conference* by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Order in Case No. 17-767)(Stiner, John) (Entered: 02/21/2019) |
| 02/22/2019 | 140 | ORDER granting 139 MOTION to Continue *Status Conference* filed by SDM Holdings LLC. Status Conference continued to 4/11/2019 at 10:00 AM in Room 1301 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 2/22/19. (lb) (Entered: 02/22/2019) |
| 03/21/2019 | 141 | NOTICE (other) by SDM Holdings LLC *of Counsel's Summons for Jury Service* (Attachments: # 1 Exhibit Summons for Jury Service)(Stiner, John) (Entered: 03/21/2019) |
| 04/11/2019 | 142 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Status Conference held on 4/11/2019. (lb) (Entered: 04/11/2019) |
| 04/11/2019 | 143 | ENTER ORDER. Petitioner is ordered to file its motion no later than 4/25/19. Parties opposing the motion shall file a response within twenty-one days of the filing of the motion. Entered by direction of Magistrate Judge Suzanne Mitchell on 4/11/19. (lb) (Entered: 04/11/2019) |
| 04/25/2019 | 144 | MOTION for Discovery *(Post-Judgment)* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Greenhaw, Joshua) (Entered: 04/25/2019) |
| 04/25/2019 | 145 | MOTION for Discovery *(Post-Judgment) Brief in Support* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Appendix Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31)(Greenhaw, Joshua) (Entered: 04/25/2019) |
| 04/30/2019 | 146 | ENTER ORDER striking 145 Brief in Support of Motion for Discovery. Entered by direction of Magistrate Judge Suzanne Mitchell on 4/30/19. (lb) (Entered: 04/30/2019) |
| 04/30/2019 | 147 | BRIEF IN SUPPORT re 144 MOTION for Discovery *(Post-Judgment)* by Universitas Education LLC. (Attachments: # 1 Appendix Declaration of Benjamin Chernow, # 2 Exhibit Memo by Daniel Carpenter, # 3 Exhibit Stipulation In Re Grand Jury Investigation, # 4 Exhibit Declaration of Wayne Bursey, # 5 Exhibit Excerpted deposition transcript of Daniel Carpenter, # 6 Exhibit Articles of Organization for Avon Capital |

LLC-Wyoming, # 7 Exhibit 2008 Annual Report for Avon Capital LLC-Wyoming, # 8 Exhibit Wyoming Secretary of State records for Avon Capital LLC, # 9 Exhibit Application for Certificate of Reinstatement for Avon Capital LLC-Wyoming, # 10 Exhibit Excerpted deposition transcript of Donald Trudeau, # 11 Exhibit 2011 Annual Report for Avon Capital LLC-Wyoming, # 12 Exhibit Articles of Organization for Avon Capital LLC-Nevada, # 13 Exhibit Articles of Organization for Grist Mill Capital LLC-Connecticut, # 14 Exhibit Avon Capital LLC Banking Resolution with TD-Bank, # 15 Exhibit Various redacted banking records-TD-Bank account ending in 4689-Peoples United Bank account ending in 3286, # 16 Exhibit Various redacted banking records-TD-Bank account ending in 4689-Peoples United Bank account ending in 3286 Account summary the Peoples United Bank account ending in 3286-redacted, # 17 Exhibit Articles of Organization for Avon Capital LLC-Connecticut, # 18 Exhibit Connecticut Secretary of State records for Avon Capital LLC, # 19 Exhibit Affidavit of H. Thomas Moran, # 20 Exhibit Membership Purchase Agreement between SDM Holdings and Avon Capital, # 21 Exhibit Assignment of Membership interest between H Thomas Moran Jane Moran and Avon Capital LLC, # 22 Exhibit Various TD Bank statements from December 1 2009 to January 31 2010-redacted, # 23 Exhibit Email sent on behalf of SDM to Donald Trudeau and Andrew Terrell, # 24 Exhibit Letter sent by H Thomas Moran and Jane Moran to Donald Trudeau, # 25 Exhibit Various Peoples United Bank records from November 30 2010 to July 8 2011, # 26 Exhibit Monthly invoice from Asset Servicing Group LLC, # 27 Exhibit Monthly invoices from Asset Servicing Group LLC-various bank records from TD Bank and Peoples United Bank, # 28 Exhibit Deposition transcript of Daniel Carpenter, # 29 Exhibit Order in SDNY Case Nos-11 Civ 1590 and 11 Civ 8726, # 30 Exhibit Excerpted deposition transcript-Donald Trudeau, # 31 Exhibit 2009 Franchise Tax Report-Benistar Admin Services Inc, # 32 Exhibit Memo in D Conn Crim No 3-13CR226)(Greenhaw, Joshua) (Entered: 04/30/2019)

| 05/16/2019 | 148 | RESPONSE to Motion re 144 MOTION for Discovery *(Post-Judgment)* filed by SDM Holdings LLC. (Stiner, John) (Entered: 05/16/2019) |
| 05/16/2019 | 149 | MEMORANDUM in Opposition re 144 MOTION for Discovery *(Post-Judgment)*, 145 MOTION for Discovery *(Post-Judgment) Brief in Support* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/16/2019) |
| 05/31/2019 | 150 | ORDER granting 144 Petitioner's Motion for Post-Judgment Discovery. Signed by Magistrate Judge Suzanne Mitchell on 5/31/19. (lb) (Entered: 05/31/2019) |
| 06/14/2019 | 151 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Avon Capital LLC re 150 Order on Motion for Discovery (Rupe, Alan) (Entered: 06/14/2019) |
| 06/28/2019 | 152 | RESPONSE re 151 Appeal of Magistrate Judge Decision to District Court filed by Universitas Education LLC. (Greenhaw, Joshua) (Entered: 06/28/2019) |
| 07/02/2019 | 153 | MOTION for Leave to Appear Pro Hac Vice by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Ex 1 Request for Admission Pro Hac Vice)(Greenhaw, Joshua) (Entered: 07/02/2019) |
| 07/05/2019 | 154 | REPLY by Intervenor Avon Capital LLC re 151 Appeal of Magistrate Judge Decision to District Court filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/05/2019) |
| 07/09/2019 | 155 | Receipt for Money Received from Universitas Education LLC in the amount of $50.00, receipt number OKW500074947 regarding 153 MOTION for Leave to Appear Pro Hac Vice . (nv) (Entered: 07/09/2019) |
| 07/09/2019 | 156 | ORDER granting 153 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Suzanne Mitchell on 7/9/2019. (sr) (Entered: 07/09/2019) |

| 07/10/2019 | [157](#) | ENTRY of Appearance by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 07/10/2019) |
| 07/23/2019 | [158](#) | ORDER...Magistrate Judge Suzanne Mitchell's order [130](#) is AFFIRMED; Universitas may conduct up to 3 depositions in this matter, directed to the matters referenced in that order; the depositions shall take place within 4 months from the date of this (rather than the Magistrate Judge's) order. Signed by Honorable Joe Heaton on 07/23/2019. (lam) (Entered: 07/23/2019) |
| 09/13/2019 | [159](#) | NOTICE of Subpoena by Universitas Education LLC (Attachments: # [1](#) Exhibit Proposed Subpoena 1, # [2](#) Exhibit Proposed Subpoena 2, # [3](#) Exhibit Proposed Subpoena 3) (Manson, Joseph) (Entered: 09/13/2019) |
| 09/18/2019 | [160](#) | NOTICE of Subpoena by Universitas Education LLC (Attachments: # [1](#) Exhibit Proposed Subpoena 1)(Manson, Joseph) (Entered: 09/18/2019) |
| 09/24/2019 | [161](#) | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Andrew Terrell on 9/17/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 09/24/2019 | [162](#) | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Wells Fargo on 9/16/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 09/24/2019 | [163](#) | AFFIDAVIT of Service for Subpoena to Testify at Deposition served on Donald Trudeau on 9/18/2019, filed by Petitioner Universitas Education LLC. (Manson, Joseph) (Entered: 09/24/2019) |
| 10/02/2019 | [164](#) | MOTION for Extension of Time *to file Motion to Quash Subpoena and for Protective Order* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 10/02/2019) |
| 10/03/2019 | [165](#) | ORDER granting [164](#) Intervenor's Motion for Extension of Time to File a motion to quash subpoena and for protective order. Intervenor has until 10/7/19 to file its motion. Signed by Magistrate Judge Suzanne Mitchell on 10/3/19. (lb) (Entered: 10/03/2019) |
| 10/07/2019 | [166](#) | MOTION for Protective Order by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 10/07/2019) |
| 10/07/2019 | [167](#) | MEMORANDUM in Support re [166](#) MOTION for Protective Order filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/07/2019) |
| 10/08/2019 | [168](#) | ORDER regarding [166](#) Motion for Protective Order. Petitioner is ordered to file its response on or before 10/15/19. Signed by Magistrate Judge Suzanne Mitchell on 10/8/19. (lb) (Entered: 10/08/2019) |
| 10/14/2019 | [169](#) | MOTION for Leave to Appear Pro Hac Vice *of Nanette Turner Kalcik* Filing fee $ 50, receipt number 1087-3016110 by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Attachments: # [1](#) Exhibit Request for Admission)(Green, Gerald) (Entered: 10/14/2019) |
| 10/15/2019 | [170](#) | ORDER granting [169](#) Motion to Appear Pro Hac Vice. The Court hereby orders that Nanette Turner Kalcik is admitted pro hac vice for the limited purpose of representing the Intervenor in the above-captioned matter. Counsel is directed to become familiar with the Local Rules of this District and in particular LCvR83.2(g). Signed by Magistrate Judge Suzanne Mitchell on 10/15/19. (nv) (Entered: 10/15/2019) |
| 10/15/2019 | [171](#) | MEMORANDUM in Opposition *to Intervenor's Motion for Protective Order* filed by Universitas Education LLC. (Attachments: # [1](#) Attachment Declaration of Benjamin |

| | | |
|---|---|---|
| | | Chernow in Support, # [2] Exhibit 1 - Andrew Terrell Bio, # [3] Exhibit 2 - Trial Testimony, # [4] Exhibit 3 - Trudeau Affidavit, # [5] Exhibit 4, # [6] Exhibit 5, # [7] Exhibit 6 - Carpenter Deposition Excerpt, # [8] Exhibit 7 - Grist Mill Holdings, LLC Bank Records, # [9] Exhibit 8 - Avon Capital, LLC Bank Records, # [10] Exhibit 9 - Trudeau Deposition Excerpt, # [11] Exhibit 10 - Grist Mill Trust Change of Sponsor, # [12] Exhibit 11)(Manson, Joseph) (Entered: 10/15/2019) |
| 10/15/2019 | [172] | FIRST MOTION for Leave *to File Exhibits Under Seal* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Attachments: # [1] Attachment Proposed Order) (Manson, Joseph) (Entered: 10/15/2019) |
| 10/15/2019 | [173] | NOTICE of Conventional Filing by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 10/15/2019) |
| 10/16/2019 | [174] | ORDER granting [172] Petitioner's Motion for Leave to file exhibits under seal. Signed by Magistrate Judge Suzanne Mitchell on 10/16/19. (lb) (Entered: 10/16/2019) |
| 10/16/2019 | [175] | ORDER re [171] Memorandum in Opposition filed by Universitas Education LLC, [166] MOTION for Protective Order filed by Avon Capital LLC. If Intervenor wishes to file a Reply, it may do so today by 5:00 p.m. central time. Signed by Magistrate Judge Suzanne Mitchell on 10/16/19. (lb) (Entered: 10/16/2019) |
| 10/16/2019 | [176] | SEALED EXHIBIT by Petitioner Universitas Education LLC, Re: [171] Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [177] | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: [171] Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [178] | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: [171] Memorandum in Opposition. (nv) (Entered: 10/16/2019) |
| 10/16/2019 | [179] | REPLY by Intervenor Avon Capital LLC re [171] Memorandum in Opposition,, [166] MOTION for Protective Order , [167] Memorandum in Support filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/16/2019) |
| 10/17/2019 | [180] | ORDER denying [166] Motion for Protective Order. Signed by Magistrate Judge Suzanne Mitchell on 10/17/19. (lb) (Entered: 10/17/2019) |
| 01/07/2020 | [181] | MOTION for Order *Setting Status Conference* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Campbell, Timothy) (Entered: 01/07/2020) |
| 01/09/2020 | [182] | ORDER denying [181] Motion for Order Setting Status Conference. The parties are ordered to file a joint status report with the Court on or before 1/29/20. Signed by Magistrate Judge Suzanne Mitchell on 1/9/20. (lb) (Entered: 01/09/2020) |
| 01/29/2020 | [183] | JOINT STATUS REPORT by Petitioner Universitas Education LLC. (Campbell, Timothy) (Entered: 01/29/2020) |
| 02/10/2020 | [184] | MOTION to Seal Document and Directing the Filing of Redacted Document re: [38] Order on Motion for Protective Order by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Campbell, Timothy) (Entered: 02/10/2020) |
| 02/11/2020 | [185] | ORDER granting [184] Petitioner's Motion for Leave to File Under Seal. Signed by Magistrate Judge Suzanne Mitchell on 2/11/20. (lb) (Entered: 02/11/2020) |
| 02/11/2020 | [186] | MOTION for Summary Judgment by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | [187] | BRIEF IN SUPPORT *of Petitioner's Motion for Summary Judgment* by Universitas Education LLC. (Attachments: # [1] Appendix Declaration of Ben Chernow in Support, # [2] |

**Exhibit 1   Page 18 of 55**

| | | |
|---|---|---|
| | | Exhibit Trial Testimony, # 3 Exhibit Trudeau Deposition Excerpt, # 4 Exhibit Trudeau Declaration, # 5 Exhibit Excerpt of Avon-NV Taxes, # 6 Exhibit Trudeau Deposition Excerpt, # 7 Exhibit Trudeau Email to Daniel Carpenter, # 8 Exhibit Exhibit 7, # 9 Exhibit Avon Capital Commitment Letter, # 10 Exhibit Exhibit 9, # 11 Exhibit Avon-WY Corporate Disclosure Statement, # 12 Exhibit Letter from Jack E. Robinson, # 13 Exhibit Various Avon-NV Bank Records, # 14 Exhibit Avon Capital, LLC General Ledger, # 15 Exhibit Avon-NV Tax Payment, # 16 Exhibit Avon Capital, LLC Cash Disbursement Journal, # 17 Exhibit Avon-WY Letter Correspondence, # 18 Exhibit Exhibit 17, # 19 Exhibit Trudeau Deposition Excerpt, # 20 Exhibit Avon Capital Information Packet, # 21 Exhibit Trial Testimony, # 22 Exhibit Trial Testimony, # 23 Exhibit Exhibit 22, # 24 Exhibit Various Corporate Documents for Yates Worldwide)(Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | 188 | NOTICE of Conventional Filing by Joseph L Manson, III on behalf of Universitas Education LLC (Manson, Joseph) (Entered: 02/11/2020) |
| 02/11/2020 | 189 | ORDER. The court orders the parties to file any dispositive motions on or before 2/28/20. Signed by Magistrate Judge Suzanne Mitchell on 2/11/20. (lb) (Entered: 02/11/2020) |
| 02/11/2020 | 190 | CONVENTIONAL FILED EXHIBIT 7,9,17, and 22 of the Chernow Declaration dated February 10,2020 received by Clerk's Office.(ac) (Entered: 02/11/2020) |
| 02/28/2020 | 191 | MOTION to Quash *Garnishment Summons* by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Stiner, John) (Entered: 02/28/2020) |
| 02/28/2020 | 192 | MOTION for Partial Summary Judgment by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Attachments: # 1 Exhibit Garnishee Affidavit, # 2 Exhibit Delaware Sec. of State Doc.)(Stiner, John) (Entered: 02/28/2020) |
| 02/28/2020 | 193 | MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 02/28/2020) |
| 02/28/2020 | 194 | MOTION for Summary Judgment by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 02/28/2020) |
| 02/28/2020 | 195 | MEMORANDUM in Support re 194 MOTION for Summary Judgment filed by Avon Capital LLC. (Attachments: # 1 Exhibit 1 Avon Capital Articles of Organization filed with Nevada Secretary of State, # 2 Exhibit 2 Avon Capital's Articles of Organization filed with Connecticut Secretary of State, # 3 Exhibit 3 Declaration of Don Trudeau, # 4 Exhibit 4 Articles of Organization filed with Wyoming Secretary of State, # 5 Exhibit 5 Deposition of Don Trudeau, # 6 Attachment New York Judgment)(Rupe, Alan) (Entered: 02/28/2020) |
| 03/02/2020 | 196 | MOTION for Joinder, joining MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, by SDM Holdings LLC. Motions referred to Suzanne Mitchell. (Stiner, John) (Entered: 03/02/2020) |
| 03/03/2020 | 197 | RESPONSE in Opposition re 186 MOTION for Summary Judgment filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/03/2020) |
| 03/03/2020 | 198 | MOTION for Extension of Time to File Response/Reply as to 186 MOTION for Summary Judgment , 187 Brief,,,, by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 03/03/2020) |
| 03/03/2020 | 199 | MEMORANDUM in Opposition re 194 MOTION for Summary Judgment , 195 Memorandum in Support,, filed by Avon Capital LLC. (Rupe, Alan) STRICKEN by Order 203 on 3/10/2020 (lb). (Entered: 03/03/2020) |

| 03/04/2020 | 200 | ENTER ORDER denying as moot 198 Intervenor's Motion for Extension of Time to File Response/Reply. Entered by direction of Magistrate Judge Suzanne Mitchell on 3/4/20. (lb) (Entered: 03/04/2020) |
|---|---|---|
| 03/09/2020 | 201 | REPLY to Response to Motion re 186 MOTION for Summary Judgment filed by Universitas Education LLC. (Manson, Joseph) (Entered: 03/09/2020) |
| 03/09/2020 | 202 | MOTION to Strike 199 Memorandum in Opposition *to Summary Judgment* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 03/09/2020) |
| 03/10/2020 | 203 | ORDER granting 202 Petitioner's Motion to Strike 199 Intervenor's Memorandum in Opposition to Petitioner's Motion for Summary Judgment. The Court orders Intervenor to file a compliant brief by 3/12/20. Signed by Magistrate Judge Suzanne Mitchell on 3/10/20. (lb) (Entered: 03/10/2020) |
| 03/12/2020 | 204 | MEMORANDUM in Opposition re 186 MOTION for Summary Judgment , 187 Brief,,,, filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/12/2020) |
| 03/19/2020 | 205 | RESPONSE in Opposition re 194 MOTION for Summary Judgment filed by Universitas Education LLC. (Attachments: # 1 Appendix Supporting Declaration, # 2 Exhibit Carpenter Affidavit, # 3 Exhibit Search Warrant Inventory, # 4 Exhibit Westcott Deposition, # 5 Exhibit Westcott Email, # 6 Exhibit Screenshot of Simione Macca & Larrow Website, # 7 Exhibit Grist Mill Capital Taxes, # 8 Exhibit Avon Capital Taxes) (Manson, Joseph) (Entered: 03/19/2020) |
| 03/20/2020 | 206 | RESPONSE in Opposition re 192 MOTION for Partial Summary Judgment filed by Universitas Education LLC. (Attachments: # 1 Appendix Supporting Declaration, # 2 Exhibit Trudeau Declaration)(Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 207 | RESPONSE in Opposition re 191 MOTION to Quash *Garnishment Summons* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 208 | MOTION to Strike 191 MOTION to Quash *Garnishment Summons* by Universitas Education LLC. Motions referred to Suzanne Mitchell. (Manson, Joseph) (Entered: 03/20/2020) |
| 03/20/2020 | 209 | RESPONSE in Opposition re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Universitas Education LLC. (Attachments: # 1 Exhibit Unpublished Case)(Manson, Joseph) (Entered: 03/20/2020) |
| 03/26/2020 | 210 | RESPONSE to Motion re 208 MOTION to Strike 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 211 | REPLY to Response to Motion re 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 212 | REPLY to Response to Motion re 192 MOTION for Partial Summary Judgment filed by SDM Holdings LLC. (Stiner, John) (Entered: 03/26/2020) |
| 03/26/2020 | 213 | MOTION to Strike *Second Declaration of Benjamin Chernow* by Avon Capital LLC. Motions referred to Suzanne Mitchell. (Rupe, Alan) (Entered: 03/26/2020) |
| 03/26/2020 | 214 | REPLY to Response to Motion re 194 MOTION for Summary Judgment filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/26/2020) |
| 03/27/2020 | 215 | REPLY to Response to Motion re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/27/2020) |

| 04/06/2020 | 216 | RESPONSE in Opposition re 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 04/06/2020) |
|---|---|---|
| 04/13/2020 | 217 | REPLY to Response to Motion re 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/13/2020) |
| 10/20/2020 | 218 | REPORT AND RECOMMENDATION re 193 MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon Capital LLC, 196 MOTION for Joinder, joining MOTION to Strike *Declaration of Benjamin Chernow (Doc 187-1)* filed by Avon Capital LLC, filed by SDM Holdings LLC, 186 MOTION for Summary Judgment filed by Universitas Education LLC, 194 MOTION for Summary Judgment filed by Avon Capital LLC, 191 MOTION to Quash *Garnishment Summons* filed by SDM Holdings LLC, 192 MOTION for Partial Summary Judgment filed by SDM Holdings LLC, and 208 MOTION to Strike 191 MOTION to Quash *Garnishment Summons* filed by Universitas Education LLC. THE UNDERSIGNED RECOMMENDS the Court DENY Avon-WY's motions to strike, Docs. 193, 213; the Court GRANT SDM's motion to join Avon-WY's first motion to strike, Doc. 196; the Court GRANT Universitas's motion for summary judgment and find that Avon-WY and Avon-NV are alter egos of Avon-CT, the named judgment debtor, Doc. 186; the Court DENY Avon-WY's motion for summary judgment, Doc. 194; the Court DENY SDM's motion to quash, Doc. 191; the Court DENY SDM's motion for partial summary judgment, Doc. 192; the Court DENY Universitas's motion to strike SDM's motion to quash, Doc. 208; the Court ENJOIN Avon-WY from transferring, alienating, and/or concealing or encumbering its ownership of any interest in SDM; and the Court ENJOIN Avon-WY, Avon-CT, and Avon-NV from transferring, alienating, and/or concealing or encumbering any non-exempt property. OBJECTIONS to R&R due by 11/3/2020. This Report and Recommendation disposes of all issues referred to the Magistrate Judge. Signed by Magistrate Judge Suzanne Mitchell on 10/20/20. (lb) (Entered: 10/20/2020) |
| 10/21/2020 | 219 | MOTION for Leave to Appear Pro Hac Vice *of Jeffrey R. Sandberg* Filing fee $ 50, receipt number AOKWDC-3340806 by SDM Holdings LLC. (Attachments: # 1 Exhibit Request for Admission)(Stiner, John) (Entered: 10/21/2020) |
| 10/22/2020 | 220 | ORDER...the motion for admission pro hac vice 219 of Jeffrey R. Sandberg, Esq., to practice before this court is granted. See order for further specifics. Signed by Honorable Joe Heaton on 10/22/2020. (lam) (Entered: 10/22/2020) |
| 10/26/2020 | 221 | ENTRY of Appearance by Jeffrey Sandberg on behalf of SDM Holdings LLC (Sandberg, Jeffrey) (Entered: 10/26/2020) |
| 11/02/2020 | 222 | OBJECTION TO REPORT AND RECOMMENDATION 218 filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/02/2020) |
| 11/03/2020 | 223 | OBJECTION to 218 Report and Recommendation by Avon Capital LLC. (Rupe, Alan) (Entered: 11/03/2020) |
| 11/16/2020 | 224 | MEMORANDUM in Opposition re 222 Objection to Report and Recommendation filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 11/16/2020) |
| 11/17/2020 | 225 | MEMORANDUM in Opposition re 223 Objection to Report and Recommendation filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 11/17/2020) |
| 11/23/2020 | 226 | REPLY by Respondent SDM Holdings LLC re 222 Objection to Report and Recommendation, 224 Memorandum in Opposition, 218 REPORT AND RECOMMENDATION re 194 MOTION for Summary Judgment filed by Avon Capital LLC, 213 MOTION to Strike *Second Declaration of Benjamin Chernow* filed by Avon |

**Exhibit 1   Page 21 of 55**

| | | |
|---|---|---|
| | | Capital LLC, 208 MOTION to Strike 191 MOTION to filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/23/2020) |
| 11/24/2020 | 227 | REPLY by Intervenor Avon Capital LLC re 223 Objection to Report and Recommendation, 225 Memorandum in Opposition filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/24/2020) |
| 02/11/2021 | 228 | ORDER ADOPTING REPORT AND RECOMMENDATION 218 of Magistrate Judge Suzanne Mitchell...see order for specifics...the parties are directed to confer and advise the court by joint filing within 14 days of their view(s) as to whether in light of the order's disposition other issues remain for resolution in this proceeding and if so, what. Signed by Honorable Joe Heaton on 02/11/2021. (lam) (Entered: 02/11/2021) |
| 02/25/2021 | 229 | RESPONSE re 228 Order Adopting Report and Recommendation, *(Joint)* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/25/2021) |
| 02/26/2021 | 230 | ORDER for Response...SDM is ordered to file an answer to the Writ of General Execution 10 and Garnishment Summons 13 within 30 days of the date of this order...see order for specifics. Signed by Honorable Joe Heaton on 02/26/2021. (lam) (Entered: 02/26/2021) |
| 03/11/2021 | 231 | MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh A, # 2 Exhibit Exh A1, # 3 Exhibit Exh A2)(Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/11/2021 | 232 | NOTICE (other) by SDM Holdings LLC *Garnishee SDM Holdings, LLC's Notice of Filing Answer and Supplemental Answer* (Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/11/2021 | 233 | MOTION to Amend/Correct 232 Notice (other) *Garnishee SDM Holdings, LLC's Notice of Filing Answer and Supplemental Answer* by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh A1, # 2 Exhibit Exh A2)(Sandberg, Jeffrey) (Entered: 03/11/2021) |
| 03/12/2021 | 234 | NOTICE (other) by Universitas Education LLC *Letter to the Court* (Attachments: # 1 Exhibit 1 - Letter to SDM)(Manson, Joseph) (Entered: 03/12/2021) |
| 03/30/2021 | 235 | NOTICE (other) by Universitas Education LLC *of Opposition to Answer of Garnishee SDM Holdings LLC* (Attachments: # 1 Exhibit Green Card)(Campbell, Timothy) (Entered: 03/30/2021) |
| 03/31/2021 | 236 | MOTION for Sanctions by Universitas Education LLC. (Campbell, Timothy) (Entered: 03/31/2021) |
| 03/31/2021 | 237 | BRIEF IN SUPPORT re 236 MOTION for Sanctions by Universitas Education LLC. (Attachments: # 1 Exhibit Affidavit, # 2 Exhibit Email)(Campbell, Timothy) (Attachments replaced on 3/31/2021 to correct filing error.) (knt) (Entered: 03/31/2021) |
| 03/31/2021 | 238 | RESPONSE in Opposition re 231 MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* filed by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Campbell, Timothy) (Entered: 03/31/2021) |
| 04/07/2021 | 239 | REPLY to Response to Motion re 231 MOTION to Alter Judgment *Garnishee SDM Holdings, LLC's Motion for Relief From Judgment or Order and Motion to Amend a Judgment and Brief-in-Support* filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 to SDM Reply.117-1 Univ Memorandum in Support of Universitas Motion for Reconsideration)(Sandberg, Jeffrey) (Entered: 04/07/2021) |

| 04/08/2021 | 240 | ORDER denying SDM Holdings, LLC's motion to alter judgment 231 and to amend the judgment 233 ...see order for specifics. Signed by Honorable Joe Heaton on 04/08/2021. (lam) (Entered: 04/08/2021) |
|---|---|---|
| 04/08/2021 | 241 | NOTICE OF APPEAL as to 228 Order Adopting Report and Recommendation, 230 Order for Response, 240 Order on Motion to Alter Judgment, Order on Motion to Amend/Correct by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 04/08/2021) |
| 04/09/2021 | 242 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 241 Notice of Appeal. (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(knt) (Entered: 04/09/2021) |
| 04/12/2021 | 243 | Tenth Circuit USCA Case Number 21-6044 for 241 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/09/2021 Docketing statement, transcript order form, fee and notice of appearance due 04/26/2021 for SDM Holdings, LLC. Notice of appearance also due on 04/26/2021 for Universitas Education, LLC [21-6044] (jjs) (Entered: 04/14/2021) |
| 04/14/2021 | 244 | Receipt for Money Received from SDM Holdings LLC in the amount of $505, receipt number OKW500085006 regarding 241 Notice of Appeal (jjs) (Entered: 04/14/2021) |
| 04/14/2021 | 245 | NOTICE OF APPEAL as to 228 Order Adopting Report and Recommendation, by Avon Capital LLC. Filing fee $ 505, receipt number AOKWDC-3663551. (Rupe, Alan) (Entered: 04/14/2021) |
| 04/16/2021 | 246 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 245 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 04/16/2021) |
| 04/16/2021 | 247 | NOTICE (other) by Universitas Education LLC re 240 Order on Motion to Alter Judgment, Order on Motion to Amend/Correct *Notice of Renewal of Judgment* (Campbell, Timothy) (Entered: 04/16/2021) |
| 04/16/2021 | 248 | Tenth Circuit USCA Case Number 21-6049 for 245 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/16/2021 Docketing statement, transcript order form and notice of appearance due 04/30/2021 for Avon Capital, LLC. Notice of appearance also due on 04/30/2021 for Universitas Education, LLC [21-6049] (jjs) (Entered: 04/19/2021) |
| 04/20/2021 | 249 | RESPONSE to Motion re 236 MOTION for Sanctions filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 (Sanctions Response) 110 - Order Dist.D.Conn._3-20-cv-00738_110, # 2 Exhibit Exh 2 (Sanctions Response) 661 Order Denying Chernow Letter Motions in SDNY.200331.)(Sandberg, Jeffrey) (Entered: 04/20/2021) |
| 04/21/2021 | 250 | TRANSCRIPT Order Form by SDM Holdings LLC that transcripts are not necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 04/21/2021) |
| 04/21/2021 | 251 | TRANSCRIPT LETTER re 241 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 04/21/2021) |
| 04/27/2021 | 252 | MOTION for Hearing *on Assets* by Universitas Education LLC. (Campbell, Timothy) (Entered: 04/27/2021) |
| 04/27/2021 | 253 | REPLY by Petitioner Universitas Education LLC re 249 Response to Motion, filed by Universitas Education LLC. (Attachments: # 1 Exhibit Affidavit of J. Edward Waesche, # 2 Exhibit United States DOJ letter 2-25-16)(Campbell, Timothy) (Entered: 04/27/2021) |

**Exhibit 1   Page 23 of 55**

| 04/27/2021 | 254 | ORDER REFERRING MOTION: 252 petitioner's motion for hearing on assets is referred to U.S. Magistrate Judge Suzanne Mitchell for further proceedings. Signed by Honorable Joe Heaton on 04/27/2021. (lam) (Entered: 04/27/2021) |
|---|---|---|
| 04/29/2021 | 255 | NOTICE of Subpoena by Universitas Education LLC (Attachments: # 1 Exhibit Subpoena to Non-Party)(Campbell, Timothy) (Entered: 04/29/2021) |
| 04/30/2021 | 256 | TRANSCRIPT LETTER re 245 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. Notice received from Avon Capital, LLC in 21-6049 that a transcript is not necessary for this appeal. Served on: 04/28/2021. Manner of Service: email [21-6049, 21-6044] (jjs) (Entered: 04/30/2021) |
| 04/30/2021 | 257 | TRANSCRIPT Order Form by Avon Capital LLC re 245 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 04/30/2021) |
| 05/04/2021 | 258 | ORDER granting 252 MOTION for Hearing *on Assets* filed by Universitas Education LLC. Judgment Debtor Exam set for 5/13/2021 at 10:30 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/4/21. (lb) (Entered: 05/04/2021) |
| 05/05/2021 | 259 | MOTION to Extend Deadlines or Hearings *on Assets* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/05/2021) |
| 05/06/2021 | 260 | ORDER granting 259 MOTION to Continue Hearing *on Assets* filed by Universitas Education LLC. Judgment Debtor Exam continued to 6/8/2021 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. Signed by Magistrate Judge Suzanne Mitchell on 5/6/21. (lb) (Entered: 05/06/2021) |
| 05/06/2021 | 261 | MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/06/2021 | 262 | RESPONSE *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS OPPOSITION TO THE NOTICE OF RENEWAL OF JUDGMENT FILED BY UNIVERSITAS EDUCATION, LLC AND BRIEF-IN-SUPPORT* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/06/2021 | 263 | MOTION for Hearing *GARNISHEE AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS RESPONSE TO JUDGMENT CREDITORS MOTION FOR HEARING ON ASSETS, OR, IN THE ALTERNATIVE, OBJECTION TO THE MAGISTRATES REPORT AND RECOMMENDATION, AND BRIEF-IN-SUPPORT* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2021) |
| 05/11/2021 | 264 | REPLY to Response to Motion re 263 MOTION for Hearing *GARNISHEE AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS RESPONSE TO JUDGMENT CREDITORS MOTION FOR HEARING ON ASSETS, OR, IN THE ALTERNATIVE, OBJECTION TO THE MAGISTRATES REPORT AND RECOMMENDATION, AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |
| 05/11/2021 | 265 | RESPONSE in Opposition re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |

| 05/11/2021 | 266 | MOTION for Leave *to File Supplement Brief* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/11/2021) |
| 05/11/2021 | 267 | CERTIFICATE *CERTIFICATE OF CONFERENCE ON NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT [DKT 261].* (Sandberg, Jeffrey) (Entered: 05/11/2021) |
| 05/13/2021 | 268 | ORDER granting 266 petitioner's motion to file supplemental brief...a supplemental brief not exceeding 5 pages may be filed on or before 05/20/2021. Signed by Honorable Joe Heaton on 05/13/2021. (lam) (Entered: 05/13/2021) |
| 05/13/2021 | 269 | RESPONSE to Motion re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/13/2021) |
| 05/17/2021 | 270 | REPLY by Respondent SDM Holdings LLC re 261 MOTION to Quash *NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO ASSET SERVICING GROUP, INC. AND BRIEF-IN-SUPPORT*, 265 Response in Opposition to Motion, filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/17/2021) |
| 05/19/2021 | 271 | MOTION for Leave *to File Exhibit Under Seal* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/19/2021) |
| 05/19/2021 | 272 | ORDER granting 271 MOTION for Leave to File Exhibit Under Seal by Universitas Education LLC. Signed by Honorable Joe Heaton on 05/19/2021. (jjs) (Entered: 05/19/2021) |
| 05/20/2021 | 273 | SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* by Universitas Education LLC. (Attachments: # 1 Exhibit Sealed Exhibit, # 2 Exhibit LLC Letter and Security Agreement, # 3 Exhibit Redacted Check)(Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 274 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* (Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 275 | MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/20/2021) |
| 05/20/2021 | 276 | BRIEF IN SUPPORT re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* by Universitas Education LLC. (Campbell, Timothy) (Entered: 05/20/2021) |
| 06/04/2021 | 277 | ORDER denying 261 the motion to quash subpoena...see order for specifics. Signed by Honorable Joe Heaton on 06/04/2021. (lam) (Entered: 06/04/2021) |
| 06/04/2021 | 278 | NOTICE (other) by Avon Capital LLC *Of Letter to Magistrate Judge Mitchell Concerning Hearing on Assets* (Attachments: # 1 Exhibit May 12 E-Mail, # 2 Exhibit May 12 Response)(Rupe, Alan) (Entered: 06/04/2021) |
| 06/09/2021 | 279 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 6/8/2021. Judgment Debtor Exam continued until 7/20/2021 at 10:00 AM in Courtroom 102 before Magistrate Judge Suzanne Mitchell. (lb) (Entered: 06/09/2021) |
| 06/10/2021 | 280 | RESPONSE to Motion re 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: |

| | | |
|---|---|---|
| | | 06/10/2021) |
| 06/10/2021 | 281 | RESPONSE to Motion re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/10/2021) |
| 06/16/2021 | 282 | REPLY by Petitioner Universitas Education LLC re 281 Response to Motion filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 06/16/2021) |
| 07/20/2021 | 283 | Minute Entry for proceedings held before Magistrate Judge Suzanne Mitchell: Judgment Debtor Exam held on 7/20/2021. Universitas to file a brief w/in 14 days. The parties' briefs are restricted to ten pages; reply brief is restricted to five pages. (lb) (Entered: 07/20/2021) |
| 07/23/2021 | 284 | ORDER re 283 Judgment Debtor Exam. Universitas' motion is GRANTED. The Court's injunction is continued until such time as a disposition of the assets is made under the registered judgment. Signed by Magistrate Judge Suzanne Mitchell on 7/23/21. (lb) (Entered: 07/23/2021) |
| 07/30/2021 | 285 | MOTION for Leave *to File Exhibits Under Seal* by Universitas Education LLC. (Campbell, Timothy) (Entered: 07/30/2021) |
| 07/30/2021 | 286 | ORDER granting 285 the petitioner's motion for leave to file document under seal....petitioner may file its 4 exhibits under seal in conjunction with its forthcoming motions. Signed by Honorable Joe Heaton on 07/30/2021. (lam) (Entered: 07/30/2021) |
| 08/02/2021 | 287 | MOTION for Order *for Application of Property to Satisfaction of Judgment* by Universitas Education LLC. (Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 288 | MEMORANDUM in Support re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Damages Analysis, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 - Deposition Excerpt, # 5 Exhibit 5 - Deposition Excerpt, # 6 Exhibit 6 - Summary Chart, # 7 Exhibit 7 - Screenshot from Actuarial Standards Board)(Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 289 | MOTION to Appoint Receiver by Universitas Education LLC. (Manson, Joseph) (Entered: 08/02/2021) |
| 08/02/2021 | 290 | MEMORANDUM in Support re 289 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Accounting Records, # 2 Exhibit 2, # 3 Exhibit 3 - General Ledger, # 4 Exhibit 4)(Manson, Joseph) (Entered: 08/02/2021) |
| 08/03/2021 | 291 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* (Campbell, Timothy) (Entered: 08/03/2021) |
| 08/03/2021 | 292 | SEALED EXHIBIT by Petitioner Universitas Education LLC Re: 289 MOTION to Appoint Receiver (Campbell, Timothy) (Entered: 08/03/2021) |
| 08/23/2021 | 293 | RESPONSE in Opposition re 289 MOTION to Appoint Receiver filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 - 2015 Order (SDNY)., # 2 Exhibit Exh 2 - 2020 SDNY Order., # 3 Exhibit Exh 3 - ED VA Suit 29 Amended Complaint for Interpleader.180523.)(Sandberg, Jeffrey) (Entered: 08/23/2021) |
| 08/23/2021 | 294 | RESPONSE in Opposition re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by SDM Holdings LLC. (Attachments: # 1 Exhibit Exh 1 - 2015 Order (SDNY)., # 2 Exhibit Exh 2 - 2020 SDNY Order., # 3 Exhibit Exh 3 - ED VA Suit 29 Amended Complaint for Interpleader.180523.)(Sandberg, Jeffrey) (Entered: 08/23/2021) |

**Exhibit 1   Page 26 of 55**

| | | |
|---|---|---|
| 08/23/2021 | 295 | MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* by Avon Capital LLC. (Attachments: # 1 Exhibit A Declaration of Kathy Kehoe, # 2 Exhibit B 10th Circuit Docket, # 3 Exhibit C Docketing Statement) (Rupe, Alan) (Main Document 295 replaced on 8/24/2021) (jjs). (Entered: 08/23/2021) |
| 08/23/2021 | 296 | MEMORANDUM in Opposition re 289 MOTION to Appoint Receiver filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/23/2021) |
| 08/23/2021 | 297 | MEMORANDUM in Opposition re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/23/2021) |
| 08/30/2021 | 298 | REPLY to Response to Motion re 287 MOTION for Order *for Application of Property to Satisfaction of Judgment* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 08/30/2021) |
| 08/30/2021 | 299 | REPLY to Response to Motion re 289 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit Docket Sheet, # 2 Attachment Unpublished Case)(Campbell, Timothy) (Entered: 08/30/2021) |
| 08/31/2021 | 300 | RESPONSE to Motion re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal SDM HOLDINGS, LLCS JOINDER IN THE RELIEF REQUESTED BY THE MOTION TO STAY CASE* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 08/31/2021) |
| 09/08/2021 | 301 | RESPONSE in Opposition re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* filed by Universitas Education LLC. (Attachments: # 1 Exhibit 1 - Carpenter email correspondence, # 2 Exhibit 2 - Carpenter email correspondence, # 3 Exhibit 3 - Appellate Order, # 4 Exhibit 4 - Sandberg email) (Manson, Joseph) (Entered: 09/08/2021) |
| 09/08/2021 | 302 | ORDER petitioner's motions for application of property 287 and for appointment of receiver 289 and Avon Capital's motion to stay 295 are set for hearing on 09/20/2021 @ 10:00 a.m., in Courtroom No. 501. Signed by Honorable Joe Heaton on 09/08/2021. (lam) (Main Document 302 replaced on 9/8/2021) (lam). Modified on 9/8/2021 (lam). (Entered: 09/08/2021) |
| 09/08/2021 | | Set/Reset Hearings: per order 302 motions 287 , 289 and 295 are set for hearing on 09/21/2021 @ 10:00 AM in Courtroom 501 Honorable Joe Heaton. (lam) (Entered: 09/08/2021) |
| 09/08/2021 | | CORRECTION...Per order 302 motions 287 , [ 289 and 295 are set for hearing on Monday, September 20, 2021 at 10:00 a.m., in Courtroom No. 501. (lam) (Entered: 09/08/2021) |
| 09/08/2021 | | CORRECTION...Set Deadlines/Hearings: per order 302 motions 287 , 289 and 295 are set for hearing on 09/20/2021 @ 10:00 AM in Courtroom 501 Honorable Joe Heaton. (lam) (Entered: 09/08/2021) |
| 09/10/2021 | 303 | MOTION to Extend Deadlines or Hearings *(Scheduled for September 20, 2021)* by Avon Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rupe, Alan) (Entered: 09/10/2021) |
| 09/13/2021 | 304 | RESPONSE in Opposition re 303 MOTION to Extend Deadlines or Hearings *(Scheduled for September 20, 2021)* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 09/13/2021) |
| 09/14/2021 | 305 | ORDER denying 303 Respondents' motion to reschedule hearing on pending motions now set 09/20/2021; parties are directed to confer and determine whether one of the |

Exhibit 1 Page 27 of 55

| | | proposed dated for the court conduct hearing; parties are directed to indicate any request for change to one of the proposed dates by joint filing on or before 09/17/2021. Signed by Honorable Joe Heaton on 09/14/2021. (lam) (Entered: 09/14/2021) |
|---|---|---|
| 09/15/2021 | 306 | REPLY by Intervenor Avon Capital LLC re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal* filed by Avon Capital LLC. (Attachments: # 1 Exhibit A Declaration of Don Trudeau)(Rupe, Alan) (Entered: 09/15/2021) |
| 09/16/2021 | 307 | NOTICE (other) by Avon Capital LLC re 305 Order on Motion to Extend Deadlines or Hearings, (Rupe, Alan) (Entered: 09/16/2021) |
| 09/20/2021 | 308 | Minute Entry for proceedings held before Honorable Joe Heaton...hearing held on motions 287 , 289 and 295 ; court hears arguments from counsel...written order to follow. (Court Reporter Cassy Kerr.) (lam) (Entered: 09/20/2021) |
| 09/21/2021 | 309 | REPLY by Respondent SDM Holdings LLC re 295 MOTION to Stay Case *post judgment proceedings and execution of judgment pending resolution of appeal*, 306 Reply, *SDM HOLDINGS, LLCS JOINDER IN THE REPLY BY AVON-WY REGARDING PETITIONER'S RESPONSE TO THE MOTION TO STAY CASE* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/21/2021) |
| 09/22/2021 | 310 | ORDER...for the reasons stated in the order 1) petitioner's motion for application of property 287 is denied; petitioner's motion for appointment of receiver 289 is granted...Ryan Leonard, Esq., is appointed as Receiver of Avon Capital LLC; and 3) respondent Avon's motion to stay 295 is granted conditioned on and effective as of the approval by the court os a corprate surety bond in the amount of $11,100,000.00...see order for specifics. Signed by Honorable Joe Heaton on 09/22/2021. (lam) (Entered: 09/22/2021) |
| 09/22/2021 | 311 | ORDER appointing Ryan Leonard, Esq., as Receiver of Avon Capital LLC a limited liability company formed under the laws of the State of Wyoming...see order for specifics. Signed by Honorable Joe Heaton on 09/22/2021. (lam) (Entered: 09/22/2021) |
| 09/24/2021 | 312 | OATH OF RECEIVER...by Ryan Leonard, Esq., Receiver for Avon Capital, LLC. (lam) (Entered: 09/24/2021) |
| 09/29/2021 | 313 | Receipt for Money Received in the amount of $10000, receipt number OKW500087396 regarding 311 Order (dtb) (Entered: 09/29/2021) |
| 09/30/2021 | 314 | BOND OF RECEIVER...Ryan Leonard, Receiver for Avon Capitol in the amount of $10,000.00 to be held by the Clerk of Court. (lam) (Entered: 09/30/2021) |
| 10/14/2021 | 315 | NOTICE OF APPEAL as to 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by Avon Capital LLC. (Rupe, Alan) (Entered: 10/14/2021) |
| 10/14/2021 | 316 | NOTICE OF APPEAL as to 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-3780241. (Sandberg, Jeffrey) (Entered: 10/14/2021) |
| 10/18/2021 | 317 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 315 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 318 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 316 Notice of Appeal |

| | | |
|---|---|---|
| | | (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 319 | Tenth Circuit USCA Case Number 21-6133 for 316 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/18/2021 Docketing statement due 11/01/2021 for SDM Holdings, LLC. Transcript order form due 11/01/2021 for SDM Holdings, LLC. Notice of appearance due on 11/01/2021 for SDM Holdings, LLC and Universitas Education, LLC [21-6133] (jjs) (Entered: 10/18/2021) |
| 10/18/2021 | 320 | Tenth Circuit USCA Case Number 21-6134 for 315 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/18/2021 Fee is due by 11/01/2021 for Avon Capital, LLC. Docketing statement due 11/01/2021 for Avon Capital, LLC. Transcript order form due 11/01/2021 for Avon Capital, LLC. Notice of appearance due on 11/01/2021 for Avon Capital, LLC and Universitas Education, LLC. [21-6134] (jjs) (Entered: 10/18/2021) |
| 10/29/2021 | 321 | Receipt for Money Received from Avon Capital LLC in the amount of $505.00, receipt number OKW500087848 regarding 315 Notice of Appeal. Emailed to debbie.drumbelow@lewis.brisbois.com (kah) (Entered: 10/29/2021) |
| 11/01/2021 | 322 | TRANSCRIPT Order Form by SDM Holdings LLC re 316 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 11/01/2021) |
| 11/01/2021 | 323 | STATUS REPORT *of Receiver October 2021* by Petitioner Universitas Education LLC. (Campbell, Timothy) (Entered: 11/01/2021) |
| 11/01/2021 | 324 | TRANSCRIPT Order Form by Avon Capital LLC re 315 Notice of Appeal that transcripts are necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 11/01/2021) |
| 11/02/2021 | 325 | TRANSCRIPT Order Form that transcripts ARE necessary. See order form for dates and proceedings. Estimated completion date November 4, 2021. (Kerr, Cassandra) (Entered: 11/02/2021) |
| 11/02/2021 | 326 | MOTION for Order *Approving Receiver's September and October Fees and Costs* by Universitas Education LLC. (Attachments: # 1 Exhibit Statements, # 2 Exhibit Receiver's Report)(Campbell, Timothy) (Entered: 11/02/2021) |
| 11/04/2021 | 327 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on September 20, 2021 before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: motions hearing Volume: I of I Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2021. Redacted Transcript Deadline set for 12/6/2021. Release of Transcript Restriction set for 2/2/2022. (Kerr, Cassandra) (Entered: 11/04/2021) |
| 11/09/2021 | 328 | TRANSCRIPT LETTER re 316 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 11/09/2021) |
| 11/09/2021 | 329 | TRANSCRIPT LETTER re 315 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (jjs) (Entered: 11/09/2021) |
| 11/16/2021 | 330 | MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* by Asset Servicing Group LLC. (Attachments: # 1 Exhibit 1 - Servicing Agreement, # 2 Exhibit 2 - Removal and Replacement, # 3 Exhibit 3 - |

**Exhibit 1    Page 29 of 55**

| | | |
|---|---|---|
| | | Carpenter Email, # 4 Exhibit 4 - Sandberg Email 1, # 5 Exhibit 5 - Sandberg Email 2, # 6 Exhibit 6 - Sandberg Email 3)(McVay, Melvin) (Entered: 11/16/2021) |
| 11/22/2021 | 331 | MOTION for Release of Funds by Universitas Education LLC. (Attachments: # 1 Affidavit of Joseph L. Manson III, # 2 Affidavit of Timothy Campbell, # 3 Affidavit of Sharon Siebert)(Manson, Joseph) (Entered: 11/22/2021) |
| 11/23/2021 | 332 | RESPONSE in Opposition re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/23/2021) |
| 11/23/2021 | 333 | OBJECTIONS re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/23/2021) |
| 11/29/2021 | 334 | ENTRY of Appearance by Heidi J Long on behalf of Ryan Leonard (Long, Heidi) (Entered: 11/29/2021) |
| 11/30/2021 | 335 | REPLY to Response to Motion re 326 MOTION for Order *Approving Receiver's September and October Fees and Costs* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 11/30/2021) |
| 12/03/2021 | 336 | STATUS REPORT *November 2021* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 12/03/2021) |
| 12/07/2021 | 337 | ORDER Setting Hearing on Motions 326 , 330 and 331 for 12/21/2021 at 1:30 p.m., in Courtroom No. 501 before Judge Joe Heaton. Signed by Judge Joe Heaton on 12/07/2021. (lam) (Entered: 12/07/2021) |
| 12/07/2021 | 338 | MOTION for Leave to File SURREPLY re 335 Reply to Response to Motion, 326 MOTION for Order *Approving Receiver's September and October Fees and Costs SDM Holdings, LLCs Motion To File Sur-Response And Sur-Response To The Reply [Dkt 335] Filed By Universitas Education, LLC Regarding Receivers Application For Order Approving Payment Of Receivers Fees And Costs [Dkt 326]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) Modified on 12/9/2021 (jjs). (Entered: 12/07/2021) |
| 12/07/2021 | 339 | RESPONSE in Opposition re 330 MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* filed by Universitas Education LLC. (Attachments: # 1 Exhibit SDM Merger Documents)(Manson, Joseph) (Entered: 12/07/2021) |
| 12/07/2021 | 340 | RESPONSE in Opposition re 330 MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing Non-Judgment Debtor SDM Holdings, LLCs Opposition To Asset Servicing Group, LLCs Motion For Interpleader Regarding SDMs Assets1, And Brief-In-Support* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/07/2021) |
| 12/09/2021 | 341 | NOTICE (other) by Universitas Education LLC *Notice of Refiling of Judgment* (Campbell, Timothy) (Entered: 12/09/2021) |
| 12/09/2021 | 342 | MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 12/09/2021) |
| 12/09/2021 | 343 | RESPONSE in Support re 342 MOTION for Order *Approving Payment of November Fees and Costs* filed by Universitas Education LLC. (Campbell, Timothy) (Entered: 12/09/2021) |
| 12/13/2021 | 344 | RESPONSE in Opposition re 331 MOTION for Release of Funds *Non-Judgment Debtor SDM Holdings, LLCs Opposition To Petitioners Second Motion1 For Applying SDMs* |

| | | |
|---|---|---|
| | | *Assets To Judgment2, And Brief-In-Support* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - 10th Circuit Order Consolidating Appeals.211103., # [2](#) Exhibit Exh 2 - 31.1 Manson Decl filed in ED Va.180523., # [3](#) Exhibit Exh 3 - Satisfaction of Judgment re GMT filed by Univ (Dkt 651).180619.)(Sandberg, Jeffrey) (Entered: 12/13/2021) |
| 12/13/2021 | [345](#) | RESPONSE in Opposition re [331](#) MOTION for Release of Funds *Non-Judgment Debtor SDM Holdings, LLCs Amended Opposition To Petitioners Second Motion For Applying SDMs Assets To Judgment, And Brief-In-Support* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - 10th Circuit Order Consolidating Appeals.211103., # [2](#) Exhibit Exh 2 - 31.1 Manson Decl filed in ED Va.180523., # [3](#) Exhibit Exh 3 - Satisfaction of Judgment re GMT filed by Univ (Dkt 651).180619., # [4](#) Exhibit Exh 4 - 293.1 SDNY 2015 Order., # [5](#) Exhibit Exh 5 - 293.2 SDNY 2020 Order.)(Sandberg, Jeffrey) (Entered: 12/13/2021) |
| 12/13/2021 | [346](#) | RESPONSE in Opposition re [331](#) MOTION for Release of Funds filed by Avon Capital LLC. (Attachments: # [1](#) Exhibit A)(Rupe, Alan) (Entered: 12/13/2021) |
| 12/14/2021 | [347](#) | MOTION to Withdraw [330](#) MOTION for Order *Allowing Interpleader of Funds, With Brief in Support and Request for Emergency Hearing* by Asset Servicing Group LLC. (McVay, Melvin) (Entered: 12/14/2021) |
| 12/17/2021 | [348](#) | RESPONSE in Opposition re [342](#) MOTION for Order *Approving Payment of November Fees and Costs SDM Holdings, LLCs Opposition To Receivers Application For Order Approving Payment Of Receivers Fees And Costs [Dkt 342]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/17/2021) |
| 12/17/2021 | [349](#) | RESPONSE *Non-Judgment Debtor SDM Holdings, LLCs Opposition To The Notice Of Refiling Of Judgment Filed By Universitas Education, LLC And Brief-In-Support* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/17/2021) |
| 12/17/2021 | [350](#) | REPLY by Petitioner Universitas Education LLC re [331](#) MOTION for Release of Funds filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit SDNY Memorandum Opinion and Order)(Manson, Joseph) (Entered: 12/17/2021) |
| 12/20/2021 | [351](#) | MOTION for Leave *SDM Holdings, LLCs Motion To File Sur-Opposition And Sur-Opposition To The Reply [Dkt 350] Filed By Universitas Education, LLC Regarding Petitioners Second Motion For Applying SDMs Assets To Judgment, And Brief-In-Support [Dkt 331]* by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exhibit 1 Order - Transfer Mot to Quash ASG Subpoena (Dkt 3).130613.)(Sandberg, Jeffrey) (Entered: 12/20/2021) |
| 12/21/2021 | [352](#) | Minute Entry for proceedings held before Judge Joe Heaton...hearing held on Universitas' motion for order approving receiver's September and October Fees and Costs [326](#) ; Assist Servicing Group LLC's motion for order allowing interpleader of funds [330](#) ; and Universitas' motion for release of funds [331](#) ; counsel for the parties present; court hears arguments from counsel; court makes findings from the bench; written order to follow. (Court Reporter Cassy Kerr.) (lam) (Entered: 12/21/2021) |
| 12/21/2021 | [353](#) | ORDER for the reasons stated from the bench at the hearing held 12/21/2021 the court orders as follows: [326](#) the receiver's motion for approval of fees and expenses for September and October is granted in the amount of $12,760.18...the motion of Asset Servicing Group, LLC for leave to interplead funds [330](#) is stricken...the motion of Universitas for an order authorizing payment of various amounts [331](#) is denied...the receiver's motion for approval of fees and expenses for November [342](#) is granted in part...the objection nominally filed by SDM to the refiling by Universitas of its judgment [349](#) is stricken...see order for specifics. Signed by Judge Joe Heaton on 12/21/2021. (lam) (Entered: 12/21/2021) |

**Exhibit 1   Page 31 of 55**

| 12/30/2021 | [354](#) | MOTION for Leave *to file motions on behalf of SMD* by SDM Holdings LLC. (Attachments: # [1](#) Attachment Opposition by SMD, # [2](#) Attachment Motion to reconsider Order, # [3](#) Exhibit Exhibit 1, # [4](#) Exhibit Exhibit 2)(Sandberg, Jeffrey) (Entered: 12/30/2021) |
|---|---|---|
| 01/13/2022 | [355](#) | STATUS REPORT *December 2021* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/13/2022) |
| 01/14/2022 | [356](#) | NOTICE (other) by Ryan Leonard *of Compensation Arrangement* (Long, Heidi) (Entered: 01/14/2022) |
| 01/20/2022 | [357](#) | RESPONSE to Motion re [354](#) MOTION for Leave *to file motions on behalf of SMD* filed by Ryan Leonard. (Attachments: # [1](#) Exhibit Transcript Excerpt)(Long, Heidi) (Entered: 01/20/2022) |
| 01/20/2022 | [358](#) | MEMORANDUM in Opposition re [354](#) MOTION for Leave *to file motions on behalf of SMD* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 01/20/2022) |
| 01/25/2022 | [359](#) | MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 01/25/2022) |
| 01/25/2022 | [360](#) | AMENDED MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/25/2022) |
| 01/25/2022 | [361](#) | MOTION for Order *Approving Payment of December Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/25/2022) |
| 01/27/2022 | [362](#) | REPLY to Response to Motion re [354](#) MOTION for Leave *to file motions on behalf of SMD SDM HOLDINGS, LLCS REPLY TO THE RECEIVERS RESPONSE AND PLAINTIFFS RESPONSE TO SDM HOLDINGS, LLCS MOTION FOR RECONSIDERATION OF ORDER REQUIRING AUTHORIZATION BY RECEIVER OR MANAGER TO REPRESENT SDM AND MOTION FOR LEAVE TO FILE OPPOSITION TO UNIVERSITAS REFILING OF JUDGMENT AND MOTION FOR RECONSIDERATION OF ORDER APPROVING RECEIVER APPLICATION FOR PAYMENT* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 01/27/2022) |
| 02/01/2022 | [363](#) | ORDER denying [354](#) the motion seeking reconsideration of the prior determination as to control of SDM; any party or party in interest, broadly defined, objecting to the receivers pending motions [Doc. Nos. 359, 360 and 361] shall appear as interested parties in this case and file their objection within seven (7) days of the date of this order...see order for further specifics. Signed by Judge Joe Heaton on 02/01/2022. (lam) (Entered: 02/01/2022) |
| 02/04/2022 | [364](#) | OBJECTIONS re [360](#) AMENDED MOTION for Order *Approving Payment of November Fees and Costs*, [359](#) MOTION for Order *Approving Distribution*, [361](#) MOTION for Order *Approving Payment of December Fees and Costs*, [356](#) Notice (other) filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/04/2022) |
| 02/04/2022 | [365](#) | OBJECTIONS re [356](#) Notice (other) *INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS NOTICE OF COMPENSATION ARRANGEMENT [DKT 356]* filed by SDM Holdings LLC. (Attachments: # [1](#) Exhibit Exh 1 - Dkt 354-4, # [2](#) Exhibit Exh 2 - Dkt 354-3, # [3](#) Exhibit Exh 3 - SDM returns (2011-19) and K1s (2010-19)_Redacted)(Sandberg, Jeffrey) (Entered: 02/04/2022) |
| 02/08/2022 | [366](#) | OBJECTIONS re [360](#) AMENDED MOTION for Order *Approving Payment of November Fees and Costs*, [359](#) MOTION for Order *Approving Distribution*, [361](#) MOTION for |

**Exhibit 1    Page 32 of 55**

| | | |
|---|---|---|
| | | Order *Approving Payment of December Fees and Costs INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING: (1) DISTRIBUTION BY SDM HOLDINGS, LLC TO AVON CAPITAL, LLC; AND (2) PAYMENTS FOR RECEIVERS FEES [DKT 359, 360. & 361]* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 02/08/2022) |
| 02/09/2022 | 367 | ORDER granting motions 360 and 361 and payment is authorized as sought in the motions...the motions for sanctions 236 , 273 and 275 remain pending and will be addressed in due course...see order for specifics. Signed by Judge Joe Heaton on 02/09/2022. (lam) (Entered: 02/09/2022) |
| 02/17/2022 | 368 | SECOND MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 02/17/2022) |
| 02/17/2022 | 369 | STATUS REPORT *January 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 02/17/2022) |
| 02/21/2022 | 370 | MOTION for Order *Approving Payment of January Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/21/2022) |
| 03/01/2022 | 371 | NOTICE OF APPEAL as to 353 Order on Motion for Order,, Order on Motion for Release of Funds,,,,,,,,,, 363 Order on Motion for Leave to, by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 03/01/2022) |
| 03/02/2022 | 372 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 371 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(jjs) (Entered: 03/02/2022) |
| 03/02/2022 | 373 | Tenth Circuit USCA Case Number 22-6038 for 371 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 03/02/2022. Fee is due by 03/16/2022 for SDM Holdings, LLC. Transcript order form and docketing statement due 03/16/2022 for SDM Holdings, LLC. Notice of appearance due on 03/16/2022 for SDM Holdings, LLC and Universitas Education, LLC. [22-6038] (jjs) (Entered: 03/02/2022) |
| 03/03/2022 | 374 | Receipt for Money Received from SDM Holdings LLC in the amount of $505, receipt number OKW500089487 regarding 371 Notice of (so) (Entered: 03/03/2022) |
| 03/03/2022 | 375 | TRANSCRIPT REQUEST by SDM Holdings LLC for proceedings held on 12/21/2021. (Sandberg, Jeffrey) (Entered: 03/03/2022) |
| 03/07/2022 | 376 | RESPONSE in Opposition re 370 MOTION for Order *Approving Payment of January Fees and Costs*, 368 SECOND MOTION for Order *Approving Distribution* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 03/07/2022) |
| 03/10/2022 | 377 | OBJECTIONS re 368 SECOND MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/10/2022) |
| 03/14/2022 | 378 | RESPONSE in Opposition re 370 MOTION for Order *Approving Payment of January Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/14/2022) |
| 03/18/2022 | 379 | STATUS REPORT *February 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 03/18/2022) |
| 03/30/2022 | 380 | ORDER granting 368 and 370 motions to authorized distribution of funds from SDM Holding, LLC to Avon Capital LLC and the Receiver's application for approval of |

| | | |
|---|---|---|
| | | payment of costs and fees...see order for specifics. Signed by Judge Joe Heaton on 03/30/2022. (lam) (Entered: 03/30/2022) |
| 03/31/2022 | [381](#) | MOTION for Order *Approving Payment of February Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/31/2022) |
| 04/07/2022 | [382](#) | TRANSCRIPT Order Form that transcripts ARE necessary. See order form for dates and proceedings. Estimated completion date March 11, 2022. (Kerr, Cassandra) (Entered: 04/07/2022) |
| 04/07/2022 | [383](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on December 21, 2021 before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: motion hearing Volume: I of I Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/28/2022. Redacted Transcript Deadline set for 5/9/2022. Release of Transcript Restriction set for 7/6/2022. (Kerr, Cassandra) (Entered: 04/07/2022) |
| 04/14/2022 | [384](#) | RESPONSE in Opposition re [381](#) MOTION for Order *Approving Payment of February Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 04/14/2022) |
| 04/14/2022 | [385](#) | TRANSCRIPT LETTER re [371](#) Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (jjs) (Entered: 04/14/2022) |
| 04/18/2022 | [386](#) | STATUS REPORT *March 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 04/18/2022) |
| 04/20/2022 | [387](#) | MOTION for Order *Approving Payment of March Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 04/20/2022) |
| 04/21/2022 | [388](#) | RESPONSE in Opposition re [381](#) MOTION for Order *Approving Payment of February Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/21/2022) |
| 05/05/2022 | [389](#) | ORDER granting [381](#) the Receiver's application for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 05/05/2022. (lam) (Entered: 05/05/2022) |
| 05/06/2022 | [390](#) | OBJECTIONS re [387](#) MOTION for Order *Approving Payment of March Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 05/06/2022) |
| 05/11/2022 | [391](#) | RESPONSE in Opposition re [387](#) MOTION for Order *Approving Payment of March Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 05/11/2022) |
| 05/12/2022 | [392](#) | ORDER of USCA as to [371](#) Notice of Appeal filed by SDM Holdings LLC. Order filed by Judges Bacharach and Briscoe denying Appellant's motion for stay pending appeal filed by SDM Holdings, LLC. Served on 05/12/2022. [22-6038] (jjs) (Entered: 05/12/2022) |
| 05/19/2022 | [393](#) | STATUS REPORT *April 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 05/19/2022) |
| 05/23/2022 | [394](#) | THIRD MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 05/23/2022) |
| 05/31/2022 | [395](#) | MOTION for Order *Approving Payment of April Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/31/2022) |

**Exhibit 1    Page 34 of 55**

| 06/01/2022 | 396 | ORDER granting 387 receiver's application for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 06/01/2022. (lam) (Entered: 06/01/2022) |
|---|---|---|
| 06/03/2022 | 397 | OBJECTIONS re 394 THIRD MOTION for Order *Approving Distribution* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/03/2022) |
| 06/03/2022 | 398 | OBJECTIONS re 395 MOTION for Order *Approving Payment of April Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/03/2022) |
| 06/13/2022 | 399 | OBJECTIONS re 394 THIRD MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/13/2022) |
| 06/16/2022 | 400 | STATUS REPORT *May 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 06/16/2022) |
| 06/17/2022 | 401 | MOTION to Withdraw as Attorney by Universitas Education LLC. (Campbell, Timothy) (Entered: 06/17/2022) |
| 06/21/2022 | 402 | OBJECTIONS re 395 MOTION for Order *Approving Payment of April Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/21/2022) |
| 06/22/2022 | 403 | ORDER granting 401 motion of Timothy F. Campbell, Esq., leave to withdraw as counsel for petitioner Universitas Education, LLC...the clerk of court is directed to strike Mr. Campbell's name as counsel of record for the referenced petitioner. Signed by Judge Joe Heaton on 06/22/2022. (lam) (Entered: 06/22/2022) |
| 06/22/2022 | 404 | MOTION for Order *Approving Payment of May Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/22/2022) |
| 06/23/2022 | 405 | ORDER granting 395 Receiver's application for order approving payment of April fees and costs...see order for specifics. Signed by Judge Joe Heaton on 06/23/2022. (lam) (Entered: 06/23/2022) |
| 07/01/2022 | 406 | OBJECTIONS re 404 MOTION for Order *Approving Payment of May Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 07/01/2022) |
| 07/12/2022 | 407 | OBJECTIONS *to Receiver Ryan Leonard's Application for Order Approving Payment of Receiver's May and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/12/2022) |
| 07/20/2022 | 408 | STATUS REPORT *June 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/20/2022) |
| 07/20/2022 | 409 | MOTION for Order *Approving Payment of June Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/20/2022) |
| 07/28/2022 | 410 | ORDER granting 404 the Receiver's application for order approving payment...the receiver is authorized to pay his May fees and costs in the amount of $2,252.50. Signed by Judge Joe Heaton on 07/28/2022. (lam) (Entered: 07/28/2022) |
| 08/01/2022 | 411 | OBJECTIONS re 409 MOTION for Order *Approving Payment of June Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 08/01/2022) |
| 08/10/2022 | 412 | MEMORANDUM in Opposition re 409 MOTION for Order *Approving Payment of June Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/10/2022) |
| 08/18/2022 | 413 | ORDER granting 409 the Receiver's application for order approving payment...the Receiver's fees and costs in the amount of $1,187.50 as set forth in the motion are |

| | | approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 08/18/2022. (lam) (Entered: 08/18/2022) |
|---|---|---|
| 08/18/2022 | 414 | STATUS REPORT *July 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 08/18/2022) |
| 08/29/2022 | 415 | MOTION for Order *Approving Payment of July Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 08/29/2022) |
| 09/06/2022 | 416 | OBJECTIONS re 415 MOTION for Order *Approving Payment of July Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/06/2022) |
| 09/14/2022 | 417 | STATUS REPORT *August 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 09/14/2022) |
| 09/14/2022 | 418 | MOTION for Order *Approving Payment of August Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 09/14/2022) |
| 09/19/2022 | 419 | OBJECTIONS *to Receiver Ryan Leonard's Application for Order Approving Payment of Receiver's July Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 09/19/2022) |
| 09/27/2022 | 420 | ORDER granting 415 Receiver's motion for order approving payment of fees and costs...see order for specifics. Signed by Judge Joe Heaton on 09/27/2022. (lam) (Entered: 09/27/2022) |
| 10/04/2022 | 421 | OBJECTIONS re 418 MOTION for Order *Approving Payment of August Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/04/2022) |
| 10/13/2022 | 422 | FOURTH MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 10/13/2022) |
| 10/18/2022 | 423 | STATUS REPORT *September 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 10/18/2022) |
| 10/19/2022 | 424 | OBJECTIONS *INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS FOURTH APPLICATION FOR ORDER APPROVING DISTRIBUTION* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/19/2022) |
| 10/19/2022 | 425 | NOTICE of Subpoena by Universitas Education LLC (Attachments: # 1 Attachment, # 2 Attachment)(Manson, Joseph) (Entered: 10/19/2022) |
| 10/20/2022 | 426 | ORDER granting 418 Receiver's motion for order approving payment of fees and costs in the amount of $1,197.50 as set forth in the motion are approved and may be paid to the receivership estate. Signed by Judge Joe Heaton on 10/20/2022. (lam) (Entered: 10/20/2022) |
| 10/25/2022 | 427 | MOTION to Quash *Interested Party Statement and Non-Judgment Debtor SDM Holdings, LLC's Motion to Quash Subpoenas Duces Tecum [DKT 425] Issued to Asset Servicing Group, Inc. and Receiver and Motion for Protective Order, and Brief-In-Support* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/25/2022) |
| 10/25/2022 | 428 | MOTION for Protective Order *and alternatively, motion to quash* by Avon Capital LLC. (Rupe, Alan) (Entered: 10/25/2022) |
| 10/26/2022 | 429 | AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support* by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 10/26/2022) |

| | | |
|---|---|---|
| 10/28/2022 | 430 | MEMORANDUM in Opposition re 428 MOTION for Protective Order *and alternatively, motion to quash*, 429 AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support* filed by Universitas Education LLC. (Attachments: # 1 Affidavit)(Manson, Joseph) (Entered: 10/28/2022) |
| 10/31/2022 | 431 | MOTION for Order *Approving Payment of September Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 10/31/2022) |
| 11/03/2022 | 432 | OBJECTIONS re 422 FOURTH MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/03/2022) |
| 11/04/2022 | 433 | REPLY by Respondent SDM Holdings LLC, other Phoenix Charitable Trust re 429 AMENDED MOTION to Quash *Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support*, 425 Notice of Subpoena filed by SDM Holdings LLC, Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/04/2022) |
| 11/04/2022 | 434 | OBJECTIONS re 431 MOTION for Order *Approving Payment of September Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 11/04/2022) |
| 11/04/2022 | 435 | REPLY by Intervenor Avon Capital LLC re 428 MOTION for Protective Order *and alternatively, motion to quash* filed by Avon Capital LLC. (Attachments: # 1 Exhibit A) (Rupe, Alan) (Entered: 11/04/2022) |
| 11/08/2022 | 436 | ORDER setting Hearing on motions 422 , 427 , 428 , 429 and 431 are set for hearing on 12/01/2022 @ 10:00 AM in Courtroom 501 before Judge Joe Heaton.Signed by Judge Joe Heaton on 11/08/2022. (lam) (Entered: 11/08/2022) |
| 11/21/2022 | 437 | OBJECTIONS re 431 MOTION for Order *Approving Payment of September Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/21/2022) |
| 11/28/2022 | 438 | STATUS REPORT *October 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 11/28/2022) |
| 11/28/2022 | 439 | MOTION for Order *Excusing Appearance of Local Counsel* by Avon Capital LLC. (Rupe, Alan) (Entered: 11/28/2022) |
| 11/30/2022 | 440 | ORDER granting 439 Intervenor's motion to be excused at the motions hearing set 12/01/2022. Signed by Judge Joe Heaton on 11/30/2022. (lam) (Entered: 11/30/2022) |
| 11/30/2022 | 441 | MOTION for Order *Approving Payment of October Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 11/30/2022) |
| 12/01/2022 | 442 | Minute Entry for proceedings held before Judge Joe Heaton...motions hearing docket held on 12/1/2022 on 422 FOURTH MOTION for Order *Approving Distribution* filed by Ryan Leonard; 428 MOTION for Protective Order *and alternatively, motion to quash* filed by Avon Capital LLC; 427 MOTION to Quash *Interested Party Statement and Non-Judgment Debtor SDM Holdings, LLC's Motion to Quash Subpoenas Duces Tecum [DKT 425] Issued to Asset Servicing Group, Inc. and Receiver and Motion for Protective Order* filed by SDM Holdings LLC,; 429 *AMENDED MOTION to Quash Subpoenas Duces and Receiver Motion for Protective Order and Brief in Support* filed by SDM Holdings LLC; and 431 *MOTION for Order Approving Payment of September Fees and Costs* filed by Ryan Leonard; the court hears arguments from counsel; the court grants motions 422 , 427 , 428 , 429 and 431 ...the court makes findings from the bench...written order to follow; court adjourned. (Court Reporter Susan Fenimore.) (lam) (Entered: 12/01/2022) |

| | | |
|---|---|---|
| 12/02/2022 | 443 | ORDER granting motions 422 , 427 , 428 , 429 and 431 ...the subpoenas directed to the Receiver and Asset Servicing Group are quashed....see order for specifics. Signed by Judge Joe Heaton on 12/02/2022. (lam) (Entered: 12/02/2022) |
| 12/16/2022 | 444 | OBJECTIONS re 441 MOTION for Order *Approving Payment of October Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 12/16/2022) |
| 12/16/2022 | 445 | OBJECTIONS re 441 MOTION for Order *Approving Payment of October Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 12/16/2022) |
| 12/21/2022 | 446 | ORDER AND JUDGMENT of USCA as to 371 Notice of Appeal filed by SDM Holdings LLC. Dismissed. Terminated on the merits after submissions without oral hearing. Written, signed, unpublished. Judges Bacharach, Phillips (authoring) and Moritz. Mandate to issue. [22-6038] (rr) (Entered: 12/23/2022) |
| 01/04/2023 | 447 | ORDER granting 441 the Receiver's application for order approving payment...Receiver's fees and costs in the amount of $4,390.00 as set forth in the motion are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 01/04/2023. (lam) (Entered: 01/04/2023) |
| 01/05/2023 | 448 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 12-1-22 before Judge Heaton. Court Reporter: Susan Fenimore, Telephone number 405-609-5145. Transcript of: Motion Hearing Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/26/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/5/2023. (sf) (Entered: 01/05/2023) |
| 01/12/2023 | 449 | STATUS REPORT *November 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/12/2023) |
| 01/12/2023 | 450 | STATUS REPORT *December 2022* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 01/12/2023) |
| 01/20/2023 | 451 | MOTION for Order *Approving Payment of November Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 01/20/2023) |
| 01/30/2023 | 452 | OBJECTIONS re 451 MOTION for Order *Approving Payment of November Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 01/30/2023) |
| 01/30/2023 | 453 | ORDER of USCA as to 371 Notice of Appeal. Order filed by Judges Bacharach, Phillips and Moritz denying the petition for rehearing en banc filed by Appellant SDM Holdings, LLC. (cps) (Entered: 01/31/2023) |
| 02/07/2023 | 454 | USCA MANDATE Issued re 371 Notice of Appeal filed by SDM Holdings LLC. Mandate issued. [22-6038] (naa) (Entered: 02/07/2023) |
| 02/08/2023 | 455 | MOTION for Order *Approving Payment of December Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/08/2023) |
| 02/10/2023 | 456 | OBJECTIONS re 451 MOTION for Order *Approving Payment of November Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 02/10/2023) |
| 02/13/2023 | 457 | ORDER granting 451 Receiver's motion for approval of payment for November, 2022 costs and fees. See order for specifics. Signed by Judge Joe Heaton on 02/13/2023. (lam) |

**Exhibit 1    Page 38 of 55**

| | | (Entered: 02/13/2023) |
|---|---|---|
| 02/14/2023 | [458](#) | STATUS REPORT *January 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 02/14/2023) |
| 02/20/2023 | [459](#) | OBJECTIONS re [455](#) MOTION for Order *Approving Payment of December Fees and Costs* filed by Phoenix Charitable Trust, SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 02/20/2023) |
| 02/21/2023 | [460](#) | MOTION for Order *Approving Payment of January Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/21/2023) |
| 02/28/2023 | [461](#) | USCA Supplemental MANDATE Issued re [371](#) Notice of Appeal filed by SDM Holdings LLC. Supplement to mandate issued. [22-6038] (naa) (Entered: 03/01/2023) |
| 02/28/2023 | [465](#) | ORDER of USCA as to [371](#) Notice of Appeal filed by SDM Holdings LLC. Order filed by Judges Bacharach, Phillips and Moritz granting appellee's motion for attorneys' fees and remanding to district court to determine the amount as set forth in the attached order. Served on 02/28/2023. [22-6038] (naa) (Entered: 03/08/2023) |
| 03/01/2023 | [462](#) | OBJECTIONS re [455](#) MOTION for Order *Approving Payment of December Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/01/2023) |
| 03/07/2023 | [463](#) | FIFTH MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 03/07/2023) |
| 03/07/2023 | [464](#) | ORDER granting [455](#) the Receiver's motion for order approving payment. See order for specifics. Signed by Judge Joe Heaton on 03/07/2023. (lam) (Entered: 03/07/2023) |
| 03/10/2023 | [466](#) | OBJECTIONS re [460](#) MOTION for Order *Approving Payment of January Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/10/2023) |
| 03/14/2023 | [467](#) | OBJECTIONS re [460](#) MOTION for Order *Approving Payment of January Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/14/2023) |
| 03/20/2023 | [468](#) | OBJECTIONS re [463](#) FIFTH MOTION for Order *Approving Distribution* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/20/2023) |
| 03/20/2023 | [469](#) | ORDER granting [460](#) Receiver's motion for order approving payment. Receiver's fees and costs in the amount of $5,370.76 are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 03/20/2023. (lam) (Entered: 03/20/2023) |
| 03/24/2023 | [470](#) | MOTION for Attorney Fees *Against Jeffrey Sandberg* by Universitas Education LLC. (Attachments: # [1](#) Affidavit)(Manson, Joseph) (Entered: 03/24/2023) |
| 03/24/2023 | [471](#) | STATUS REPORT *February 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 03/24/2023) |
| 03/28/2023 | [472](#) | OBJECTIONS re [463](#) FIFTH MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 03/28/2023) |
| 03/31/2023 | [473](#) | MOTION for Order *Approving Payment of February Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/31/2023) |
| 04/04/2023 | [474](#) | ORDER granting [463](#) the Receiver's application for order approving distribution. The manager of SDM is authorized to make a distribution to its member Avon Capital, LLC in receivership in the amount of $10,855.00. Signed by Judge Joe Heaton on 04/04/2023. (lam) (Entered: 04/04/2023) |

**Exhibit 1    Page 39 of 55**

| 04/10/2023 | 475 | OBJECTIONS re 470 MOTION for Attorney Fees *Against Jeffrey Sandberg* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/10/2023) |
| 04/14/2023 | 476 | OBJECTIONS re 473 MOTION for Order *Approving Payment of February Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/14/2023) |
| 04/17/2023 | 477 | REPLY by Petitioner Universitas Education LLC re 470 MOTION for Attorney Fees *Against Jeffrey Sandberg*, 475 Objections filed by Universitas Education LLC. (Attachments: # 1 Exhibit)(Manson, Joseph) (Entered: 04/17/2023) |
| 04/21/2023 | 478 | ENTRY of Appearance by Ryan T Leonard on behalf of Ryan Leonard (Leonard, Ryan) (Main Document 478 replaced on 4/24/2023) (cps). (Entered: 04/21/2023) |
| 04/21/2023 | 479 | MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* by Ryan Leonard. (Leonard, Ryan) (Entered: 04/21/2023) |
| 04/21/2023 | 480 | ORDER granting 470 motion for attorney fees. See order for specifics. Signed by Judge Joe Heaton on 04/21/2023. (lam) (Entered: 04/21/2023) |
| 04/21/2023 | 481 | OBJECTIONS re 473 MOTION for Order *Approving Payment of February Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/21/2023) |
| 04/27/2023 | 482 | REPLY by other Phoenix Charitable Trust re 480 Order on Motion for Attorney Fees filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/27/2023) |
| 04/28/2023 | 483 | STATUS REPORT *March 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 04/28/2023) |
| 04/28/2023 | 484 | MEMORANDUM in Opposition re 482 Reply filed by Universitas Education LLC. (Manson, Joseph) (Entered: 04/28/2023) |
| 05/03/2023 | 485 | ORDER pursuant to the order of remand and for the reasons stated more fully in the courts Order entered April 21, 2023 480 the court concludes the amount of fees reasonably and necessarily incurred by plaintiff in connection with the referenced appeal is $38,847.50.Signed by Judge Joe Heaton on 05/03/2023. (lam) (Entered: 05/03/2023) |
| 05/03/2023 | 486 | ORDER granting 473 Receivers application for order approving payment of fees and costs. The Receivers fees and costs in the amount of $3,762.50, as set forth in the motion are approved and may be paid from the receivership estate. Signed by Judge Joe Heaton on 05/03/2023. (lam) (Entered: 05/03/2023) |
| 05/05/2023 | 487 | OBJECTIONS re 479 MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/05/2023) |
| 05/12/2023 | 488 | OBJECTIONS re 479 MOTION for Order *Receiver's Motion for Authority to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Avon Capital LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B) (Rupe, Alan) (Entered: 05/12/2023) |
| 05/22/2023 | 489 | MOTION for Order *Approving Payment of March Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/22/2023) |
| 05/30/2023 | 490 | ORDER granting 479 the Receiver's motion for authority. The Receiver is authorized to instruct the manager of SDM to pursue loans against policies held by it in an amount up to $300,000, as stated in the motion. Signed by Judge Joe Heaton on 05/30/2023. (lam) (Entered: 05/30/2023) |

| | | |
|---|---|---|
| 06/06/2023 | 491 | OBJECTIONS re 489 MOTION for Order *Approving Payment of March Fees and Costs* filed by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 06/06/2023) |
| 06/08/2023 | 492 | STATUS REPORT *April 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 06/08/2023) |
| 06/12/2023 | 493 | OBJECTIONS re 489 MOTION for Order *Approving Payment of March Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 06/12/2023) |
| 06/13/2023 | 494 | MOTION for Order *Approving Payment of April Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/13/2023) |
| 06/26/2023 | 495 | OBJECTIONS re 494 MOTION for Order *Approving Payment of April Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/26/2023) |
| 07/05/2023 | 496 | OBJECTIONS re 494 MOTION for Order *Approving Payment of April Fees and Costs* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 07/05/2023) |
| 07/07/2023 | 497 | USCA SUPPLEMENTAL MANDATE Issued re 371 Notice of Appeal filed by SDM Holdings LLC. Supplement to mandate issued. [22-6038] (kb) (Entered: 07/10/2023) |
| 07/11/2023 | 498 | ORDER granting 489 the Receiver's application for order approving payment. See order for specifics. Signed by Judge Joe Heaton on 07/11/2023. (lam) (Entered: 07/11/2023) |
| 07/13/2023 | 499 | ORDER AND JUDGMENT of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished; Judges Eid (authoring judge), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134, 22-6038] (kb) (Entered: 07/13/2023) |
| 07/13/2023 | 500 | ORDER to address the impact of the Court of Appeals' order on prior actions and to determine the course of further proceedings, this case is set for pretrial conference on 08/15/2023 at 1:30 p.m., in Courtroom No. 501 with the expectation that the parties may assert their respective positions by appropriate motions in the meantime. In the interim the court preliminarily readopts, instanter, the Report and Recommendation 218 previously adopted and based on the conclusions reached there, ORDERS AND ENJOINS Avon Capital LLC - Wyoming from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC or authorizing or permitting SDM Holdings, LLC to dispose of its assets pending further order of the court. Signed by Judge Joe Heaton on 07/13/2023. (lam) (Entered: 07/13/2023) |
| 07/14/2023 | 501 | STATUS REPORT *May 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/14/2023) |
| 07/14/2023 | 502 | MOTION for Order *Approving Payment of May Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/14/2023) |
| 07/18/2023 | 503 | ORDER of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Order filed by Clerk of the Court to correct clerical error in the 7/13/23 Order and Judgment (to remove 22-6038 from the caption). Served on 07/18/2023. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 07/19/2023) |
| 07/19/2023 | 504 | ORDER AND JUDGMENT of USCA as to 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished; |

| | | Judges Eid (authoring judge), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134](rr) (Entered: 07/19/2023) |
|---|---|---|
| 07/20/2023 | [505](#) | STATUS REPORT *June 2023* by Receiver Ryan Leonard. (Long, Heidi) (Entered: 07/20/2023) |
| 07/28/2023 | [506](#) | MOTION for Order *Imposing Constructive Trust* by Universitas Education LLC. (Manson, Joseph) (Entered: 07/28/2023) |
| 07/28/2023 | [507](#) | MEMORANDUM in Support re [506](#) MOTION for Order *Imposing Constructive Trust* filed by Universitas Education LLC. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit)(Manson, Joseph) (Entered: 07/28/2023) |
| 07/31/2023 | [508](#) | MOTION for Order *Approving Payment of June Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/31/2023) |
| 08/04/2023 | [509](#) | ORDER of USCA as to [241](#) Notice of Appeal filed by SDM Holdings LLC, [316](#) Notice of Appeal filed by SDM Holdings LLC, [245](#) Notice of Appeal filed by Avon Capital LLC, [315](#) Notice of Appeal filed by Avon Capital LLC. Order filed by Judges Eid, Baldock and Carson granting SDM Holdings, LLC's motion for leave to include an appendix to its petition for rehearing and granting both petitions for panel rehearing in part to the extent of the modifications in the attached revised order and judgment. The 07/13/2023 order and judgment is withdrawn and replaced by the attached order and judgment. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 08/07/2023) |
| 08/04/2023 | [510](#) | ORDER AND JUDGMENT of USCA as to [241](#) Notice of Appeal filed by SDM Holdings LLC, [316](#) Notice of Appeal filed by SDM Holdings LLC, [245](#) Notice of Appeal filed by Avon Capital LLC, [315](#) Notice of Appeal filed by Avon Capital LLC. Vacated and Remanded. Terminated on the merits after oral hearing. Written, signed, unpublished. Judges Eid (authoring), Baldock and Carson. Mandate to issue. [21-6044, 21-6049, 21-6133, 21-6134] (rr) (Entered: 08/07/2023) |
| 08/07/2023 | [511](#) | NOTICE (other) by Universitas Education LLC *of Refiling of Judgment* (Attachments: # [1](#) Attachment Certified Judgment and Order)(Manson, Joseph) (Entered: 08/07/2023) |
| 08/07/2023 | [512](#) | ORDER the court's order entered 07/13/2023, [500](#) is reaffirmed and considered reentered as of the date of this order. Signed by Judge Joe Heaton on 08/07/2023. (lam) (Entered: 08/07/2023) |
| 08/14/2023 | [513](#) | MOTION to Dismiss by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 08/14/2023) |
| 08/14/2023 | [514](#) | ENTRY of Appearance by Alan L Rupe on behalf of Avon Capital LLC (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [515](#) | MEMORANDUM in Opposition re [506](#) MOTION for Order *Imposing Constructive Trust*, [507](#) Memorandum in Support filed by Avon Capital LLC. (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [516](#) | MOTION to Dismiss for Lack of Jurisdiction by Avon Capital LLC. (Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [517](#) | MEMORANDUM in Support re [516](#) MOTION to Dismiss for Lack of Jurisdiction filed by Avon Capital LLC. (Attachments: # [1](#) Exhibit 1)(Rupe, Alan) (Entered: 08/14/2023) |
| 08/14/2023 | [518](#) | ENTRY of Appearance by Gerald P Green on behalf of Avon Capital LLC (Green, Gerald) (Entered: 08/14/2023) |

| | | |
|---|---|---|
| 08/15/2023 | 519 | RESPONSE in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 08/15/2023) |
| 08/15/2023 | 520 | Minute Entry for proceedings held before Judge Joe Heaton: Pretrial Conference held on 8/15/2023. Counsel for the parties present. Court hears oral arguments from counsel as to the recent judgment issued by the 10th Circuit Cour of Appeals as to the court's subject matter jurisdiction. The court re-acquires jurisdiction in this case. Effective upon issuance of the Mandate by the 10th Circuit the court denies the pending motions to dismiss 516 and 517 and readopts the Report and Recommendations by Magistrate Judge Suzanne Mitchell. The court invites supplemental briefing on the pending sanction motions with 21 days from the date the Mandate is filed. Court Adjourned. (Court Reporter Susan Fenimore.) (lam) (Entered: 08/15/2023) |
| 08/15/2023 | 521 | ORDER For the reasons stated more fully at the conclusion of the pretrial conference held on 08/15/2023 the court orders as follows: 1) effective as of the issuance of the mandate the pending motions to dismiss 513 and 516 are denied; 2) effective as of the issuance of the mandate this court's order of 02/11/2021 is readopted. Subject to the reacquisition of subject matter jurisdiction; 3) within 21 days from the issuance of the mandate the parties are directed to file any appropriate motions as to any reappointment of a receiver; 4) responses to Avon Capital and Phoenix to plaintiff's motion for imposition of a constructive trust 506 is due within 21 days from the issuance of the mandate; 5) within 21 days from the issuance of the mandate the parties and/or interested persons are granted leave to file a supplemental brief addressing the impact of the Circuit Court of Appeals decision if any on the pending motions for sanctions 236 , 273 and 275 ; and 6) within 7 days from the issuance of the mandate Universitas is directed to take whatever formal post-judgment collection steps it relies on in its efforts to collect the judgment as issue. See order for further specifics.. Signed by Judge Joe Heaton on 08/15/2023. (lam) (Entered: 08/15/2023) |
| 09/06/2023 | 522 | NOTICE OF APPEAL by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-4244441. (Sandberg, Jeffrey) (Entered: 09/06/2023) |
| 09/06/2023 | 523 | NOTICE OF APPEAL as to 512 Order by Avon Capital LLC. (Rupe, Alan) (Entered: 09/06/2023) |
| 09/07/2023 | 524 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 522 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(rr) (Entered: 09/07/2023) |
| 09/07/2023 | 525 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 523 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(rr) (Entered: 09/07/2023) |
| 09/07/2023 | 526 | Tenth Circuit USCA Case Number 23-6125 for 522 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 09/07/2023 Docketing statement and transcript order form due 09/21/2023 for SDM Holdings, LLC. Notice of appearance due on 09/21/2023 for SDM Holdings, LLC and Universitas Education, LLC. Disclosure statement due on 09/21/2023 for SDM Holdings, LLC and Universitas Education, LLC. [23-6125] (rr) (Entered: 09/07/2023) |
| 09/07/2023 | 527 | Tenth Circuit USCA Case Number 23-6126 for 523 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 09/06/2023 Docketing statement and transcript order form due 09/21/2023 for Avon Capital, LLC. Notice of appearance and disclosure statement due on 09/21/2023 for Avon |

**Exhibit 1   Page 43 of 55**

| | | Capital, LLC, SDM Holdings, LLC and Universitas Education, LLC. [23-6126] (rr) (Entered: 09/07/2023) |
|---|---|---|
| 09/20/2023 | 528 | TRANSCRIPT REQUEST by SDM Holdings LLC. (Sandberg, Jeffrey) (Entered: 09/20/2023) |
| 09/20/2023 | 529 | TRANSCRIPT LETTER advising no transcripts are necessary re 522 Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. (rp) (Entered: 09/20/2023) |
| 09/21/2023 | 530 | USCA Appeal Fee received in the amount of $ 505, receipt number 500003692, re 523 Notice of Appeal filed by Avon Capital LLC (naa) (Entered: 09/21/2023) |
| 09/21/2023 | 531 | TRANSCRIPT Order Form by Avon Capital LLC re 523 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 09/21/2023) |
| 09/25/2023 | 532 | TRANSCRIPT LETTER advising no transcripts are necessary re 523 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (ekw) (Entered: 09/25/2023) |
| 09/28/2023 | 533 | USCA MANDATE Issued re 241 Notice of Appeal filed by SDM Holdings LLC, 316 Notice of Appeal filed by SDM Holdings LLC, 245 Notice of Appeal filed by Avon Capital LLC, 315 Notice of Appeal filed by Avon Capital LLC. Mandate issued. [21-6044, 21-6049, 21-6133, 21-6134] (ekw) (Entered: 09/28/2023) |
| 10/05/2023 | 534 | MOTION for Judgment Debtor Exam by Universitas Education LLC. (Manson, Joseph) (Entered: 10/05/2023) |
| 10/05/2023 | 535 | MOTION for Writ of Garnishment *Issuance of Garnishment Summons* by Universitas Education LLC. (Attachments: # 1 Affidavit Garnishment Affidavit, # 2 Appendix Proposed Garnishment Summons)(Manson, Joseph) (Entered: 10/05/2023) |
| 10/13/2023 | 536 | NOTICE OF APPEAL as to 521 Order,,,,, by SDM Holdings LLC. Filing fee $ 505, receipt number AOKWDC-4271387. (Sandberg, Jeffrey) (Entered: 10/13/2023) |
| 10/19/2023 | 537 | MEMORANDUM in Support re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.*, 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion*, 236 MOTION for Sanctions filed by Universitas Education LLC. (Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 538 | RESPONSE in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 10/19/2023) |
| 10/19/2023 | 539 | SUPPLEMENT re 275 MOTION for Sanctions *Against Jeffrey Sandberg, Esq.*, 273 SUPPLEMENTAL MOTION for Sanctions *Brief in Support of Motion*, 236 MOTION for Sanctions by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 10/19/2023) |
| 10/19/2023 | 540 | MOTION to Appoint Receiver by Universitas Education LLC. (Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 541 | MEMORANDUM in Support re 540 MOTION to Appoint Receiver filed by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Manson, Joseph) (Entered: 10/19/2023) |
| 10/19/2023 | 542 | MEMORANDUM in Opposition re 506 MOTION for Order *Imposing Constructive Trust* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/19/2023) |
| 10/19/2023 | 543 | MOTION to Vacate 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order by Avon Capital LLC. (Rupe, |

| | | Alan) (Entered: 10/19/2023) |
|---|---|---|
| 10/25/2023 | 544 | NOTICE OF APPEAL as to 521 Order,,,,,, by Avon Capital LLC. (Rupe, Alan) (Entered: 10/25/2023) |
| 10/25/2023 | 545 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 544 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(kb) (Entered: 10/26/2023) |
| 10/26/2023 | 546 | MEMORANDUM in Opposition re 534 MOTION for Judgment Debtor Exam filed by Avon Capital LLC. (Rupe, Alan) (Entered: 10/26/2023) |
| 10/27/2023 | 547 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 536 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(kmt) (Entered: 10/27/2023) |
| 10/27/2023 | 548 | Tenth Circuit USCA Case Number 23-6167 for 536 Notice of Appeal filed by SDM Holdings LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/27/2023 Docketing statement and transcript order form due 11/13/2023 for SDM Holdings, LLC. Notice of appearance due on 11/13/2023 for SDM Holdings, LLC and Universitas Education, LLC. Disclosure statement due on 11/13/2023 for SDM Holdings, LLC and Universitas Education, LLC [23-6167] (rp) (Entered: 10/27/2023) |
| 10/27/2023 | 549 | Tenth Circuit USCA Case Number 23-6168 for 544 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 10/26/2023. Notice of appearance, transcript order form, disclosure statement and docketing statement due 11/13/2023 for Avon Capital, LLC. Fee is due in district court by 11/13/2023 for Avon Capital, LLC. Notice of appearance and disclosure statement due on 11/13/2023 for Universitas Education, LLC. [23-6168] (rp) (Entered: 10/27/2023) |
| 10/30/2023 | 550 | USCA Appeal Fee received in the amount of $ 505, receipt number 500004262, re 544 Notice of Appeal filed by Avon Capital LLC. Receipt e-mailed to payer. (rp) (Entered: 10/30/2023) |
| 10/31/2023 | 551 | MOTION to Amend/Correct 541 Memorandum in Support *of Motion to Appoint Receiver* by Universitas Education LLC. (Attachments: # 1 Exhibit Proposed Amended Motion, # 2 Exhibit Redline)(Manson, Joseph) (Entered: 10/31/2023) |
| 11/07/2023 | 552 | SUPPLEMENT re 537 Memorandum in Support, by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/07/2023) |
| 11/09/2023 | 553 | TRANSCRIPT Order Form by SDM Holdings LLC re 536 Notice of Appeal that transcripts are necessary. See order form for dates and proceedings. (Sandberg, Jeffrey) (Entered: 11/09/2023) |
| 11/09/2023 | 554 | MEMORANDUM in Opposition re 543 MOTION to Vacate 310 Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, 311 Order filed by Universitas Education LLC. (Manson, Joseph) (Entered: 11/09/2023) |
| 11/09/2023 | 555 | RESPONSE in Opposition re 540 MOTION to Appoint Receiver filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 11/09/2023) |
| 11/09/2023 | 556 | RESPONSE in Opposition re 540 MOTION to Appoint Receiver filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/09/2023) |
| 11/13/2023 | 557 | TRANSCRIPT Order Form by Avon Capital LLC re 544 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: |

| | | 11/13/2023) |
|---|---|---|
| 11/14/2023 | [558](#) | TRANSCRIPT LETTER advising no transcripts are necessary re [544](#) Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (rp) (Entered: 11/14/2023) |
| 11/16/2023 | [559](#) | REPLY to Response to Motion re [543](#) MOTION to Vacate [310](#) Order on Motion for Order, Order on Motion to Appoint Receiver, Order on Motion to Stay Case,,,,,, [311](#) Order filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/16/2023) |
| 11/21/2023 | [560](#) | MEMORANDUM in Opposition re [551](#) MOTION to Amend/Correct [541](#) Memorandum in Support *of Motion to Appoint Receiver* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 11/21/2023) |
| 11/27/2023 | [561](#) | TRANSCRIPT Order Form by Susan Fenimore that transcripts are necessary. See order form for dates and proceedings. Estimated completion date 12-27-23. (sf) (Entered: 11/27/2023) |
| 12/19/2023 | [562](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT before Judge Heaton, re [536](#) Notice of Appeal Court Reporter Susan Fenimore, Telephone number 405-609-5145. Transcript of: Proceedings Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/9/2024. Redacted Transcript Deadline set for 1/19/2024. Release of Transcript Restriction set for 3/18/2024. (sf) (Entered: 12/19/2023) |
| 12/27/2023 | [563](#) | TRANSCRIPT LETTER advising transcripts have been electronically filed re [536](#) Notice of Appeal filed by SDM Holdings LLC. The record is ready for appeal purposes. A review of the district court docket indicates the ordered transcript has been filed by Susan Fenimore. Notice due that record is complete by 01/03/2024 for Carmelita Reeder Shinn [23-6167] (kb) (Entered: 12/27/2023) |
| 01/04/2024 | [564](#) | ORDER for the reasons stated in the order the court orders as follows: 1) the motion for sanctions against SDM [236](#) and [273](#) is stricken; 2) the motion for sanctions against Mr. Sandberg [275](#) is denied; 3) the pending motions for approval of compensation for the former receiver [494](#) , [502](#) and [508](#) are denied; 4) the motion for appointment of receiver [540](#) is granted; 5) petitioner's motion to amend [551](#) is granted; 6) the motion for imposition of a constructive trust [506](#) is denied; 7) the motion for issuance of writ of garnishment [535](#) is granted; 8) the motion for hearing on assets [534](#) is denied; and 9) the motion to vacate orders and shifts costs [543](#) is granted to the extent stated in the order. Per that discussion, Avon Capital - Wyoming shall be entitled to recover the costs of the receivership, in the amount of $96,323, from petitioner Universitas Education LLC, subject to offset as indicated, at the conclusion of the case. Signed by Judge Joe Heaton on 01/04/2024. (lam) (Entered: 01/04/2024) |
| 01/04/2024 | [565](#) | ORDER for the reasons stated in the order [564](#) entered this date, Ryan Leonard, Esq. is appointed as Receiver of Avon Capital LLC, a limited liability company formed under the laws of the State of Wyoming...the court further orders as follow: 1) the Receiver shall have the powers and duties ordinarily held by court appointed receivers; 2) Receiver is directed to identify and take steps as may be appropriate to preserve the assets of Avon Capital LLC including the insurance policies held through SDM Holdings, LLC; 3) The Receiver is authorized to pay bills and expenses necessary to maintain Avon Capital LLC assets; 4) the Receiver is authorized to enter into contracts; 5) Absent further order of the court, the Receiver's authority shall not extend to authorizing or directing, directly or indirectly the sale or other disposition of the assets of SDM Holdings, LLC including insurance policies at issue in the case; 6) The Receiver shall be entitled to compensation; 7) The Receiver is directed to file forthwith the attached Oath of Receiver and is directed |

**Exhibit 1    Page 46 of 55**

| | | |
|---|---|---|
| | | to file or reaffirm his earlier receiver' bond in the amount of $10,000 within 7 days; 8) The Receiver serves to discharge his duties under the order as an officer of the court; 9) the Receiver is directed to file monthly reports of his findings and activities; and 10) The Receiver or any party may move to supplement and/or clarify this order of appointment as necessary and appropriate.. Signed by Judge Joe Heaton on 01/04/2024. (Attachments: # 1 Attachment Oath to the Receiver)(lam) (Entered: 01/04/2024) |
| 01/08/2024 | 566 | OATH OF RECEIVER by Ryan Leonard as an officer of the court to discharge duties as Receiver. (lam) (Entered: 01/09/2024) |
| 01/09/2024 | 567 | BOND OF RECEIVER in the amount of $10,000.00 posted by Ryan Leonard, Receiver per order of the court 565 . (lam) (Entered: 01/09/2024) |
| 01/09/2024 | 568 | NOTICE OF APPEAL as to 564 Order on Motion for Order,,,,, Order on Motion for Judgment Debtor Exam, Order on Motion for Writ of Garnishment, Order on Motion to Appoint Receiver, Order on Motion to Vacate, Order on Motion to Amend/Correct, Order on Motion for Sanctions,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, 565 Order,,,,, by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4331295. (Rupe, Alan) (Entered: 01/09/2024) |
| 01/09/2024 | 569 | NOTICE (other) by Ryan Leonard *Removal and Appointment of Manager(s) of SDM Holdings, LLC* (Leonard, Ryan) (Entered: 01/09/2024) |
| 01/09/2024 | 570 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 568 Notice of Appeal, (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(kb) (Entered: 01/10/2024) |
| 01/22/2024 | 571 | MOTION to Clarify *Authority* by Ryan Leonard. (Attachments: # 1 Exhibit 1- ASG's counsel's correspondence dated January 19, 2024)(Leonard, Ryan) (Entered: 01/22/2024) |
| 01/23/2024 | 572 | ORDER any response to the Receiver's motion to clarify authority 571 shall be filed on or before 01/30/2024. Signed by Judge Joe Heaton on 01/23/2024. (lam) (Entered: 01/23/2024) |
| 01/24/2024 | 573 | TRANSCRIPT Order Form by Avon Capital LLC re 568 Notice of Appeal, that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 01/24/2024) |
| 01/24/2024 | 574 | TRANSCRIPT LETTER advising no transcripts are necessary re 568 Notice of Appeal, filed by Avon Capital LLC. The record is ready for appeal purposes. (kb) (Entered: 01/24/2024) |
| 01/26/2024 | 575 | NOTICE (other) by Ryan Leonard *Change of Firm Name and Email Address* (Leonard, Ryan) (Entered: 01/26/2024) |
| 01/26/2024 | 576 | NOTICE (other) by Ryan Leonard *Change of Firm Name and Email Address* (Long, Heidi) (Entered: 01/26/2024) |
| 01/30/2024 | 577 | OBJECTIONS re 571 MOTION to Clarify *Authority* filed by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh A - OK SOS Info)(Sandberg, Jeffrey) (Entered: 01/30/2024) |
| 01/30/2024 | 578 | RESPONSE to Motion re 571 MOTION to Clarify *Authority* filed by Asset Servicing Group LLC. (McVay, Melvin) (Entered: 01/30/2024) |
| 01/30/2024 | 579 | RESPONSE to Motion re 571 MOTION to Clarify *Authority* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 01/30/2024) |

| 01/30/2024 | [580](#) | MEMORANDUM in Opposition re [571](#) MOTION to Clarify *Authority* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 01/30/2024) |
|---|---|---|
| 02/01/2024 | [581](#) | NOTICE (other) by Ryan Leonard *Receiver's Report for January 2024* (Leonard, Ryan) (Entered: 02/01/2024) |
| 02/05/2024 | [582](#) | ORDER granting [571](#) Receiver's motion to clarify authority. The court states that it would grant the receivers motion and/or answer the questions of ASG as indicated if the case is remanded for that purpose. See order for specifics. Signed by Judge Joe Heaton on 02/05/2024. (lam) (Entered: 02/05/2024) |
| 02/06/2024 | [583](#) | Tenth Circuit USCA Case Number 24-6006 for [568](#) Notice of Appeal, filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 01/10/2024 Docketing statement, transcript order form, disclosure statement and notice of appearance due 01/24/2024 for Avon Capital, LLC. Disclosure statement and notice of appearance due on 01/24/2024 for Universitas Education, LLC [24-6006] (naa) (Entered: 02/07/2024) |
| 02/12/2024 | [584](#) | EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* by Asset Servicing Group LLC. (Attachments: # [1](#) Exhibit Agreement and Plan of Merger)(McVay, Melvin) (Entered: 02/12/2024) |
| 02/13/2024 | [585](#) | MOTION for Order *Approving Payment of January 2024 Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 02/13/2024) |
| 02/13/2024 | [586](#) | MOTION for Order *Modifying Injunction* by Universitas Education LLC. (Attachments: # [1](#) Exhibit)(Manson, Joseph) (Entered: 02/13/2024) |
| 02/14/2024 | [587](#) | RESPONSE to Motion re [571](#) MOTION to Clarify *Authority Supplement to Response of Asset Servicing Group, LLC to Receiver's Motion to Clarify Authority* filed by Asset Servicing Group LLC. (Attachments: # [1](#) Exhibit 1-Agreement and Plan of Merger) (McVay, Melvin) (Entered: 02/14/2024) |
| 02/15/2024 | [588](#) | MOTION for Leave to Appear Pro Hac Vice *of Francis M. Schneider* Filing fee $ 100, receipt number AOKWDC-4360603 by Avon Capital LLC. (Attachments: # [1](#) Exhibit Request for Admission Pro Hac Vice)(Green, Gerald) (Entered: 02/15/2024) |
| 02/15/2024 | [589](#) | ORDER granting [588](#) Francis M. Schneider, Esq. leave to appear pro hac vice as counsel for Avon Capital LLC. See order for specifics. Signed by Judge Joe Heaton on 02/15/2024. (lam) (Entered: 02/15/2024) |
| 02/16/2024 | [590](#) | ENTRY of Appearance by Francis Schneider on behalf of Avon Capital LLC (Schneider, Francis) (Entered: 02/16/2024) |
| 02/16/2024 | [591](#) | ORDER of USCA as to [568](#) Notice of Appeal, filed by Avon Capital LLC. Order filed by Judges Matheson and Bacharach granting Receiver Ryan T. Leonard's motion for leave to intervene for limited purpose of seeking partial remand. We remand to the district court for the limited purpose of ruling on Mr. Leonard's Motion to Clarify Authority. The deadline for Avon-WY to file its opening brief and appendix in this appeal is vacated, and proceedings are abated pending further order of the court. Please see attached order for additional information. Served on 02/16/2024. [24-6006] (naa) (Entered: 02/16/2024) |
| 02/19/2024 | [592](#) | OBJECTIONS re [571](#) MOTION to Clarify *Authority Post -Advisory Opinion Opposition to and Interested Party Statement Regarding the Receiver's Motion to Clarify Authority, and Brief-in-Support* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 02/19/2024) |

| | | |
|---|---|---|
| 02/20/2024 | 593 | RESPONSE in Opposition re 571 MOTION to Clarify *Authority* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 02/20/2024) |
| 02/22/2024 | 594 | ORDER the Receiver's motion to clarify authority 571 is granted, clarifying or re-stating the court's determinations as set out in this order. Signed by Judge Joe Heaton on 02/22/2024. (lam) (Entered: 02/22/2024) |
| 02/28/2024 | 595 | NOTICE OF APPEAL as to 594 Order by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4370892. (Rupe, Alan) (Entered: 02/28/2024) |
| 02/28/2024 | 596 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 595 Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(ekw) (Entered: 02/28/2024) |
| 02/28/2024 | 597 | MOTION to Disqualify Judge *Interested Party's Partially Unopposed Motion for Disqualification and Brief-In-Support* by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh 1 Transcript - 09-20-2021., # 2 Exhibit Exh 2 Book cover., # 3 Exhibit Exh 3 Joe Heaton Author - Oklahoma Hall of Fame (book re J Leonard), # 4 Exhibit Exh 4 Decl of J Sandberg)(Sandberg, Jeffrey) (Entered: 02/28/2024) |
| 02/29/2024 | 598 | Tenth Circuit USCA Case Number 24-6033 for 595 Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 02/28/2024. Notice of appearance, Docketing statement, Disclosure statement, and Transcript order form due 03/14/2024 for Avon Capital, LLC. Notice of appearance and Disclosure statement due on 03/14/2024 for Universitas Education, LLC. Notice of appearance due on 03/14/2024 for Ryan T. Leonard. LLC [24-6033] (naa) (Entered: 02/29/2024) |
| 02/29/2024 | 599 | ORDER denying 597 Phoenix Charitable Trust's motion to disqualify presiding judge. There is nothing about the facts referenced in the motion which is materially different from the courts prior disclosures, or which otherwise creates a basis for recusal. Signed by Judge Joe Heaton on 02/29/2024. (lam) (Entered: 02/29/2024) |
| 03/04/2024 | 600 | OBJECTIONS re 585 MOTION for Order *Approving Payment of January 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/04/2024) |
| 03/04/2024 | 601 | OBJECTIONS re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/04/2024) |
| 03/04/2024 | 602 | MEMORANDUM in Opposition re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 03/04/2024) |
| 03/05/2024 | 603 | TRANSCRIPT Order Form by Avon Capital LLC re 595 Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 03/05/2024) |
| 03/05/2024 | 604 | TRANSCRIPT LETTER advising no transcripts are necessary re 595 Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (naa) (Entered: 03/05/2024) |
| 03/05/2024 | 605 | NOTICE (other) by Asset Servicing Group LLC re 584 EMERGENCY MOTION for Interpleader Deposit (28 U.S.C. Section 1335) *and Request for Emergency Hearing Withdrawal of Doc. 584* (Ketter, Clayton) (Entered: 03/05/2024) |
| 03/05/2024 | 606 | RESPONSE in Opposition re 586 MOTION for Order *Modifying Injunction Interested Party Statement and Opposition to Universitas Education, LLC's Motion to Modify* |

| | | |
|---|---|---|
| | | *Injunction, and Brief-In-Support* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/05/2024) |
| 03/05/2024 | 607 | MEMORANDUM in Opposition re 586 MOTION for Order *Modifying Injunction* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 03/05/2024) |
| 03/06/2024 | 608 | NOTICE (other) by Ryan Leonard *Receiver's Report for February 2024* (Leonard, Ryan) (Entered: 03/06/2024) |
| 03/07/2024 | 609 | ENTER ORDER striking 584 Asset Servicing Group, LLC's emergency motion for order allowing interpleader of funds and establishing ownership and control of the SDM Portfolio. Motion withdrawn per Notice 605 . Signed by Judge Joe Heaton on 03/07/2024. (lam) (Entered: 03/07/2024) |
| 03/11/2024 | 610 | MOTION for Extension of Time *to File Reply Brief* by Universitas Education LLC. (Manson, Joseph) (Entered: 03/11/2024) |
| 03/12/2024 | 611 | MOTION for Order *Approving Payment of February 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 03/12/2024) |
| 03/12/2024 | 612 | ORDER granting 610 Universitas Education LLC's unopposed motion for extension of deadline. Petitioner shall file its reply to its emergency motion to modify injunction 586 not later than 03/22/2024. Signed by Judge Joe Heaton on 03/12/2024. (lam) (Entered: 03/12/2024) |
| 03/20/2024 | 613 | OBJECTIONS re 611 MOTION for Order *Approving Payment of February 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 03/20/2024) |
| 03/21/2024 | 614 | ORDER granting 585 Receiver's motion for order approving payment of fees and costs for January 2024. Signed by Judge Joe Heaton on 03/21/2024. (lam) (Entered: 03/21/2024) |
| 03/22/2024 | 615 | REPLY by Petitioner Universitas Education LLC re 586 MOTION for Order *Modifying Injunction* filed by Universitas Education LLC. (Attachments: # 1 Exhibit)(Manson, Joseph) (Entered: 03/22/2024) |
| 03/25/2024 | 616 | MOTION for Order *Approving Distribution* by Ryan Leonard. (Long, Heidi) (Entered: 03/25/2024) |
| 03/26/2024 | 617 | NOTICE (other) by Ryan Leonard *Notice Regarding Status of Portfolio of Policies Held Through SDM Holdings, LLC* (Attachments: # 1 Exhibit 1- Cease and Desist Correspondence of March 7, 2023, # 2 Exhibit 2- Sampling of Insurer Correspondence Reflecting Change of Address to Connecticut)(Leonard, Ryan) (Entered: 03/26/2024) |
| 03/29/2024 | 618 | ORDER granting 586 Universitas' emergency motion to modify injunction. The injunction previously entered is modified with additional proscriptions as more fully stated in the order. Signed by Judge Joe Heaton on 03/29/2024. (lam) (Entered: 03/29/2024) |
| 04/01/2024 | 619 | CERTIFICATE of Counsel re 618 Order on Motion for Order by Alan L Rupe on behalf of Avon Capital LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rupe, Alan) (Entered: 04/01/2024) |
| 04/02/2024 | 620 | RESPONSE in Opposition re 611 MOTION for Order *Approving Payment of February 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/02/2024) |
| 04/02/2024 | 621 | CERTIFICATE *Interested Party's Certificate - Order Emailed by Counsel*. (Sandberg, Jeffrey) (Entered: 04/02/2024) |

**Exhibit 1   Page 50 of 55**

| 04/05/2024 | 622 | MOTION for Order *Approving Payment of March 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 04/05/2024) |
| 04/05/2024 | 623 | NOTICE (other) by Ryan Leonard *Receiver's March 2024 Report* (Leonard, Ryan) (Entered: 04/05/2024) |
| 04/08/2024 | 624 | MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* by Ryan Leonard. (Leonard, Ryan) (Entered: 04/08/2024) |
| 04/08/2024 | 625 | NOTICE OF APPEAL as to 618 Order on Motion for Order by Avon Capital LLC. Filing fee $ 605, receipt number AOKWDC-4403610. (Schneider, Francis) (Entered: 04/08/2024) |
| 04/09/2024 | 626 | AMENDED NOTICE OF APPEAL as to 618 Order on Motion for Order by Avon Capital LLC . (Schneider, Francis) (Entered: 04/09/2024) |
| 04/09/2024 | 627 | PRELIMINARY RECORD LETTER - Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 626 Amended Notice of Appeal (Attachments: # 1 Attachment 1 - Preliminary Record on Appeal)(naa) (Entered: 04/09/2024) |
| 04/09/2024 | 628 | Tenth Circuit USCA Case Number 24-6066 for 626 Amended Notice of Appeal filed by Avon Capital LLC. Civil case docketed. Preliminary record filed. DATE RECEIVED: 04/09/2024. Notice of appearance, Docketing statement, Disclosure statement, and Transcript order form due 04/23/2024 for Avon Capital, LLC. Notice of appearance and Disclosure statement due on 04/23/2024 for Universitas Education, LLC. [24-6066] (naa) (Entered: 04/10/2024) |
| 04/15/2024 | 629 | MEMORANDUM in Opposition re 616 MOTION for Order *Approving Distribution* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/15/2024) |
| 04/15/2024 | 630 | RESPONSE in Opposition re 616 MOTION for Order *Approving Distribution* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered:04/15/2024) |
| 04/19/2024 | 631 | ORDER granting 611 the Receiver's motion for order approving payment of fees and costs in the amount of $11,357.50 to be paid from the receivership estate. Signed by Judge Joe Heaton on 04/19/2024. (lam) (Entered: 04/19/2024) |
| 04/23/2024 | 632 | RESPONSE in Opposition re 624 MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/23/2024) |
| 04/23/2024 | 633 | OBJECTIONS re 622 MOTION for Order *Approving Payment of March 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 04/23/2024) |
| 04/25/2024 | 634 | TRANSCRIPT Order Form by Avon Capital LLC re 626 Amended Notice of Appeal that transcripts are not necessary. See order form for dates and proceedings. (Rupe, Alan) (Entered: 04/25/2024) |
| 04/25/2024 | 635 | MOTION for Order *Authorizing Distributions* by Ryan Leonard. (Attachments: # 1 Exhibit Portion of 12-21-2021 Transcript)(Long, Heidi) (Entered: 04/25/2024) |
| 04/25/2024 | 636 | TRANSCRIPT LETTER advising no transcripts are necessary re 626 Amended Notice of Appeal filed by Avon Capital LLC. The record is ready for appeal purposes. (naa) (Entered: 04/25/2024) |

| 04/26/2024 | 637 | MEMORANDUM in Opposition re 622 MOTION for Order *Approving Payment of March 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 04/26/2024) |
|---|---|---|
| 04/29/2024 | 638 | OBJECTIONS re 624 MOTION for Order *Receiver's Motion for Authorization to Obtain Loans Against Certain Policies, If Necessary, For Payment of Premiums and Expenses* filed by Avon Capital LLC. (Rupe, Alan) (Entered: 04/29/2024) |
| 04/30/2024 | 639 | ORDER granting 616 the Receiver's motion for order approving distribution of funds. See order for specifics. Signed by Judge Joe Heaton on 04/30/2024. (lam) (Entered: 04/30/2024) |
| 05/02/2024 | 640 | NOTICE of Subpoena by Ryan Leonard *Notice of Intent to Serve Subpoena- Asset Servicing Group, LLC* (Attachments: # 1 Exhibit 1- Subpoena to Asset Servicing Group, LLC)(Leonard, Ryan) (Entered: 05/02/2024) |
| 05/02/2024 | 641 | NOTICE of Subpoena by Ryan Leonard *Notice of Intent to Serve Subpoena- Metropolitan Life Insurance Company* (Attachments: # 1 Exhibit 1- Subpoena to MetLife)(Leonard, Ryan) (Entered: 05/02/2024) |
| 05/06/2024 | 642 | ORDER granting 622 the Receiver's motion for order approving payment of fees and costs as set forth in the motion. Signed by Judge Joe Heaton on 05/06/2024. (lam) (Entered: 05/06/2024) |
| 05/06/2024 | 643 | NOTICE (other) by Ryan Leonard *Receiver's Emergency Notice Regarding Correspondence from Insurance Company* (Attachments: # 1 Exhibit 1- Correspondence from Counsel for Jackson National Life Insurance Company, # 2 Exhibit 2- Correspondence from ASG, LLC to Jackson dated March 28, 2024, # 3 Exhibit 3- Receiver's Correspondence to Jackson dated March 29, 2024, # 4 Exhibit 4- SDM-Connecticut Correspondence to Jackson Received on April 30, 2024)(Leonard, Ryan) (Entered: 05/06/2024) |
| 05/09/2024 | 644 | ORDER granting 624 Receiver's motion for authority. The Receiver is authorized to instruct the manager of SDM to pursue loans against policies held by it in an amount up to $400,000 as stated in the motion. Signed by Judge Joe Heaton on 05/09/2024. (lam) (Entered: 05/09/2024) |
| 05/09/2024 | 645 | MOTION to Quash *INTERESTED PARTY STATEMENT AND NON-JUDGMENT DEBTOR SDM HOLDINGS, LLCS MOTION TO QUASH SUBPOENAS DUCES TECUM [DKT 640, 641] ISSUED TO ASSET SERVICING GROUP, INC. AND METROPOLITAN LIFE INSURANCE COMPANY AND MOTION FOR PROTECTIVE ORDER, AND BRIEF-IN-SUPPORT* by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/09/2024) |
| 05/09/2024 | 646 | OBJECTIONS re 640 Notice of Subpoena filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/09/2024) |
| 05/09/2024 | 647 | OBJECTIONS re 641 Notice of Subpoena filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/09/2024) |
| 05/09/2024 | 648 | OBJECTIONS re 635 MOTION for Order *Authorizing Distributions INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLCS OPPOSITION TO RECEIVERS APPLICATION FOR DISTRIBUTION [DKT635]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/09/2024) |
| 05/15/2024 | 649 | ORDER denying 645 Phoenix Charitable Trust motion to quash. See order for specifics. Signed by Judge Joe Heaton on 05/15/2024. (lam) (Entered: 05/15/2024) |

| 05/16/2024 | 650 | MEMORANDUM in Opposition re 635 MOTION for Order *Authorizing Distributions* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 05/16/2024) |
|---|---|---|
| 05/17/2024 | 651 | MOTION for Order *Approving Payment of April 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 05/17/2024) |
| 05/22/2024 | 652 | MOTION to Vacate *INTERESTED PARTYS PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 05/22/2024) |
| 05/28/2024 | 653 | NOTICE (other) by Ryan Leonard *Receiver's Report (Time-Sensitive)* (Attachments: # 1 Exhibit 1- J. Boothroyd Correspondence of May 16, 2024, to Lafayette Life Insurance Company and Western and Southern Life Insurance Company, # 2 Exhibit 2- MetLife Interpleader Complaint, # 3 Exhibit 3- January 2024 Correspondence, # 4 Exhibit 4- February 2024 Correspondence, # 5 Exhibit 5- March 2024 Correspondence, # 6 Exhibit 6- April 2024 Correspondence)(Leonard, Ryan) (Entered: 05/28/2024) |
| 05/30/2024 | 654 | NON-CONTINUING GARNISHMENT SUMMONS the State of Oklahoma to garnishee, SDM Holdings, LLC as garnishee for defendant Avon Capital, LLC. See Garnishment Summons for specifics. (lam) (Entered: 05/30/2024) |
| 06/03/2024 | 655 | EMERGENCY MOTION for Order to Show Cause by Universitas Education LLC. (Attachments: # 1 Exhibit, # 2 Exhibit)(Manson, Joseph) (Entered: 06/03/2024) |
| 06/05/2024 | 656 | ORDER TO SHOW CAUSE to SDM Holdings, LLC, Daniel E. Carpenter, and Johathan Boothroyd to appear at the Show Cause Hearing set 06/26/2024 @ 10:00 AM in Courtroom 501 before Judge Joe Heaton. The United States Marshal is directed to effect personal service of this order on SDM Holdings, LLC, Daniel E. Carpenter, and Jonathan Boothroyd and to file proof of service promptly after making same but in no event later than 06/20/2024. Universitas is directed to immediately provide to the U.S. Marshal such additional location/address information as it may have for the referenced entity and individuals. Signed by Judge Joe Heaton on 06/05/2024. (lam) (Entered: 06/05/2024) |
| 06/07/2024 | 657 | RESPONSE in Opposition re 651 MOTION for Order *Approving Payment of April 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 06/07/2024) |
| 06/10/2024 | 658 | ANSWER to Writ of Garnishment re 654 Summons Issued by Ryan Leonard. (Leonard, Ryan) (Entered: 06/10/2024) |
| 06/10/2024 | 659 | OBJECTIONS re 651 MOTION for Order *Approving Payment of April 2024 Fees and Costs INTERESTED PARTYS STATEMENT AND OPPOSITION TO RECEIVERS APPLICATION FOR ORDER APPROVING APRIL FEES AND COSTS [DKT 651]* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/10/2024) |
| 06/12/2024 | 660 | MEMORANDUM in Opposition re 652 MOTION to Vacate *INTERESTED PARTYS PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* filed by Universitas Education LLC. (Manson, Joseph) (Entered: 06/12/2024) |
| 06/14/2024 | 661 | MOTION for Order *Approving Payment of May 2024 Fees and Costs* by Ryan Leonard. (Attachments: # 1 Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 06/14/2024) |
| 06/19/2024 | 662 | NOTICE (other) by Ryan Leonard *Receiver's Report (through June 19, 2024)* (Attachments: # 1 Exhibit 1- Correspondence of SDM-CT counsel Robert Cox to Jackson |

| | | National Life Insurance Company dated May 23, 2024)(Leonard, Ryan) (Entered: 06/19/2024) |
|---|---|---|
| 06/24/2024 | 663 | REPLY by other Phoenix Charitable Trust *INTERESTED PARTYS REPLY TO PETITIONERS RESPONSE TO THE PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUITS ORDER AFFIRMING THE DISMISSAL OF UNIVERSITASS CLAIMS AND BRIEF-IN-SUPPORT* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 06/24/2024) |
| 06/24/2024 | 664 | SUPPLEMENT re 663 Reply, by Phoenix Charitable Trust. (Attachments: # 1 Exhibit Exh 2)(Sandberg, Jeffrey) (Entered: 06/24/2024) |
| 06/25/2024 | 665 | OBJECTIONS re 655 EMERGENCY MOTION for Order to Show Cause filed by Avon Capital LLC. (Attachments: # 1 Exhibit A, Letter from J. Manson to A. Rupe dated February 10, 2021, # 2 Exhibit B, Letter from A. Rupe to J. Manson dated February 12, 2024)(Schneider, Francis) (Entered: 06/25/2024) |
| 06/25/2024 | 666 | SUMMONS Returned the court's order 656 was executed on counsel for the specific parties by the U.S. Marshal's Office, District of Connecticut. (naa) Modified on 6/25/2024 (lam). (Entered: 06/25/2024) |
| 06/26/2024 | 667 | Minute Entry for proceedings held before Judge Joe Heaton: Show Cause hearing held on Universitas Education LLC's Emergency Motion for Order to Show Cause 655 filed 06/03/2024 and the court's Order 656 filed 06/05/2024. Counsel for the parties present. U.S. Marshal Johnny Kuhlman addresses the court as to the U.S. Marshals Office in the district of Connecticut failed to timely effect service of the courts cause order on the designated parties listed in the show cause order. The court then hears arguments from counsel. The court continues this hearing to 07/18/2024 at 10:00 a.m., in Courtroom No. 501 and directs the U.S. Marshal to effect service on the designated parties. Written order to follow. Court Adjourned. (Court Reporter Cassy Kerr.) (lam) (Entered: 06/26/2024) |
| 06/26/2024 | 668 | ORDER granting 651 the Receiver's motion for approval of payment for April 2024 costs and fees. See order for specifics. Signed by Judge Joe Heaton on 06/26/2024. (lam) (Entered: 06/26/2024) |
| 06/26/2024 | 669 | ORDER granting 635 Receiver's motion for approval of distributions from SDM Holdings, LLC to Avon Capital, LLC for fees and expenses from 02/2024. See order for specifics. Signed by Judge Joe Heaton on 06/26/2024. (lam) (Entered: 06/26/2024) |
| 06/27/2024 | 670 | SECOND ORDER TO SHOW CAUSE...in light of the failure of service and non-appearance, and for the reasons stated at the 06/26/2024 show cause hearing the court orders as follows: 1) SDM Holdings, LLC, Daniel E. Carpenter and Jonathan Boothroyd shall appear on 07/18/2024 at 10:00 a.m. in Courtroom No. 501 and show cause why they should not be found in contempt for violating the court's 03/29/2024 injunction; 2) the U.S. Marshal is ordered to effect personal service on the parties (and not through service on a purported agent) and file proof of service not later than 07/16/2024. Universitas is directed to immediately provide the U.S. Marshal with additional location/address information as to the referenced entity and individuals; 3) the court concludes that the contempt proceedings should be viewed as criminal in nature. The court tenders this matter to the U.S. Attorney for entry of their appearances forthwith. The contempt charges are set for trial on 08/21/2024 in the U.S. Courthouse for this district. The Clerk of Court is directed to open a new file under a separate Miscellaneous file number with the heading "In Re Contempt Proceedings Against Daniel E. Carpenter, Jonathan Boothroyd and SDM Moldings, LLC." Further filings as to criminal contempt matter shall be filed under the Miscellaneous case number. See order for further specifics. Signed by Judge Joe Heaton on 06/27/2024. (lam) (Entered: 06/27/2024) |

**Exhibit 1   Page 54 of 55**

| 07/05/2024 | [671](#) | OBJECTIONS re [661](#) MOTION for Order *Approving Payment of May 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/05/2024) |
| --- | --- | --- |
| 07/08/2024 | [672](#) | RETURN OF SERVICE (dtb) (Entered: 07/08/2024) |
| 07/08/2024 | [673](#) | RESPONSE in Opposition re [661](#) MOTION for Order *Approving Payment of May 2024 Fees and Costs* filed by Avon Capital LLC. (Schneider, Francis) (Entered: 07/08/2024) |
| 07/09/2024 | [674](#) | ORDER granting [661](#) Receiver's motion for order approving payment of fees and costs. Signed by Judge Joe Heaton on 07/09/2024. (lam) (Entered: 07/09/2024) |
| 07/17/2024 | | Terminate deadline (lam) (Entered: 07/17/2024) |
| 07/17/2024 | [675](#) | MOTION for Order *Approving Payment of June 2024 Fees and Costs* by Ryan Leonard. (Attachments: # [1](#) Exhibit Statement of Fees and Costs)(Long, Heidi) (Entered: 07/17/2024) |
| 07/24/2024 | [676](#) | OBJECTIONS re [675](#) MOTION for Order *Approving Payment of June 2024 Fees and Costs* filed by Phoenix Charitable Trust. (Sandberg, Jeffrey) (Entered: 07/24/2024) |
| 07/26/2024 | [677](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on June 26, 2024, before Judge Joe Heaton. Court Reporter: Cassy Kerr, Telephone number 405-609-5096. Transcript of: civil show cause hearing. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/16/2024. Redacted Transcript Deadline set for 8/26/2024. Release of Transcript Restriction set for 10/24/2024. (crk) (Entered: 07/26/2024) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 07/29/2024 11:34:40 | | |
| **PACER Login:** | jeffsandberg | **Client Code:** | 14184 |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-fj-00005-HE Start date: 1/1/1974 End date: 7/29/2024 |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 4, 2023**

_____

Christopher M. Wolpert
Clerk of Court

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor - Appellee,

v.

AVON CAPITAL, LLC,

      Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC,

      Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

      Respondent/Garnishee - Appellant,

and

AVON CAPITAL, LLC, a Wyoming limited liability company,

      Intervenor.

_____

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor - Appellee,

v.

AVON CAPITAL, LLC,

No. 21-6044
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

No. 21-6049
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

**Exhibit 2   Page 1 of 17**

       Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC,

       Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

       Respondent/Garnishee,

and

AVON CAPITAL, LLC, a Wyoming
limited liability company,

       Intervenor - Appellant.

_____

UNIVERSITAS EDUCATION, LLC,

       Petitioner/Judgment Creditor -
       Appellee,

v.

AVON CAPITAL, LLC,

       Respondent/Judgment Debtor,

ASSET SERVICING GROUP,

       Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

       Respondent/Garnishee - Appellant.

No. 21-6133
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

2

**Exhibit 2   Page 2 of 17**

------------------------------

AVON CAPITAL, LLC, a Wyoming
limited liability company,

     Intervenor.

_____

UNIVERSITAS EDUCATION, LLC,

     Petitioner/Judgment Creditor -
     Appellee,

v.

AVON CAPITAL, LLC,

     Respondent/Judgment Debtor,

and

ASSET SERVICING GROUP, et al.,

     Respondents/Garnishees.

------------------------------

AVON CAPITAL, LLC, a Wyoming
limited liability company,

     Intervenor - Appellant.

No. 21-6134
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

_____

**ORDER**

_____

Before **EID**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

These matters are before the court on the *Petition for Rehearing of Appellant SDM*

*Holdings, LLC*; *Intervenor/Appellant Avon Capital, LLC, A Wyoming Limited Liability*

3

**Exhibit 2   Page 3 of 17**

*Company's Petition for Panel Rehearing*; and the *Partially Opposed Motion for Leave to Include a One-Document Appendix to the Petition for Rehearing by Appellant SDM Holdings, LLC.* Upon careful consideration, we direct as follows.

SDM Holdings, LLC's motion to include a one-document appendix to its petition for rehearing is GRANTED. Pursuant to Fed. R. App. P. 40, both petitions for panel rehearing are GRANTED IN PART to the extent of the modifications in the attached revised order and judgment. The court's July 13, 2023 order and judgment is withdrawn and replaced by the attached revised order and judgment, which shall be filed as of today's date.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

4

**Exhibit 2   Page 4 of 17**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**August 4, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

|  |  |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
|      Petitioner/Judgment Creditor - Appellee, | |
| v. | No. 21-6044 |
| AVON CAPITAL, LLC, | (D.C. No. 5:14-FJ-00005-HE) |
|      Respondent/Judgment Debtor, | (W.D. Okla.) |
| ASSET SERVICING GROUP, LLC, | |
|      Respondent/Garnishee, | |
| and | |
| SDM HOLDINGS, LLC, | |
|      Respondent/Garnishee - Appellant, | |
| and | |
| AVON CAPITAL, LLC, a Wyoming limited liability company, | |
|      Intervenor. | |

_____

|  |  |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
|      Petitioner/Judgment Creditor - Appellee, | |
| v. | No. 21-6049 |
| AVON CAPITAL, LLC, | (D.C. No. 5:14-FJ-00005-HE) |
| | (W.D. Okla.) |

**Exhibit 2   Page 5 of 17**

Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC,

Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

Respondent/Garnishee,

and

AVON CAPITAL, LLC, a Wyoming
limited liability company,

Intervenor - Appellant.

_____

UNIVERSITAS EDUCATION, LLC,

Petitioner/Judgment Creditor -
Appellee,

v.

AVON CAPITAL, LLC,

Respondent/Judgment Debtor,

ASSET SERVICING GROUP,

Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

Respondent/Garnishee - Appellant.

No. 21-6133
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

2

**Exhibit 2   Page 6 of 17**

------------------------------

AVON CAPITAL, LLC, a Wyoming
limited liability company,

      Intervenor.

_____

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor -
      Appellee,

v.

AVON CAPITAL, LLC,

      Respondent/Judgment Debtor,

and

ASSET SERVICING GROUP; SDM
HOLDINGS, LLC,

      Respondents/Garnishees.

------------------------------

AVON CAPITAL, LLC, a Wyoming
limited liability company,

      Intervenor - Appellant.

No. 21-6134
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **EID**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

3

**Exhibit 2   Page 7 of 17**

_____

Appellee Universitas Education, LLC ("Universitas") seeks to enforce a judgment obtained in New York against Appellant Avon Capital, LLC ("Avon"), and its subsidiary, Appellant SDM Holdings, LLC ("SDM"), in the Western District of Oklahoma.  Universitas alleges that it was unable to recover the full judgment amount from Avon in New York, so it seeks to pierce Avon's corporate veil and collect a garnishment from SDM, an Oklahoma LLC that nominally holds legal title to one of Avon's potential assets, an insurance portfolio.

The district court adopted the magistrate judge's ("MJ") Report and Recommendation finding that Avon's Wyoming-based LLC ("Avon-WY") had fraudulently acquired the SDM insurance portfolio using stolen funds, as well as the MJ's conclusion that the insurance portfolio was subject to garnishment because it was beneficially owned by Avon-WY.  The district court then granted Universitas summary judgment and placed Avon-WY into a receivership pursuant to Oklahoma Statute ("O.S.") § 12-1551.

Avon-WY and SDM appealed to this Court, and their appeals were consolidated on April 27, 2021.  We vacate the district court's February 11, 2021 order for lack of jurisdiction; we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.  We remand the case to the district court to conduct further proceedings.

4

**Exhibit 2   Page 8 of 17**

## I.

Between 2006 and 2007, three Avon LLC entities were formed: a Nevada LLC ("Avon-NV") in June 2006, a Connecticut LLC ("Avon-CT") in November 2006, and Avon-WY in May 2007.  Each of these Avon entities was ninety-nine percent owned by Carpenter Financial and one percent owned by Caroline Financial—both of which were controlled by Daniel Carpenter.

Universitas was the sole beneficiary of two life insurance policies totaling $30 million.  Carpenter dispersed Universitas's $30 million in life insurance policies among his shell entities via a complex series of transactions.  One of these transactions was a $6,710,065.92 transfer from Grist Mill Capital, a shell entity controlled by Carpenter, to Avon-NV's TD Bank account.  Although Avon-NV's tax identification number was used to open the TD Bank account, "Avon-CT was the entity involved with the . . . transactions."  Aplt. App'x Vol. X at 1743.

Meanwhile, Avon-WY acquired a one hundred percent membership interest in SDM.  The payments for the acquisition were made from Avon-NV's TD Bank account on behalf of Avon-WY.  Although Avon-WY was administratively dissolved for failure to maintain a registered agent during the transactions, Avon-WY was the signatory on the SDM purchase agreement.[1]

When Universitas's benefits came due, its claim to the benefits was denied by the insurer.  Universitas obtained a favorable award in arbitration.  Although the plan

---

[1] Avon-WY was later reinstated.

5

**Exhibit 2   Page 9 of 17**

trustee sought to vacate the award in the U.S. District Court for the Southern District of New York, the award was confirmed on August 15, 2014. The Southern District of New York found that Carpenter fraudulently transferred the $30 million in life insurance policies to hundreds of shell entities under his control. Avon was one of these entities. Thus, the Southern District of New York entered judgment for Universitas in the amount of $30,181,880.30. $6,710,065.92 of the judgment was against Avon.

Of Universitas's $6,710,065.92 judgment against Avon, it alleges that it was only able to recover $6 million in funds. Universitas filed the New York judgment in the Western District of Oklahoma on November 7, 2014.[2] The Western District of Oklahoma traced the fraudulently transferred funds to Avon-WY's acquisition of SDM's life insurance portfolio and pierced Avon-WY's corporate veil to allow Universitas to execute the judgment against the insurance portfolio. Universitas then attempted to collect a garnishment from SDM.

The parties disputed whether Avon-NV and Avon-WY were alter egos of Avon-CT, the named debtor in the New York judgment. The district court referred the matter to the MJ, who issued a Report and Recommendation finding that the entities were "one and the same for purposes of their liability to Universitas." *Id.* at 1794. The MJ also determined that, because Avon-WY fraudulently acquired the SDM insurance portfolio using stolen funds, the insurance portfolio was subject to

---

[2] This Order and Judgment uses the terms "register" and "file" interchangeably.

6

**Exhibit 2   Page 10 of 17**

garnishment.  The district court reviewed the MJ's recommendations de novo and

agreed with all of them, granting summary judgment to Universitas on February 11,

2021.  The district court subsequently placed Avon-WY into a receivership pursuant

to O.S. § 12-1551.

SDM filed a motion to alter the judgment, relying on O.S. § 12-735(B), which

states, "[a] judgment shall become unenforceable and of no effect if more than five

(5) years have passed from the date . . . [t]he last garnishment summons was issued."

The district court denied SDM's motion and upheld the judgment in an order dated

April 8, 2021.  Avon-WY and SDM appealed to this Court; their appeals were

consolidated by the Court on April 27, 2021.  Universitas alleges that it re-filed the

New York judgment in the Western District of Oklahoma on December 9, 2021.

Aple. Supp. App'x Vol. I at 32; Oral Argument, No. 21-6044, at 16:54–17:00

(Sept. 27, 2022).

## II.

### a.

28 U.S.C. § 1963 instructs the following regarding registration of judgments

for enforcement in other districts:

> A judgment in an action for the recovery of money or
> property entered in any court of appeals, district court,
> bankruptcy court, or in the Court of International Trade
> may be registered by filing a certified copy of the
> judgment in any other district or, with respect to the Court
> of International Trade, in any judicial district, when the
> judgment has become final by appeal or expiration of the
> time for appeal or when ordered by the court that entered
> the judgment for good cause shown.  Such a judgment

7

**Exhibit 2   Page 11 of 17**

entered in favor of the United States may be so registered
any time after judgment is entered.  A judgment so
registered shall have the same effect as a judgment of the
district court of the district where registered and may be
enforced in like manner.

Additionally, Federal Rule of Civil Procedure ("F.R.C.P.") 69(a)(1) states:

A money judgment is enforced by a writ of execution,
unless the court directs otherwise.  The procedure on
execution—and in proceedings supplementary to and in aid
of judgment or execution—must accord with the procedure
of the state where the court is located, but a federal statute
governs to the extent it applies.

This indicates that the statute of limitations period for a judgment is based on the law

of the state where the judgment is filed, not the limitations period of the state where

the federal district court that issued the judgment is located.  As Universitas is

attempting to enforce the judgment in Oklahoma, we must apply Oklahoma law on

the registration of judgments.

O.S. § 12-735(B) states the following regarding judgments registered in the

state:

A judgment shall become unenforceable and of no effect if
more than five (5) years have passed from the date of:
1.  The last execution on the judgment was filed with
    the county clerk;
2.  The last notice of renewal of judgment was filed
    with the court clerk;
3.  The last garnishment summons was issued; or
4.  The sending of a certified copy of a notice of
    income assignment to a payor of the judgment
    debtor.

The Oklahoma Supreme Court held in *Taracorp, Ltd. v. Dailey*, 419 P.3d 217

(Okla. 2018), that "when a judgment creditor seeks to enforce a Colorado judgment a

8

**Exhibit 2   Page 12 of 17**

second time in Oklahoma, after Oklahoma's limitation period has lapsed on the

original judgment, the underlying original Colorado judgment which is enforceable

for twenty years may be enforced in Oklahoma." *Id.* at 218.  In *Taracorp*, the

plaintiffs received a default judgment from the Colorado District Court in 2007 and

filed it in Oklahoma District Court three days later.  *See id.* at 218–19.  Nine years

lapsed before they re-filed the judgment in Oklahoma.  *See id.* at 219.  The defendant

filed a Motion to Quash, arguing that it had been more than five years since the

Colorado judgment was entered, in violation of § 12-735(B).  *See id.*  The Oklahoma

Supreme Court concluded that "[a]lthough the Act does not address re-filing of

sister-state judgments, a judgment creditor may enforce a domesticated judgment in

Oklahoma.  Enforcement may be done, even if Oklahoma's limitation period for

enforcement of judgments has run on the original domesticated foreign judgment."

*Id.* at 223.

### b.

The MJ and the district court found that Universitas was entitled to enforce the

judgment in Oklahoma under 28 U.S.C. § 1963.  But they incorrectly failed to

consider Oklahoma state procedural rules on the subject, as required by

F.R.C.P. 69(a).  Under O.S. § 12-735(B), a judgment becomes unenforceable after

five years unless one of the subsequent actions specified in the statute is taken.

Universitas's last relevant act was the issuance of a writ of garnishment to SDM on

December 3, 2015.  This means that Universitas's Oklahoma judgment expired five

years later, on December 3, 2020.  Contrary to the district court's statement in its

9

**Exhibit 2   Page 13 of 17**

order denying SDM's motions to alter and amend the judgment, Universitas's active attempts to enforce the judgment in Oklahoma were insufficient to render the judgment enforceable under § 12-735(B).  There is no specified exception for active attempts at enforcement anywhere in the text of § 12-735(B), and this Court declines to read one in.[3]

Universitas cites *Taracorp* for the proposition that it may enforce the judgment in Oklahoma anyway because the judgment has not yet expired in New York. However, the critical distinction between *Taracorp* and this case is that in *Taracorp*, the expired judgment was re-filed in Oklahoma prior to the attempt at enforcement. *See Taracorp*, 419 P.3d at 218 ("We retained this cause to address the dispositive issue of whether a Colorado judgment, which is enforceable in Colorado for twenty years after the judgment is entered, is also enforceable in Oklahoma when the first attempt is abandoned and it is *re-filed* after Oklahoma's five year limitation period lapsed." (emphasis added)).  The *Taracorp* court explained that "[t]he filing of a foreign judgment creates a new local judgment which is governed by the local statute of limitations." *Id.* at 221.  This language suggests that even though the Oklahoma Supreme Court permitted Taracorp to enforce its expired judgment after it had been

---

[3] Universitas invokes *Wishon v. Sanders*, 467 P.3d 721 (Okla. Civ. App. 2020), to argue that "active attempts at enforcement[] of a judgment" are sufficient to satisfy the requirements of § 12-735(B).  *Id.* at 724.  However, the next sentence of the opinion specifies that "[a] party must execute on his judgment, obtain a garnishment summons, send a certified copy of an income assignment, or file a renewal of judgment within five years of the judgment." *Id.*  This explanation makes clear that the *Wishon* court intended to limit "active attempts at enforcement" to one of the four methods specified in § 12-735(B).

10

**Exhibit 2   Page 14 of 17**

re-filed, the court would not have allowed Taracorp to enforce its expired judgment

without first utilizing one of the four methods specified in O.S. § 12-735(B).

Moreover, neither *Taracorp* nor any of the cases it cites involves an attempt to do

what Universitas seeks to do here—enforce a judgment that had previously been filed

and expired in a particular state without re-filing said judgment in the same state.

Because the re-filing of the judgment in *Taracorp* was a critical component of the

Oklahoma Supreme Court's analysis, we cannot extrapolate its holding to encompass

this case without further instruction from the Oklahoma Supreme Court.

The district court attempted to circumvent Universitas's failure to re-file by

stating that:

> [T]o the extent that plaintiff wishes to refile its judgment
> as a protective matter and views leave of court as
> necessary to do so, leave is granted . . . . In the event of
> such re-refiling, all prior orders of this court addressing the
> substantive issues in this case will be deemed re-entered
> *instanter* as to the renewed filing.

Aplt. App'x Vol. XI at 2098–99.  However, this blanket statement claiming that the

order would extend to Universitas's potential future re-filing rendered the district

court's judgment a legally impermissible advisory order.  Though the district court

initially had jurisdiction over this case, Universitas did not re-file its expired

judgment before the district court entered its February 11, 2021 order.  For the

reasons explained above, that failure to re-file was fatal—there was no longer a

judgment in existence for the district court to enforce at the time it entered the order.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for

11

**Exhibit 2   Page 15 of 17**

purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up).  As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.[4]

We therefore vacate the district court's February 11, 2021 judgment because the district court did not have jurisdiction to enter its order.[5]  And we remand the case to the district court to conduct further proceedings.

---

[4] This Court is obligated to consider questions of Article III jurisdiction sua sponte.  *See Tandy v. City of Wichita*, 380 F.3d 1277, 1290 n.15 (10th Cir. 2004) ("[T]his court has an affirmative obligation to consider th[e] question [of Article III mootness] sua sponte."); *see also Frias v. Chris the Crazy Trader, Inc.*, 604 F. App'x 638, 641 (10th Cir. 2015) (unpublished) ("We are obligated to raise and resolve [] questions of Article III jurisdiction sua sponte.").  Thus, it is of no consequence whether Universitas is correct that SDM lacks standing to appeal the district court's judgment on jurisdictional grounds.

[5] For this reason, we also DENY SDM's March 17, 2022 Motion for Leave to File a Second Supplemental Appendix as moot.

**Exhibit 2   Page 16 of 17**

**III.**

For the foregoing reasons, we find that Universitas's expired judgment was unenforceable and the case was moot at the time the district court entered its order. Thus, we VACATE the district court's February 11, 2021 order for lack of jurisdiction due to mootness and REMAND the case to the district court to conduct further proceedings.

Entered for the Court

Allison H. Eid
Circuit Judge

13

**Exhibit 2   Page 17 of 17**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-0005-HE |
| | ) | |
| AVON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Universitas Education, LLC ("Universitas") has filed an Emergency
Motion to Modify Injunction [Doc. #586], requesting expansion of the scope of the
injunction previously directed to Avon Capital LLC – Wyoming ("Avon-Wyoming").
That injunction enjoined Avon-Wyoming from transferring, alienating, concealing, or
encumbering its ownership or other interest in SDM Holdings, LLC ("SDM") or
authorizing or permitting SDM to dispose of its assets absent further order of the court
[Doc. Nos. 500 & 512].  The motion seeks to extend the same injunctive restrictions to
Daniel Carpenter and other entities owned or controlled by him, including "Avon
Capital" or "SDM Holdings" entities organized under the laws of other states, to prevent
them from dissipating or interfering with the assets of SDM.  Those assets are principally
certain insurance policies held by SDM and serviced by Asset Servicing Group, LLC
("ASG"), plus related cash proceeds.   Avon-Wyoming (in substance, the former control
group prior to appointment of the receiver) and Phoenix Charitable Trust ("Phoenix")
have responded in opposition to the motion.

**Exhibit 3   Page 1 of 5**

On January 4, 2024, the court appointed Ryan Leonard as receiver of Avon-Wyoming and directed him to identify and take appropriate steps to preserve the assets of Avon-Wyoming, including its interest in SDM.   The receiver, acting in the capacity of owner of SDM, thereafter replaced the manager of SDM who, on behalf of SDM, began dealing with ASG as to the insurance portfolio and otherwise.   According to the later filings of ASG, it was then subjected to demands from Mr. Carpenter and Jonathan Boothroyd, purporting to act on behalf of a Connecticut entity named "SDM Holdings, LLC", that ASG turn over to it all funds related to the insurance portfolio [Doc. #584]. The immediate concerns of ASG were apparently addressed thereafter, either by the court's further clarification of its orders or other developments, and it withdrew its request to interplead the disputed funds into court.   However, interference with ASG and the insurance portfolio appears to have continued.

The receiver has filed a Notice Regarding Status of Portfolio of Policies Held Through SDM Holdings, LLC [Doc. #617].   In the notice, the receiver advises he learned that (1) an individual claiming to be affiliated with a Connecticut entity named SDM Holdings, LLC ("SDM-CT") was directing insurers to send proceeds of any maturities realized from the portfolio of insurance policies to Connecticut; (2) one or more individuals, including Jonathan Boothroyd, who is listed as president of SDM-CT on a tax return filing, were contacting some, or possibly all, of the insurers of the policies and attempting to change the contact information to Connecticut, and (3) that SDM-CT was trying to terminate ASG and was threatening civil action and/or possible criminal prosecution of individuals associated with ASG.   The receiver also indicates he has

2

**Exhibit 3   Page 2 of 5**

received information from ASG that (1) it was receiving "minimal mail," which was unusual because, historically, all mail associated with the policies has been directed to ASG; (2) it was receiving change of address notices that the address for the policies had been changed to Avon-Connecticut; (3) a maturity in an amount over $250,000 is "in review," most likely due to conflicting information as to who the owner and beneficiary are, and it is unlikely ASG will receive these proceeds anytime soon; and (4) if any activity as to the policies occurs, ASG may be left unaware because it may not receive notice. ASG has further advised the receiver that it is servicing the policies "somewhat blindly" and the policies could eventually be at risk. The receiver indicates he sent a cease and desist communication to counsel for Phoenix, as Phoenix is allegedly a member of SDM-CT, as well as counsel for Avon Capital. He indicates counsel for these entities have given no assurance that the referenced conduct would stop or that the receiver's demand to cease and desist would be conveyed to Mr. Boothroyd or others associated with SDM-CT. As a result, the receiver has advised the court that he is unable to represent that the portfolio of policies is secure today or will be in the future.

Based upon the information set forth above,[1] as well as the extensive factual and procedural history of this case, the court concludes there is a sufficient basis to modify the injunction in this case to protect Avon-Wyoming's assets, pending the resolution of this litigation, from threats of dissipation and interference beyond those previously

---

[1] *It is noteworthy that the responses filed by Avon-Wyoming and Phoenix, both entities controlled directly or indirectly by Mr. Carpenter, make no effort to dispute the factual accuracy of the pending motion's assertions as to demands or threats directed to ASG by Mr. Carpenter or his entities/representatives.*

3

**Exhibit 3   Page 3 of 5**

addressed by the court.  Further, in the circumstances existing here, the court concludes a hearing is unnecessary in reaching that conclusion.  There is no reason based on the present submissions to doubt that efforts have been made by Mr. Carpenter, Mr. Boothroyd or others to seize control of Avon-Wyoming's assets (i.e. SDM and the underlying assets which give it value).  And if they do dispute it — i.e. asserting they've made no effort to seize the insurance portfolio or its proceeds — then they suffer no harm from now being told to not do that which they claim they weren't doing anyway.

In any event, Universitas' Emergency Motion to Modify Injunction [Doc. #586] is **GRANTED.**  The injunction previously entered is **MODIFIED** to include the following additional proscriptions:

Daniel Carpenter and all persons or entities claiming by, through, or under him, or acting on his behalf, directly or indirectly, or otherwise subject to his control, including, without limitation, Jonathan Boothroyd, SDM-CT, and Avon Capital LLC – Connecticut, are hereby **ENJOINED** from transferring, alienating, concealing, or encumbering any interest in the insurance portfolio and related funds now held by SDM, or attempting to do so, and are **ENJOINED** from any act or attempt to interfere with ASG's administration of that portfolio consistent with instructions from the current manager of SDM as designated by the receiver.

The injunction previously entered, as here modified and expanded, will remain in place so long as the registered judgment remains unpaid or until further order of the court.

Alan L. Rupe, Esq., counsel for Avon-Wyoming, and Jeffrey Sandburg, counsel for Phoenix (both entities being ones controlled by Mr. Carpenter) are **ORDERED** to provide a copy of this order to Mr. Carpenter and Mr. Boothroyd, and to advise them of its existence and contents, within 48 hours from its entry.  They are further directed to file a certification that they have done so within seven days.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

**Exhibit 3   Page 5 of 5**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner/Judgment Creditor | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AVON CAPITAL, LLC, | ) | |
| | ) | |
| Respondent/Judgment Debtor, | ) | |
| | ) | |
| ASSET SERVICING GROUP, LLC, | ) | |
| | ) | |
| Respondent, Garnishee, | ) | NO.  14-FJ-00005-HE |
| | ) | Case No. MC-24-05-D |
| SDM HOLDINGS, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AVON CAPITAL, LLC, a Wyoming Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Intervenor. | ) | |

## <u>SECOND ORDER TO APPEAR AND SHOW CAUSE</u>

The court previously granted the motion of petitioner/judgment creditor Universitas Education, LLC ("Universitas") for an order directing certain persons/entities to show cause why they should not be held in contempt for violation of this court's orders. Order to Appear and Show Cause, June 5, 2024 [Doc. #656]. The show cause order directed the appearance of SDM Holdings, LLC (a Connecticut limited liability company), Daniel E. Carpenter, and Jonathan Boothroyd at a hearing on June 26, 2024.

**Exhibit 4   Page 1 of 4**

The referenced persons/entities did not appear at the June 26, 2024, hearing, as the U.S. Marshals Service did not serve them in accordance with the court's prior order. Rather, service was purportedly accomplished only on June 25, 2024, at 2:00 p.m., in Connecticut, after the deadline set for filing a return of service and less than 24 hours from the time the persons were to appear in this court. Further, service was made on a person other than Mr. Carpenter or Mr. Boothroyd, and the person served apparently lacked the authority to accept service for any of the involved parties.

In light of the failure of service and non-appearance, and for the reasons stated more fully at the June 26 hearing, the court **ORDERS** as follows:

(1) SDM Holdings, LLC (a Connecticut limited liability company), Daniel E. Carpenter, and Jonathan Boothroyd shall appear in Courtroom No. 501 of the United States Courthouse, 200 NW Fourth Street, Oklahoma City, Oklahoma, 73102, on **July 18, 2024, at 10:00 a.m**. and show cause why they should not be found in contempt for violating the court's March 29, 2024, injunction.[1]

(2) The United States Marshal is **ORDERED** to effect personal service (and not, as to the individuals, through service on some purported agent) of this order on SDM Holdings, LLC, a Connecticut limited liability company, Daniel E. Carpenter, and Jonathan Boothroyd and to file proof of service promptly after making same, but in no event later

---

[1]*As the July 18 hearing is, in substance and in light of the criminal nature of further contempt proceedings, an arraignment, the court is not opposed to permitting the arraignment of the defendants in Connecticut rather than appearing here. If an agreement in that regard is reached between the U. S. Attorney and the defendants, the July 18 hearing may be stricken. Absent such agreement and further order of the court, the defendants will be expected here on July 18, 2024, in person.*

**Exhibit 4   Page 2 of 4**

than **July 16, 2024**.   The service address for the referenced persons is believed to include 10 Tower Lane, Avon, CT, 06001.   Universitas is directed to immediately provide to the U.S. Marshal such additional location/address information as it may have for the referenced entity and individuals.  If the U.S. Marshals Service encounters any difficulty in locating the referenced individuals/entities, it is directed to so advise the court **IMMEDIATELY**.

(3)  As stated at the June 26 hearing, the court has concluded that the contempt proceedings involved here should be viewed as criminal in nature and should proceed in a fashion consistent with that determination and the provisions of Fed.R.Crim.P. 42. Consistent with that rule, the court does hereby tender the prosecution of this matter to the U.S. Attorney for this District; the AUSA(s) designated to handle this matter should enter their appearances forthwith.    The contempt charges are set for trial on **Wednesday, August 21, 2024**, in the U.S. Courthouse for this District.

(4)  As the alleged actions of at least Mr. Carpenter include criticisms of the undersigned judge, the court concludes the August 21 trial should be conducted before a different judge, to be designated as determined by the Chief Judge of this District.

(5)  Defendants are advised that the alleged factual basis for the contempt charge is that they willfully violated the court's March 29, 2024, by attempting to interfere with Asset Servicing Group, LLC's administration of the insurance portfolio and related funds held by SDM Holdings, LLC (Oklahoma), all as more fully set out in the Receiver's Report filed May 28, 2024 [Doc. #653].

(6)  As the criminal contempt proceedings contemplated by this order are somewhat collateral to the substantive issues at the heart of the case, and for the convenience of the

**Exhibit 4   Page 3 of 4**

court and parties in coordinating filings as to the contempt matter and accessing same, the Clerk of Court is directed to open a new file, under a separate Miscellaneous file number and the heading "In Re Contempt Proceedings Against Daniel E. Carpenter, Jonathan Boothroyd, and SDM Holdings, LLC." Copies of this order, the March 29, 2024, injunction [Doc. #618], and the Receiver's Report of May 28, 2024 [Doc. #653] shall be included as the opening entries in the new file. Further filings as to criminal contempt matter shall be filed under the Miscellaneous case number.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2024.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

**Exhibit 4   Page 4 of 4**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **Case No. MC-24-005-D** |
| | ) | |
| In RE: Contempt Proceedings Against | ) | |
| Daniel E. Carpenter, Jonathan Boothroyd, | ) | **FILED** |
| And SDM Holdings, LLC, | ) | |
| | ) | JUL 0 5 2024 |
| Defendants. | ) | |
| | ) | JOAN KANE, CLERK |

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## PETITIONER'S EMERGENCY MOTION TO DISMISS PURSUANT TO RULE 12(h)(3)

## TO THE HONORABLE CHIEF JUDGE TIMOTHY D. DeGIUSTI:

**NOW COMES THE PETITIONER, DANIEL E. CARPENTER,** to respectfully request this Court to dismiss this action because the Court clearly lacks jurisdiction pursuant to specific rulings of the Tenth Circuit, FRCP Rule 12(h)(3), the Federal Rules of Criminal Procedure Rule 12(b)(3)(B), and clear violations of the Constitution including the Due Process Clause, the Venue Clause, and the Vicinage Clause. Because of the unrealistic time constraints placed on the Defendants by this unlawful Order, Petitioner respectfully requests that this case be put off for at least 120 Days if not dismissed *sua sponte* immediately by this Honorable Court as there are several appeals currently pending before the Tenth Circuit that will affect this case, and determine that the District Court (Heaton, J.) lacked jurisdiction to appoint a Receiver, issue any injunction, and then suggest parties not involved with that case located in Connecticut somehow violated an injunction that was "transparently invalid" under the Law. In the alternative, if the complaint is not dismissed by this Court, the case should be transferred to the District of Connecticut by virtue of the Venue Clause and the Vicinage Clause of the Constitution.

1

**Exhibit 5   Page 1 of 48**

**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION TO DISMISS THIS CASE FOR LACK OF JURISDICTION PURSUANT TO RULE 12(h)(3) AND RULE 12(b)(3)(B)**

### INTRODUCTION

Respectfully, the facts surrounding this decade-long dispute over a foreign judgment from the Southern District of New York (Swain, J.) is not just bizarre but borders on the "Kafkaesque" and this Honorable Court should immediately ascertain that because the Tenth Circuit ruled that the Heaton Court lost jurisdiction in December of 2020 and that the attempt by Universitas to resurrect that foreign judgment in the old case was **fatal**.

Judge Heaton did not have jurisdiction to re-appoint the Receiver, who everyone now knows is a close family friend of the Judge – see Judge Heaton's Book on the Receiver Ryan Leonard's father the Honorable Tim Leonard "Tim Leonard: Son of the Panhandle", Oklahoma Hall of Fame Publishing. See e.g. the picture of Ryan Leonard as a child in Judge Heaton's Book at page 222. Judge Heaton should have recused himself from this case long ago. He clearly did not have jurisdiction to issue an Injunction or extend that Injunction to non-involved third parties in Connecticut, who never did anything in Oklahoma and certainly did not violate the "transparently invalid" Injunction, and the Heaton Court certainly lacked jurisdiction to impose sanctions on parties who were not involved with Avon-Wyoming (the defunct company run by Receiver but not a judgment debtor) or Avon-Connecticut (the long defunct judgment debtor from the SDNY) that Universitas tried to refile in a defunct case.

A lot has happened since December 2020 when the Tenth Circuit ruled that Judge Heaton's Court lost all jurisdiction over the case. The attempts by Universitas to resurrect the case are all unlawful, moot, and unsuccessful, as the currently pending appeals before the Tenth Circuit will

2

**Exhibit 5    Page 2 of 48**

prove that both Judge Heaton and this Court lacked jurisdiction and therefore the Complaint should be dismissed immediately as mandated by Rule 12(h)(3).

The most significant of these developments was the Supreme Court's decision in *TransUnion LLC* which held that if Universitas lacked Article III Standing then both Judge Heaton and this Court lack jurisdiction. As Justice Kavanaugh summed it up: "No concrete harm; No Standing." *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

Finally, there is no legitimate factual dispute that the Receiver's "Company", Avon-Wyoming, has not existed for years. Judge Heaton was the Judge when the former owner of ASG, Tom Moran (the administrator of the policies in this dispute) sued Avon-Wyoming and Don Trudeau over the sale of the policies. Petitioner's name is not mentioned in that lawsuit from 2009. Judge Heaton wrongfully believes that the defunct Avon-Wyoming owns 100% of the long-defunct SDM-Oklahoma which is another entity that has not existed since 2017 when it was merged into the true owner of the policies, SDM Holdings-CT, which is alive and well and functioning in Connecticut. The Merger Papers of 2017 have been submitted to Judge Heaton several times by several different parties including Univeritas and ASG, unfortunately to no avail, and Judge Heaton's Receiver continues to loot the property of an innocent Connecticut entity through the unlawful appointment of a family friend as the Receiver of a long defunct entity that anyone can see does not exist and has never been a Member or an Owner of the bona fide policy owner SDM Holdings Connecticut (SDM-CT) which is also a defendant in this unlawful case.

Because the Tenth Circuit has clearly determined that Judge Heaton lost jurisdiction and Universitas did not follow the laws or rules to re-establish the SDNY foreign judgment in Oklahoma of a wholly different Avon Capital which is long-dead, Judge Heaton never regained

3

**Exhibit 5   Page 3 of 48**

jurisdiction and therefore this Court lacks jurisdiction as well and should follow the mandate under Rule 12(h)(3) to dismiss this complaint *sua sponte* immediately.

Moreover, before there can be a criminal arraignment there must be an indictment. To have an indictment, there must be a grand jury. Since the Order fails to state any, much less all the elements required before an "arraignment", this Court should also dismiss the Complaint pursuant to Rule 12(b)(3)(B). At the very least, if this Court does not immediately dismiss this Complaint, it should postpone all the dates for a period of 120 days to give the Tenth Circuit a chance to rule on the several pending appeals and to give the Defendants a chance to file a Writ of Mandamus with the Tenth Circuit.

**Exhibit 5   Page 4 of 48**

## I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF FEDERAL JURISDICTION

Before it can do anything else, a federal court must determine that it has subject matter jurisdiction to hear a case. Federal courts are courts of limited jurisdiction, and it is incumbent upon the Court to determine if a federal question exists, and if the Court has personal jurisdiction over the Parties. The federal courts have consistently been held to the principle that once jurisdiction is challenged, the District Court has **no authority to do anything** but to take action on the motion to determine whether or not it has jurisdiction to proceed. As the Supreme Court held in *The State of Rhode Island v. The State of Massachusetts*, 37 U.S. 657 (1838), the Court is powerless to consider a claim over which it lacks subject-matter jurisdiction. Arguments about the parties' purported motives are irrelevant. Id. at 714. Once the question of jurisdiction is raised "it must be *considered* and *decided before the court can move one step further*" (emphasis added) Id. at 718. "Jurisdiction *cannot be assumed* by a district court nor conferred by agreement of parties, but it is incumbent upon [the Plaintiff] to allege in clear terms, the necessary facts showing jurisdiction which must be proved by convincing evidence." *Harris v. American Legion*, 162 F. Supp. 700 (1958) (emphasis added), *see also McNutt v. General Motors Acceptance*, 298 U.S. 178 (1936).

It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824). This time-of-filing rule is hornbook law (quite literally according to Justice Scalia) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first

5

**Exhibit 5   Page 5 of 48**

time on appeal. "Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." See *Capron v. Van Noorden*, 2 Cranch 126 (1804).

The Supreme Court has adhered to the time-of-filing rule regardless of the costs it imposes. For example, in *Anderson v. Watt*, 138 U.S. 694 (1891), two executors of an estate, claiming to be New York citizens, had brought a diversity-based suit in federal court against defendants alleged to be Florida citizens. When it later developed that two of the defendants were New York citizens, the plaintiffs sought to save jurisdiction by revoking the letters testamentary for one executor and alleging that the remaining executor was in fact a British citizen. The Court rejected this attempted post-filing salvage operation, because at the time of filing the executors included a New Yorker. Id., at 708. It dismissed the case for want of jurisdiction, even though the case had been filed about 5 ½ years earlier, the trial court had entered a decree ordering land to be sold 4 years earlier, the sale had been made, exceptions had been filed and overruled, and the case had come to the Court on appeal from the order confirming the land sale. Id., at 698. Writing for the Court, Chief Justice Fuller adhered to the principle set forth in *Conolly v. Taylor*, 2 Pet. 556, 565 (1829), that "jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." "[J]urisdiction," he reasoned, "could no more be given ... by the amendment than if a citizen of Florida had sued another in that court and subsequently sought to give it jurisdiction by removing from the State." 138 U.S. at 708.

**Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).** Objection to a federal court's subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). *See Kontrick v.*

6

**Exhibit 5   Page 6 of 48**

*Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884) (holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte). **Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action.** *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

"'The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and must allege in his pleading the facts essential to show jurisdiction.'" *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)). In determining whether a party adequately has presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, *see United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). "[D]ismissals for lack of jurisdiction should be without prejudice, because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (emphasis in original). *See Vigil v. Fed. Emergency Mgmt. Agency*, No. CIV 23-0941 JB/JFR, 2024 WL 2404487, at *18 (D.N.M. May 23, 2024).

7

Exhibit 5    Page 7 of 48

## II. THIS CASE MUST BE DISMISSED FOR LACK OF JURISDICTION BECAUSE UNIVERSITAS LACKED ARTICLE III STANDING

Universitas had an opportunity to check off the three required boxes of *Lujan* but chose not to do so, and instead resumed its ranting and raving that Petitioner files frivolous motions and should be sanctioned. Mr. Manson is clearly on a frolic of his own and trying to extort money from innocent parties in violation of the Supreme Court's prohibition in *Peacock v. Thomas* where the Supreme Court stated that the Court has never allowed a Plaintiff to harass and collect money from an uninvolved innocent party. Never – based on *H.C. Cook v. Beecher* which was a Connecticut case from a century ago. There is also no disputing that the Charter Oak Trust Welfare Benefit Plan was a Connecticut Plan covered by ERISA – and the Universitas filing in December of 2012 in the New York Arbitration mentions ERISA 44 times without a single reference to "Mr. Carpenter." So, these wild "alter ego" claims in Oklahoma against innocent parties as have no basis in fact.

Yet Attorney Manson continues to misrepresent the holdings in different cases concerning Universitas and different parties, but does not provide any basis for satisfying all three elements of the *Lujan* standard as he is required to do if he wants to continue his frolic in Oklahoma. Universitas cannot show $75,000 in damages caused by any of the Defendants in this case – and after the exhaustive discovery in this case of over 10 years – that is truly saying something. But Universitas has the burden to allege and prove all three *Lujan* factors to satisfy Article III Standing, and yet it has not even tried to satisfy even one of the three requirements of *Lujan* much less the critical one that some action by the Defendants **caused** $75,000 in damages to the Plaintiff. Because Universitas lacks Article III Standing, this Court has no choice but to dismiss this case now pursuant to Rule 12(h)(3).

8

**Exhibit 5   Page 8 of 48**

A recent Second Circuit case (December 2022) confirms that Universitas cannot use "veil-piercing" or "alter-ego" claims to avoid the preclusive effects of ERISA and *Peacock v. Thomas*:

> "Plaintiffs-Appellants' alternative claim of veil-piercing liability is similarly without merit. A veil-piercing claim "is a means of imposing liability on an underlying cause of action," *Peacock v. Thomas*, 516 U.S. 349, 354 (1996), and cannot stand as an independent claim. Here, Plaintiffs-Appellants claim that Sirotkin "left [Hospitality] undercapitalized with insufficient resources to pay employees." But they do not further assert that their claims under the FLSA and NYLL stemmed from the hotel's financial difficulties. Therefore, Plaintiffs-Appellants' alter ego liability claim is independent of their claims under the FLSA and NYLL and fails for that reason."

*Ocampo v. Brown & Appel, LLC*, No. 21-2579-CV, 2022 WL 17684587, at \*2 (2d Cir. Dec. 15, 2022) (holding the veil-piercing claim was "without merit").

Respectfully, this Court is obligated to dismiss this frivolous and vexatious frolic as a matter of law against all Defendants. Universitas lacks Article III Standing, so this Court is obligated to dismiss the case now as a matter of law. The correct solution is to dismiss all claims without prejudice, and let Mr. Manson bring a new cause of action in Connecticut where Mr. Manson has consistently lost.

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quotation marks omitted). "This limitation is 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" *Id.* (*quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "The doctrine of standing gives meaning to these constitutional limits by 'identifying those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Because the standing issue goes to this Court's subject matter

9

**Exhibit 5   Page 9 of 48**

jurisdiction, it can be raised sua sponte." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List*, 573 U.S. at 157–58 (*quoting Lujan*, 504 U.S. at 560–61). "Under the injury-in-fact requirement, 'the first and foremost' element, 'a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016)). As to the second element, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) (*quoting Lujan*, 504 U.S. at 560) (alterations, ellipses, and emphasis omitted). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (*quoting Lujan*, 504 U.S. at 561).

The party invoking federal jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As part of this burden, plaintiffs must establish that they have standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84 (2d Cir. 2014). When assessing subject-matter jurisdiction, courts "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (discussing the resolution of a Rule 12(b)(1) motion to dismiss); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (reviewing additional submissions, including affidavits, while analyzing subject-matter jurisdiction under Rule 12(h)(3)). To establish

**Exhibit 5   Page 10 of 48**

Article III standing, a plaintiff must show (1) that he suffered an injury-in-fact, (2) that is causally connected to the challenged conduct, and (3) that is likely to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). A plaintiff's injury-in-fact must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *Id.* at 560   The district court did not err in dismissing Martin's complaint for lack of subject-matter jurisdiction. Rule 12(h)(3) requires a district court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). *Martin v. United Bridge Cap.*, LP, No. 21-1790-CV, 2022 WL 2166399, at *2 (2d Cir. June 16, 2022).

Additionally, as the Second Circuit made clear in *U.S. v. Prado*, which was a criminal case, a claim to the Plaintiff's lack of Article III Standing and the Court's lack of jurisdiction can be raised at any time pursuant to Rule 12(h)(3): "Although defendants did not make this contention until these appeals, they rely on the proposition that an "objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, (2006). "Rule 12(h)(3) [Fed R. Crim. P.] instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Id. United States v. Prado*, 933 F.3d 121, 132 (2d Cir. 2019).

Federal courts are courts of limited jurisdiction. Therefore, this Court must assure itself that it has subject matter jurisdiction as a threshold matter before proceeding to the merits of any case. *See e.g.*, *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks

11

**Exhibit 5   Page 11 of 48**

the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110,
113 (2d Cir. 2000). *Ollie v. Univ. of Connecticut*, 364 F. Supp. 3d 143, 147–48 (D. Conn. 2019).

Article III, Section 2 of the Constitution limits the subject-matter jurisdiction of the Federal
Courts to "Cases" and "Controversies." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir.
2020). The standing doctrine, which emerges from Article III, is designed "to ensure that Federal
Courts do not exceed their authority as it has been traditionally understood." *See*, Spokeo*, Inc. v.
Robins*, 578 U.S. 330, 338, (2016). A plaintiff has Article III standing where the plaintiff has "(1)
suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,
and (3) that is likely to be redressed by a favorable judicial decision." Id. Therefore, in a class
action, federal courts lack jurisdiction if no named plaintiff has standing. *Frank v. Gaos,*, 139 S.
Ct. 1041, 1046, (2019). The plaintiff, as the party invoking federal jurisdiction, bears the burden
of establishing these elements, "which must be supported in the same way as any other matter on
which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required
at successive stages of litigation." *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 300
(2d Cir. 2021) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d
351 (1992)). A plaintiff asserting subject matter jurisdiction has the burden of proving by a
preponderance of the evidence that it exists. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119
(2d Cir. 2017).

Because "standing is necessary to our jurisdiction," a federal court is required to determine
standing at the outset. *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016). The
"irreducible constitutional minimum" of standing in federal court requires: (1) "injury in fact;" (2)
that is "fairly traceable" to a defendant's challenged conduct; and (3) that is "likely to be redressed"
by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 589-90, (1992).

12

**Exhibit 5   Page 12 of 48**

These issues and elements have not been discussed in this case, much less proven. To support standing, an injury must be both "concrete and particularized."

When a defendant raises a challenge to subject matter jurisdiction based on the allegations in the complaint, as the Defendants have in this case, the Court must ordinarily decide the issue based solely on the allegations in the complaint and the exhibits attached thereto. *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56 (2d Cir. 2016).

Respectfully, it is Hornbook Law that if the Plaintiff Universitas lacks Article III Standing, then this Court lacks subject matter jurisdiction and this Court has no option but to dismiss the case before it does anything else. "The requirement that a plaintiff demonstrate constitutional standing is a jurisdictional prerequisite to suit in federal court. Thus, if Plaintiffs lack standing under Article III of the U.S. Constitution, there is no subject matter jurisdiction and the Court must dismiss this case. *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir.2004) ("If [plaintiff] lacks standing, we lack subject matter jurisdiction to entertain a request for such relief."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

> Without jurisdiction a court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is of announcing the fact and dismissing the case.

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, (1998).

> "Federal courts must determine that they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

*Lance v. Coffman,* 549 U.S. 437, 439, 127 S. Ct. 1194, 1196–97, 167 L. Ed. 2d 29 (2007).

Exhibit 5   Page 13 of 48

A district court *sua sponte* "must first resolve the subject matter jurisdictional issue on which the Plaintiff's Article III standing depends before awarding either side a judgment that is, in essence, a judgment on the merits." *Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 83 (2d Cir. 2006). The plaintiff has the burden of establishing standing under Article III. *Aurecchione v. Schoolman Transp. Systems, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. The concept of standing is part of this limitation." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37 (1976) (cit. omitted); *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992) ("*Lujan*"); *Allen v. Wright*, 468 U.S. 737, 750–51; *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

> "[T]he irreducible constitutional minimum of standing contains three elements. First and foremost, the plaintiff must have suffered an "injury in fact"— a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation -- a fairly traceable connection between the plaintiff's injury and the complained of conduct of the defendant. And third, there must be redressability -- a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and [\*\*\*233] redressability 5Link to the text of the note comprises the core of Article III's case-or-controversy [\*104] requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102–04 (1998) (cit. omitted).

[Universitas] has failed to show Article III standing, i.e., failed to show that their injuries were fairly traceable to the Defendant's acts. *Rothstein v. UBS AG*, 708 F.3d 82, 90–91 (2d Cir. 2013).

There is also no disputing that the Connecticut-based Charter Oak Trust Welfare Benefit Plan was a Plan covered by ERISA – and the Universitas filing to the Second Circuit in December

14

Exhibit 5   Page 14 of 48

of 2012 mentions ERISA 44 times without a single reference to "Mr. Carpenter", the Petitioner in this case. So, these wild "alter ego" claims against innocent parties have no basis in fact. These innocent Defendants have not harmed Universitas in any way, shape, or form, and any action in this case is both time-barred and barred by ERISA as well as *res judicata*.

**Exhibit 5   Page 15 of 48**

### III.   THIS COURT LACKS JURISDICTION BECAUSE UNIVERSITAS LACKED STANDING AND JUDGE HEATON'S ORDER IS NULL AND VOID

Judge Heaton's Order from September 13, 2017 clearly laid out the "Three-Avon Problem" and the inherent Due Process problems that it would create in this Court thinking that it had jurisdiction over Avon-Wyoming and/or Avon-Nevada just because Universitas filed a judgment against Avon-Connecticut ten years ago. The Tenth Circuit made it very clear that this Court lost jurisdiction in December of 2020 and Universitas has not complied with the Rules of Civil Procedure in refiling the New York Judgment against Avon-CT. Now Judge Heaton's latest Order acknowledges that in addition to the "Three-Avon Problem" there are two "SDM Holdings" involved. One SDM-Oklahoma has been long defunct and SDM-CT is alive and well and is unlawfully being attacked by Judge Heaton and unlawfully plundered by Judge Heaton's family friend Ryan Leonard, the Receiver of the long-deceased Avon-Wyoming.

Since the Court lost jurisdiction in December 2020, the Supreme Court decided *TransUnion, LLC v. Ramirez*, 141 S. Ct. 972 (2021), which made it clear that for this Court to have jurisdiction, Universitas must have "Standing" to sue some party in Oklahoma. As Justice Kavanaugh succinctly stated: "No concrete harm, No Standing."

But a lot has happened in the 10 years since Universitas first filed the SDNY foreign Judgment against Avon-CT in 2014. Avon-Wyoming was **NEVER** a judgment debtor or an owner of SDM-CT. Perhaps the biggest thing is that the judgment against Avon-CT (along with several other parties) has been satisfied pursuant to the "One Satisfaction Rule" that allows Universitas to receive only one payment of $6,700,000 from Avon-CT and the moment that some other party pays above that amount—then the judgment against Avon-CT is satisfied and Universitas no longer has standing and this Court no longer has jurisdiction. Significantly,

16

**Exhibit 5   Page 16 of 48**

Universitas tried to expand its New York judgment against innocent uninvolved third parties and

Judge Swain shut it down citing *Peacock v. Thomas*, 516 U.S. 349 (1996), because the Charter

Oak Trust was an ERISA Plan, and *Peacock* is based on another famous case that originated from

Connecticut and the Second Circuit, *H. C. Cook Co. v. Beecher*, 217 U.S. 497 (1910), where the

Supreme Court established the new rules for ERISA plans by reiterating in *Peacock*:

> We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment. Indeed, we rejected an attempt to do so in *H.C. Cook Co. v. Beecher*, 217 U.S. 497 (1910).
>
> In *Beecher*, the plaintiff obtained a judgment in federal court against a corporation that had infringed its patent. When the plaintiff could not collect on the judgment, it sued the individual directors of the defendant corporation, alleging that, during the pendency of the original suit, they had authorized continuing sales of the infringing product and knowingly permitted the corporation to become insolvent. We agreed with the Circuit Court's characterization of the suit as "an attempt to make the defendants answerable for the judgment already obtained" and affirmed the court's decision that the suit was not "ancillary to the judgment in the former suit." *Id.*, at 498–499, 30 S.Ct., at 602. *Beecher* governs this case and persuades us that Thomas' attempt to make *Peacock* answerable for the ERISA judgment is not ancillary to that judgment.

*Peacock v. Thomas*, 516 U.S. 349, 357–58, (1996).

Recently, in April of this year, the Second Circuit affirmed all of the Universitas losses in

suing innocent parties in Connecticut—after Judge Swain turned them down in March of 2020—

based on the *res judicata* doctrine. Judge Meyer and Judge Dooley of the District of Connecticut

both based their opinions on *res judicata* in saying that Universitas could not argue that every

LLC was an "alter-ego" of Mr. Carpenter and not realize that would trigger the "privities" part

of res judicata and they could not sue new parties in 2023-2024 just by alleging the party was an

"alter-ego" of Mr. Carpenter as Universitas is now claiming in Oklahoma. Once again Petitioner-

Carpenter was **NOT** a party to any of the Universitas lawsuits against innocent parties.

But neither Judge Meyer nor Judge Dooley mentioned the obvious Statute of Limitations

17

Exhibit 5   Page 17 of 48

problem that Universitas has in trying to sue any party in 2023 or 2024 based on the judgment of 2014. In fact, when Universitas sued TD Bank on "behalf of the Charter Oak Trust" in 2015 in New York, Judge Scheindlin made it clear that any suit by Universitas against any party after October of 2012 was barred by the Statue of Limitations.

Phoenix Charitable Trust ("Phoenix"), the "Interested Party" in front of Judge Heaton, was a member of SDM-OK before the 2017 merger. The Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. *See* [Dkt. 577-1, Secretary of State filings listing] SDM-OK ceased to exist as a matter of law, at the very latest, at this time.

Also, as this Court should understand, the 2017 Merger Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed by Universitas before that as Doc. 339-1 on Dec. 7, 2021, and the very same document was again filed by ASG as Doc. 587-1 on February 14, 2024. As a result of the merger, SDM-OK ceased to exist in 2017.[1] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger].

A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK. Once again, SDM-CT has never been owned by Avon-WY. SDM-OK ceased to exist at the time of the merger in June 2017 as a matter of law, and the Receiver has failed to file **ANY** tax returns

---

[1] In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member and **NEVER** an owner of SDM-CT, a Defendant in this case.

**Exhibit 5   Page 18 of 48**

for SDM-OK or Avon-WY since unlawfully taking over in 2021.

Because Avon-WY was dissolved in 2014, it is even clearer that SDM-OK's assets are not properly the subject of the receivership and both the receivership (assuming *arguendo* that SDM-OK actually existed) and the Injunction should be dissolved and this case dismissed. [Dkt 92, Order pp. 2, 4]. Further, while Avon-WY acquired SDM-OK in 2009, the Court's September 13, 2017 Order [Dkt 92] holds that Avon-WY was dissolved in 2014 – 10 years ago – and the Oklahoma Secretary of State's terminated and canceled SDM-OK following the June 2017 merger documents. Because SDM-OK ceased to exist on June 30, 2017 and the Oklahoma Secretary of State terminated and subsequently "cancelled" SDM-OK, and also because Avon-WY was dissolved in 2014 and no longer exists, it is even clearer that SDM-OK may not be used a source of payment. [Dkt 92, Order pp. 2, 4] In other words, the Receiver's reliance upon the Receiver's apparent belief that SDM-OK exists and is wholly owned by Avon-WY is misplaced. SDM-CT's assets are SDM-CT's assets, not some other business entity's assets or some individual's assets. Conn. Gen. Stat. § 34-167(a); *Lundstedt v. People's United Bank*, No. 3:14-cv-01479 (JAM), 2015 U.S. Dist. LEXIS 15762, *4 (D. Conn. February 10, 2015). Universitas applied for and obtained a charging order in 2014 in Connecticut, so it knows how to obtain one in Connecticut.

As this Court knows, Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

**Exhibit 5   Page 19 of 48**

Moreover, the law of the case doctrine provides that "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted). The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine. (Doc. 509 at 3, n. *). Judge Heaton lost jurisdiction in December 2020, and never got it back.

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 243, 55 S. Ct. 162, 79 L. Ed. 338 (1934); *A.B. v. Health Care Serv. Corp.,* No. CIV- 19-968-D, 2020 U.S. Dist. LEXIS 126279, at *10 (W.D. Okla. July 17, 2020) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)).

Subject matter jurisdiction is a prerequisite to this Court going any further, and the Receivership was an unlawful extension of the law. *See, e.g., J2 Enters. Ltd. Liab. Co. v. Fields*, 2014 U.S. Dist. LEXIS 140671, at *6 (W.D. Okla. Oct. 3, 2014) ("vacating the lower court's order appointing receivership for lack of subject matter jurisdiction"); ("the district court had lacked subject matter jurisdiction to appoint the receiver") (citing *Mitchell v. Maurer*, 293 U.S. 237, (1934)).

**Exhibit 5 Page 20 of 48**

### A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" Or "Controversy" And Universitas' Claims Have Become Moot.

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the case became moot at that point. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at \*13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). The Tenth Circuit specifically held that orders entered by this Court after the case became moot are void. *Id.* The Tenth Circuit ordered:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.*

(Doc. 509, Order p. 8 (emphasis added)). The Tenth Circuit further held that:

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up). **As the issue in this case** *was no longer live* **and Universitas** *lacked a legally cognizable interest* **in the outcome once its** *judgment expired in December 2020,* **the case became** *moot* **and the district court** *lacked Article III jurisdiction to enter its order, rendering the order void.*

(Doc. 509, Order p. 10-11 (footnote omitted) (emphasis added)). This is law of the case. *See Graham*, 704 F.3d at 1278; *Rohrbaugh.*, 53 F.3d at 1183.

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction. The Tenth Circuit correctly held that this Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-

21

**Exhibit 5 Page 21 of 48**

6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). All orders and proceedings that follow the loss of Article III jurisdiction are similarly void—including the order and the Complaint here.

The Tenth Circuit recognized that Universitas' failure to properly re-file the judgment in accordance with Oklahoma law prior to its expiration was **"fatal"** because there was no longer a judgment in existence for the Court to enforce at the time it entered the order. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)). Avon Capital-WY is no longer a party to any case or controversy and any claims became moot in December 2020. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). As of December 3, 2020, when the Court lost jurisdiction, the case ceased to exist and the current order and Complaint are null and void as a matter of law.

22

**Exhibit 5  Page 22 of 48**

## B. Pursuant To Applicable Law, Universitas May Not Re-File the Judgment in A Moot Case.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money."). The judgment at issue is a New York Judgment for the payment of money. (*See* Doc 1-1).

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk, last garnishment summons was issued, or sending of a certified copy of notice of income assignment." Consistent with O.S. §12-735(B), the Tenth Circuit held that Universitas' Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas did not re-file its expired judgment before the district court entered its February 11, 2021 order. For the reasons explained above, that failure to re- file was fatal—there was no longer a judgment in existence for the district court to enforce at the time it entered the order. "A case becomes moot— and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up). As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan

23

**Exhibit 5   Page 23 of 48**

County, Colorado against defendants on June 4, 2007. *Taracorp,* 419 P.3d at 218. Plaintiffs
acted quickly to execute their judgment, and on June 7, 2007, they filed their Colorado
judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659. *Id.*
After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007 Colorado judgment in
a new case in the District Court of Marshall County, Oklahoma. *Id.* at 219. Plaintiffs in
*Taracorp* relied on the holding in Yorkshire *West Capital Inc. v. Rodman,* 149 P.3d 1088
(Okla. Civ. App. 2006), that "nothing prevented the re-filing of the judgment a second time
in Oklahoma as long as the foreign judgment remained valid and enforceable in the original
state." *Taracorp,* 419 P.3d at 219. Ultimately, the Oklahoma Supreme Court agreed. *Id.* at
223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined
the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment.
149 P.3d 1088, 1093 (Okla. Civ. App. 2006). There, the *Yorkshire* Court held:

> On de novo review, we find that the law in Oklahoma requires that a foreign
> judgment which is valid and enforceable in the issuing state may be filed as
> a new judgment in Oklahoma, even where the same foreign judgment has
> previously been filed and become dormant in Oklahoma. The judgment's
> validity in the issuing state is paramount, and nothing in the Act expressly
> prohibits a second filing of a judgment. In this case, the Texas Judgment
> Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which
> became dormant after five years without execution. But Yorkshire's Texas
> Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed
> it a second time in Oklahoma under a new case number.** That filing resulted
> in a second Oklahoma judgment which remains enforceable pursuant to §
> 735. *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ.
> App. 2006) (emphasis added).

Although it is possible that Universitas' expired judgment against Avon-CT not Avon-
Wyoming could potentially be filed for a second time in a new action (and with a new case
number), provided that the foreign judgment remains valid and enforceable in the original state,

24

**Exhibit 5   Page 24 of 48**

Oklahoma law does not contemplate the refiling of the judgment in a moot case. The judgment must be "filed a second time in Oklahoma under a new case number." *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006) (emphasis added). Oklahoma law does not recognize refiling of a judgment in a moot case nor does refiling of a judgment in a moot case cure a district court's lack of jurisdiction.

Universitas' attempt to refile the New York Judgment in the same case *after* the Court lost jurisdiction on December 3, 2020 fails to reinvest this Court with subject matter jurisdiction. Consistent with *Yorkshire,* to the extent that Universitas seeks to re-file the New York Judgment in Oklahoma, it must be refiled in a new case and under a new case number.

This Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment on December 3, 2020, when the Tenth Circuit found this Court lost Article III jurisdiction. *See Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023). A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

Based on the foregoing reasons, for the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Petitioner respectfully asks this Court to dismiss the Complaint for lack of subject matter jurisdiction and dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3).

25

**Exhibit 5 Page 25 of 48**

## IV.   THE INJUNCTION IS TRANSPARENTLY INVALID AND SHOULD BE DISSOLVED

Petitioner begins with the words of Justice Brandeis in *Chase National Bank v.*

*Norwalk,* 291 U.S. 431, (1934):

> "The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger.... Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his legal rights." *Id.,* at 441, 54 S.Ct., at 479.

*Martin v. Wilks,* 490 U.S. 755, 763, (1989)

> All agree that "[i]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee,* 311 U.S. 32, 40, (1940).; *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, (1969). This rule is part of our "deep-rooted historic tradition that everyone should have . his own day in court.". A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.

*Id.,* at 755, 761–62.

> If the court had no jurisdiction over the subject matter, or if the judgment is the product of corruption, duress, fraud, collusion, or mistake, under limited circumstances it may be set aside in an appropriate collateral proceeding. See Restatement (Second) of Judgments §§ 69–72 (1982);

*Id.,* at 755, 771.

> The Tenth Circuit detests three types of Injunctions which are all apparent here:

> **Three types of injunctions are specifically disfavored by the Tenth Circuit: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.** *See, e.g., O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* **389 F.3d 973, 975 (10th Cir.2004) (en banc)** *aff'd and remanded sub nom. Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* **546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006) (citation omitted).** *Citizens United v. Gessler,* **69 F. Supp. 3d 1148, 1156 (D. Colo.), <u>rev'd</u>, 773 F.3d 200 (10th Cir. 2014).**

The Injunction never should have been granted because the balance of factors favors SDM

Holdings, LLC, a Connecticut-based company, which was not before Judge Heaton, and which

26

**Exhibit 5   Page 26 of 48**

has never had Avon-Wyoming as a member. All four factors favor SDM and do not favor Universitas:

> The district court held that Citizens United's showing on the four preliminary-injunction factors was required to meet a heightened standard applicable to certain disfavored injunctions. "Three types of preliminary injunctions are specifically disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir.2012). The district court ruled that this case implicated the first and third categories. For these disfavored preliminary injunctions, "the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction." *Id.* (internal quotation marks omitted). We need not decide whether a heightened standard applies here, however, because all four of the preliminary-injunction factors weigh compellingly in Citizens United's favor.

*Citizens United v. Gessler*, 773 F.3d 200, 219 (10th Cir. 2014).

> [I]ts request for this injunctive relief on the test for permanent injunctions that is provided by the Tenth Circuit: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." (quoting <u>Sw. Stainless, LP v. Sappington</u>, 582 F.3d 1176, 1191 (10th Cir. 2009)).

*Voter Reference Found., LLC v. Torrez*, No. CIV 22-0222 JB/KK, 2024 WL 1347204, at *64 (D.N.M. Mar. 29, 2024).

The Merger Agreement of SDM-OK into SDM-CT was submitted to Judge Heaton several times with the lastest being in February 2024 by the attorneys for ASG. Neither Avon-WY nor SDM-OK continue to exist, but contrary to Judge Heaton's Order from February 22, 2024, Dkt. No. 594, there has not been any mention by any party saying that Avon-WY owns any part of SDM-CT, much less 100% as Judge Heaton claims. This is Plain Error that should be corrected immediately. If there is no evidence that Avon-WY owns 100% of SDM-CT, then this Court should dismiss the Complaint, immediately dissolve the Injunction, end the bogus Receivership and apologize to Petitioner as he has been defamed enough by Universitas and Judge Heaton, who

**Exhibit 5  Page 27 of 48**

continues to repeat Universitas's lies as truth. Right now, Judge Heaton is allowing the Receiver to steal money from innocent parties who are not parties to this litigation based on a foreign judgment against a long-defunct entity that has not been properly re-registered with this Court on a debt that has already been satisfied pursuant to the One Satisfaction Rule.

### A.    Oklahoma Law's "Sole and Exclusive Remedy" Is A Charging Order.

"[S]ection [18-2034] shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest." 18 O.S. § 2034. "Under Oklahoma's limited liability company statutes, the exclusive remedy of a creditor of a member in a limited liability company with respect to the member's interest is a 'charging order,' which may not be foreclosed upon." *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV- 0227-CVE-FHM, 2012 WL 524421, at *3 (N.D. Okla. Jan. 11, 2012) (citing 18 O.S. Supp. 2017 § 2034).

Similarly, in 2013 the Oklahoma Court of Civil Appeals reversed an order assigning a judgment debtors' membership interest in a limited liability company. *Southlake Equip. Co., Inc. v. Henson Gravel & Sand, LLC*, 2013 OK 87 ₱ 15, 313 P.3d 289, 292 (Ok. Civ. App. 2013). It wrote:

> Section 2034 exclusively describes the rights of a creditor against a judgment debtor member of a limited liability company. It authorizes a court to charge the membership interest of a judgment debtor to a creditor as payment towards the debt until the judgment is satisfied. However, § 2034 narrows the definition of membership interest to mean only the flow of profits or surplus from the member's economic interest in his units of the LLC, and only allows this flow until the judgment is satisfied. Section 2034 specifically states "the judgment creditor has only the rights [or entitlements] of an assignee of the membership interest." The Act defines the rights of an assignee as "entitl[ing] the assignee to share in profits and losses, to receive any distribution or distributions and to receive the allocation of income, gain, loss, deduction, or credit or similar item to which the assignor was entitled to the extent assigned." 18 O.S.2011, § 2033.

*Southlake Equip. Co., Inc.*, 2013 OK 87 ₱ 8, 313 P.3d at 291. Thus, the order charging the

28

Exhibit 5   Page 28 of 48

judgment debtor's membership interest to the judgment creditor "clearly conflicts with the plain meaning of § 2034 and was therefore in error." *Southlake Equip. Co., Inc.*, 2013 OK 87 ⁋ 11, 313 P.3d at 291.

In conclusion, Oklahoma law expressly prohibits the use of SDM-OK's assets (and again, SDM-OK is not a judgment debtor and SDM-OK was terminated by the Oklahoma Secretary of State) to pay the receiver and manager. Universitas's sole relief that is available under Oklahoma law is a charging order regarding the judgment debtor. A receivership may not be used to avoid the prohibition upon collection of a judgment against a limited liability company.

### B.    Connecticut Law's "Sole and Exclusive Remedy" Is A Charging Order.

"The entry of a charging order is the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest. With respect to the judgment debtor's transferable interest, attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor, whether the limited liability company has one member or more than one member." Conn. Gen. Stat. Sec. 34-259b. While SDM-CT is indisputably not a party to this litigation, even if it were, a receivership is unavailable under Connecticut law.

Because a Receivership is not available in Oklahoma or Connecticut, this Court should dismiss the Complaint, dissolve the Injunction, and end the unlawful Receivership.

29

**Exhibit 5   Page 29 of 48**

## V.     VENUE IS NOT PROPER IN THE DISTRICT OF OKLAHOMA

Although venue is a question of fact to be decided by the jury, whether there has been sufficient evidence to justify a finding on venue is a question of law for the court. *United States v. Foy*, 641 F.3d 455, 466 (10th Cir. 2011). Defendants must raise venue objections during the pretrial stage "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(i). Improper venue is a basis for dismissal of a charge. *Id.*

The starting point  for any court's venue analysis is the Supreme Court's counsel that close calls in the question of venue (regarding matters of law) generally ought go to the Defendant, *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236 (1944) ("If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it."), which some circuits have interpreted as a general mandate to construe venue narrowly. *See United States v. Ramirez*, 420 F.3d 134, 146 (2d Cir. 2005); *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014); *United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012); *United States v. King*, 259 F. Supp. 3d 1267, 1281 (W.D. Okla. 2014).

Generally, venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. at 5, 118 S.Ct. 1772. Nevertheless, determining where a crime is committed is "not always an easy task." *United States v. Smith*, 641 F.3d 1200, 1207 (10th Cir. 2011). "The terms of the statute dictate the nature and acts that constitute a crime." *Id.* In particular, "it is often helpful to look to the verb or verbs used in the criminal statute to determine where the crime was committed." *Id.*; *Ryan*, 894 F.2d at 360. While the Supreme Court has counseled against too-strictly hewing to the "verb test" in determining *locus delicti, United States v. Rodriguez-*

30

**Exhibit 5    Page 30 of 48**

*Moreno*, 526 U.S. 275, 280 (1999), the Tenth Circuit has since reiterated that "it is often helpful to look to the verb or verbs used in the criminal statute to determine where the crime was committed." *Smith*, 641 F.3d at 1207.

Just as with Jurisdiction, Venue is clearly not proper in this case, and this constitutes Plain Error. A defendant in a criminal case has a constitutional right to be tried in a proper venue. *United States v. Johnson,* 323 U.S. 273, 275 (1944) (noting that two constitutional provisions, Article III, §2, cl. 3 and the Sixth Amendment both provide a right to trial in the state where the crime is committed); *United States v. Uribe*, 890 F.2d 554, 558 (1st Cir. 1989); *see also* Fed. R. Crim. P. 18. The government bears the burden of proof on the issue of venue. *United States v. Lanoue*, 137 F.3d 656, 661 (1st Cir. 1998). "[I]t is readily apparent that venue requirements promote both fairness and public confidence in the criminal justice system." *Johnson* at 276. Venue must be determined by the nature of the crime alleged, **by analyzing the actual conduct of the defendant constituting the offense and the location of the criminal acts**. More than a *de minimis* connection to the district is required. *See United States v. Anderson*, 328 U.S. 699, 703 (1946) "[t]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." These congressional and constitutional protections are meant to provide **"a safety net, which ensures that a criminal defendant cannot be tried in a distant, remote, or unfriendly forum** solely at the prosecutor's whim." *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004).

The importance of this right to the Founders is emphasized by the fact that it is mentioned in the Declaration of Independence as a complaint and not once, but twice, in the text of the Constitution. *See* U.S. Const. art. III, §2, cl. 3 ("The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed ...."); *id.* amend. VI (requiring trial of a criminal

31

**Exhibit 5   Page 31 of 48**

case "by an impartial jury of the State and district wherein the crime shall have been committed"). Congress has further entrenched these norms by an explicit directive that limits a criminal prosecution to "a district in which the offense was committed." Fed.R.Crim.P. 18. This rule "echoes the constitutional commands." *United States v. Cabrales*, 524 U.S. 1, 6 (1998).

In Petitioner's case, Venue in the District of Oklahoma is clearly improper as Petitioner never was a resident of Oklahoma, nor did he have anything to do with Oklahoma until the court proceedings in this case began, and the government alleges no overt acts by Petitioner with any connection to the State of Oklahoma in the Complaint. Because it is indisputable that he did not perform any "essential conduct element" of the crime charged and alleged in the Complaint in the district of Oklahoma, the Complaint should be dismissed by this Court *sua sponte* or immediately transferred to the District of Connecticut. *See, e.g., United States v. Auernheimer*, 748 F.3d 525 (3d Cir. 2014). As explained by the Third Circuit in *Auernheimer* (citing the First Circuit in *Salinas*), these constitutional provisions manifest a strong constitutional policy disfavoring trials removed from the situs of the Defendant's alleged criminal activity. The Third Circuit's decision in *Auernheimer* is particularly instructive for this Court. As explained by the Third Circuit in *Auernheimer*:

> The importance of this right is emphasized by the fact that it is mentioned not once, but twice, in the text of the Constitution. *See* U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed ...."); *id.* amend. VI (**requiring trial of a criminal case "by an impartial jury of the State and district wherein the crime shall have been committed"). Congress has further entrenched these norms by an explicit directive that limits a criminal prosecution to "a district in which the offense was committed." Fed.R.Crim.P. 18. This rule "echoes the constitutional commands."** *United States v. Cabrales,* **524 U.S. 1, 6, (1998). The result is a safety net, which ensures that a criminal defendant cannot be tried in a distant, remote, or unfriendly forum solely at the prosecutor's whim.** Seen in this light, it is readily apparent that venue requirements promote both fairness and public confidence in the criminal justice system. *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004).

32

**Exhibit 5   Page 32 of 48**

The Supreme Court has repeatedly made clear that the constitutional limitations on venue are extraordinarily important. "[Q]uestions of venue are more than matters of mere procedure. They raise deep issues of public policy in the light of which legislation must be construed." *Travis v. United States,* 364 U.S. 631, 634, (1961) (quotation marks omitted). "The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place." *United States v. Cores,* 356 U.S. 405, 407, (1958); The founders were so concerned with the location of a criminal trial that they placed the venue requirement, which is "principally a protection for the defendant," *Cabrales,* 524 U.S. at 9, in the Constitution in two places. *See* U.S. Const. art. III, § 2, cl. 3 and amend. VI.

They did so for good reason. A defendant who has been convicted "in a distant, remote, or unfriendly forum solely at the prosecutor's whim," *United States v. Salinas,* 373 F.3d 161, 164 (1st Cir.2004), has had his substantial rights compromised. **Auernheimer was hauled over a thousand miles from Fayetteville, Arkansas to New Jersey.** Certainly, if he had directed his criminal activity toward New Jersey to the extent that either he or his co-conspirator committed an act in furtherance of their conspiracy there, or performed one of the essential conduct elements of the charged offenses there, he would have no grounds to complain about his uprooting. But that was not what was alleged or what happened. While we are not prepared today to hold that an error of venue never could be harmless, we do not need to because the improper venue here—far from where he performed any of his allegedly criminal acts—denied Auernheimer's substantial right to be tried in the place where his alleged crime was committed.

Venue issues are animated in part by the "danger of allowing the [G]overnment to choose its forum free from any external constraints." *Salinas,* 373 F.3d at 169–70 (citing *Travis,* 364 U.S. at 634). The ever-increasing ubiquity of the Internet only amplifies this concern. As we progress technologically, we must remain mindful that cybercrimes do not happen in some metaphysical location that justifies disregarding constitutional limits on venue. People and computers still exist in identifiable places in the physical world. When people commit crimes, we have the ability and obligation to ensure that they do not stand to account for those crimes in forums in which they performed no "essential conduct element" of the crimes charged. *Rodriguez–Moreno,* 526 U.S. at 280.

*United States v. Auernheimer,* 748 F.3d 525, 539–41 (3d Cir. 2014).

**Exhibit 5   Page 33 of 48**

## VI.   THE SUPREME COURT'S DECISION IN *SMITH* IN REGARDS TO THE VICINAGE CLAUSE REQUIRES THAT THIS COURT GRANT THIS MOTION, DISMISS THE COMPLAINT, OR TRANSFER VENUE FOR THIS CASE TO THE DISTRICT OF CONNECTICUT

The proposition that local crimes must be tried by local juries is among the bedrock principles of American criminal procedure. It ensures that local citizens—and not the government—will decide a defendant's guilt or innocence. This principle contains two distinct conceptual strands: (1) venue, which is the location of the trial itself; and (2) vicinage, which refers to the location of the jury pool. These two concepts are often conflated in modern American law, but they both have historical roots dating back centuries, and together they emphasize the importance of venue as a defendant's individual, substantive right and as a critical check on government authority.

The right to be tried in a proper venue became a flashpoint in the Revolutionary era, as the British Parliament enacted laws that provided for colonists accused of crimes to be tried thousands of miles away in England. The Founders saw these measures as serious incursions on a defendant's right to be tried in the appropriate place and by appropriate jurors—rights that they viewed as inherent to a fair trial. They therefore codified those rights in the Constitution in Article III and in the Sixth Amendment. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI.

The Founders conceived the venue right as an important means of protecting the defendant from the hardships of standing trial in a foreign place without family support, access to legal services and evidence, or knowledge of the local jury pool. Combined with the related concept of vicinage, it also serves as a critical check on government abuse: It limits the prosecutor's ability to manipulate the process by subjecting defendants to a trial in whichever locations and before whichever juries the prosecution thinks are most likely to yield a conviction.

34

**Exhibit 5   Page 34 of 48**

## A. The Constitutional Right to Be Tried in a Proper Venue Is Foundational to the Anglo-American Legal Tradition

The right to be tried in a proper venue has a centuries-long historical pedigree. It is intertwined with the ancient principle of vicinage—the requirement that a criminal defendant be tried before a jury hailing from the place of the crime. The right to a jury of the vicinage "predates and is acknowledged in the Magna Carta, which declared that 'no freeman shall be taken or imprisoned. . . unless by the lawful judgment of his peers' and that punishment would not be 'assessed but by the oath of honest men *in the neighborhood*.'" Venue: A Legal Analysis of Where a Federal Crime May Be Tried at 21, Cong. Res. Serv. (Dec. 6, 2018), https://bit.ly/3l1E62D (emphasis in original) (quoting Magna Carta, XXXIX, XX).

Though the venue and vicinage rights are formally enshrined in separate constitutional provisions, for much of common-law history, given the limited means of travel then available, venue and vicinage were inextricably linked: The requirement that a jury be chosen from the area where the crime was committed (vicinage) meant that a trial in accord with the vicinage requirement was, in all likelihood, set in the place where the alleged crime occurred (venue). See Brian C. Kalt, *Crossing Eight Mile: Juries of the Vicinage and County-Line Criminal Buffer Statutes*, 80 Wash. L. Rev. 271, 276 (2005) (*Crossing Eight Mile*); see also *United States* v. *Passodelis*, 615 F.2d 975, 977 n.3 (3d Cir. 1980).

The venue and vicinage rights took on outsized importance during the American Revolutionary period, when colonists condemned British extradition of Americans for crimes committed in the colonies. The result was an original Constitution that codified the right to venue where the crime was committed, and a Bill of Rights that further protected the rights of vicinage. Together, these rights repudiated British abuses and stood as a critical check on the early American government.

35

**Exhibit 5   Page 35 of 48**

### B. The Venue Right Has Its Roots in English Common Law and Magna Carta

In feudal England, vicinage—the geographical origin of a jury—was as much a product of necessity as of right. Under the early English jury system, jurors "decided cases based on their own knowledge, and they were therefore selected on that basis." Kalt, *Crossing Eight Mile, supra,* at 296. In a system in which jurors "were required, or at least presumed, to know the facts [of a case] of their own knowledge," and indeed might even investigate the facts themselves, proximity of the jurors to the place of the alleged crime was paramount. William Wirt Blume, *The Place of Trial of Criminal Cases: Constitutional Vicinage and Venue*, 43 Mich. L. Rev. 59, 60 (1944); *Zicarelli v. Gray*, 543 F.2d 466, 475 (3d Cir. 1976). Sir Edward Coke, writing in the early 1600s, emphasized the importance of knowing "out of what neighborhood" a jury should hail, lest the jury be ill-suited to its administrative inquest. Blume, *supra*, at 60.

While a jury selected from the place of the crime was ordinarily a matter of practical necessity, commentators have understood Magna Carta to have "secured" the right to trial by a jury of the vicinage "against Royal interference." Henry G. Connor, *The Constitutional Right to a Trial by a Jury of the Vicinage*, 57 U. Pa. L. Rev. 197, 198 (1909). Magna Carta decreed that punishment for crime would flow only "by the oath of trustworthy men *of the vicinity*." Magna Carta, ch. 20 (1215) (emphasis added).

The subsequent two centuries saw a gradual relaxation of the vicinage and venue requirements in English legal practice. With respect to vicinage, by the mid-1700s, the jury more closely approximated modern analogues, with jurors no longer expected to furnish their own knowledge of a matter, but instead "to obtain their knowledge only from evidence produced in open court."

**Exhibit 5   Page 36 of 48**

While this evolution in the role of the jury might have presaged retirement of the vicinage requirement, vicinage persisted, just in broader geographical units. As Sir William Blackstone observed in 1768, while ancient law drew its juries "from the neighbourhood of the village or place where the cause of action was laid," the shift toward impartial juries meant that the jury was "now only to come *de corpore comitatus*, from the body of the county at large, and not *de vicineto,* or from the particular neighbourhood." William Blackstone, Commentaries on the Laws of England *360.

### C.  The American Revolution Underscored the Importance of the Right to Proper Venue and a Local Jury, Which the Founders Codified in the Constitution

While English legal practice tolerated certain erosions of the venue and vicinage requirements, "[i]n the rebellious American colonies, the principle of local jury trial persisted more strongly." Kalt, *The Perfect Crime*, *supra*, at 676. Indeed, as tensions flared between the colonists and Great Britain in the late 18th century, the principle of local jury trial assumed visceral importance in the colonies.

The rigging of venue and jurisdiction was a core strategy of the Crown to enhance its ability to punish colonists' violations of its laws. In the 1760s, the colonists "routinely violated the navigation acts with impunity." Matthew P. Harrington, *The Legacy of the Colonial Vice-Admiralty Courts (Part II)*, 27 J. Mar. L. & Com. 323, 332 (1996). To bolster its ability to enforce its laws, in 1764, the British Parliament created a vice-admiralty court in Halifax, Nova Scotia, and conferred upon it concurrent jurisdiction over all violations of the trade or revenue laws, regardless of where an offense occurred. Thus, "customs or naval officials could carry a seized vessel to Halifax for trial even though the seizure occurred in a place as distant as Georgia or South Carolina." *Id.* at 334.

37

**Exhibit 5   Page 37 of 48**

As a result, "many merchants faced the prospect of losing their property simply because they could not afford to defend it in such a remote place." *Ibid.* And even those defendants who endured the journey to plead their cases hundreds of miles away faced a daunting task: "Admiralty courts sat without juries, required heavy bonds to preserve claims to confiscated property, saddled the claimant with the costs of maintaining the action, and imposed an extraordinarily difficult burden of proof on the claimant seeking the return of confiscated property." Daniel D. Blinka, *Jefferson and Juries: The Problem of Law, Reason, and Politics in the New Republic*, 47 Am. J. Legal Hist. 35, 79 (2005).

The Stamp Act, enacted the following year, represented an even more brazen manipulation of jurisdiction and venue to the Crown's advantage. Parliament vastly expanded admiralty jurisdiction, which swept even more causes of action within the jurisdiction of the vice-admiralty courts. See *ibid.* It also gave the Halifax court appellate jurisdiction over trade or revenue cases brought in vice-admiralty courts located in other colonies. Blinka, *supra*, at 79; Harrington, *supra*, at 335. While certain violations of the navigation acts could also be tried to a jury in common-law court, "Crown officers began to rely almost exclusively upon the vice-admiralty," as "colonial juries proved to be singularly uncooperative in enforcing the trade laws." Harrington, *supra*, at 336.

The Stamp Act provoked fury in the colonies and was soon repealed. In subsequent enactments in 1766 and 1767, Parliament "attempt[ed] to defuse colonial objections to the expanded jurisdiction of the Halifax vice- admiralty court" by establishing additional vice-admiralty courts in Boston, Philadelphia, and Charleston. Harrington, *supra*, at 335; Blinka, *supra*, at 79. But the colonists continued to chafe against the jurisdiction of the vice-admiralty courts,

**Exhibit 5 Page 38 of 48**

which had plainly been engineered to stack the deck in the prosecution's favor. Blinka, *supra*, at 79.

As discontent continued to roil the colonies, the British government reprised its tactic of channeling proceedings against colonial rebels to fora more friendly to the Crown—this time in the criminal context. In 1769, when Massachusetts citizens interfered with enforcement of the revenue laws, Parliament reacted by reviving 35 Henry VIII, c. 2 (1543). This long-disused, Tudor-era law permitted trials for treason committed outside the "realm" to be held "before such commissioners, and in such shire of the realm, as shall be assigned by the King's majesty's commission." Blume, *supra*, at 62 (quoting 35 Henry VIII, c. 2 (1543)).

The colonies immediately responded with "fierce . . . indignation." Connor, *supra,* at 208. As soon as it received notice of Parliament's action, on May 16, 1769, the Virginia legislature resolved that all trials for crimes committed in the colonies by residents of the colonies:

> "ought of Right to be had, and conducted . . . within the said Colony . . . ; and that the seizing any Person or Persons residing in this Colony ... and sending such Person or Persons to Places beyond the Sea, to be tried, is highly derogatory of the Rights of *British* subjects; as thereby the inestimable Privilege of being tried by a Jury from the Vicinage, as well as the Liberty of summoning and producing Witnesses on such Trial, will be taken away from the Party accused."

Journals of the House of Burgesses of Virginia, 1766-1769, at 214 (Kennedy ed., 1906).

Other American colonies promptly approved Virginia's resolution. Blume, *supra*, at 65; 1 Cambridge History of The British Empire 668 (1929). On May 17, 1769, the day after issuing its resolution, the Virginia Legislature sent an address to the King, stating:

> [W]e cannot, without Horror, think of the new, unusual, and permit us, with all Humility, to add, unconstitutional and illegal Mode, recommended to your Majesty, of seizing and carrying beyond Sea, the Inhabitants of America, suspected of any Crime; and of trying such Persons in any other Manner than by the ancient and long established Course of Proceeding . . . .

*Id.,* at 215–16.

**Exhibit 5   Page 39 of 48**

Parliament was unmoved. In succeeding years, it passed additional acts permitting the transport of colonists overseas for trial, indicating the royal government's continued suspicion that American colonial courts would not enforce its criminal laws to its satisfaction. See 12 Geo. III, c. 24 (1772) (allowing persons charged with destroying the King's dock yards, magazines, ships, ammunition, and stores "in any place out of [the King's] realm," to be indicted and tried "in any shire or county within this realm" or "where such offense shall have been actually committed"); 14 Geo. III, c. 39 (1774) (permitting persons accused of murder or other capital offenses in Massachusetts Bay to be tried in England or an adjoining province).

The colonists continued to protest the British assault on the right to be tried in a proper venue before a local jury—a right that they understood to be **"one of the greatest securities of life, liberty and happiness," Mass. Bill of Rights, Art. XIII, "the slightest[] surrender [of which] involved them in ruin and made them slaves to the King and Parliament,"** Connor, *supra* at 209; see also *id.* at 208 (citing North Carolina's resolution "[t]hat trial by juries of the vicinity is the only lawful inquest that can pass upon the life of a British subject . . . a right-handed down to us from the earliest ages, confirmed and sanctified by Magna Carta itself"; and South Carolinian William H. Drayton's protest against the 1774 Act; and the Virginia legislature's declaration that **"the cause of Massachusetts Bay [was] the cause of all"**).

In its October 1774 Address to the People of Great Britain, the Continental Congress stated:

> In all these colonies, justice is regularly and impartially administered and yet, by construction of some and the direction of other acts of Parliament, offenders are to be taken by force, together with all such persons as may be pointed out as witnesses and carried to England, there to be tried in a distant land by a jury of strangers and subject to all the disadvantages that result from want of friends and of wit- nesses and want of money.

Connor, *supra*, at 208. Shortly thereafter, the First Continental Congress resolved that the colonies "[were] entitled to the common law of England, *and more especially to the great and inestimable privilege of being tried by their peers of the vicinage.*" Blume, *supra*, at 65. The

40

**Exhibit 5   Page 40 of 48**

Continental Congress specifically enumerated 12 Geo. III, c. 24 (1772) and 14 Geo. III, c. 39 (1774), discussed above, among the "infringements and violations of the rights of the colonists," the repeal of which "is essentially necessary, in order to restore harmony between Great-Britain and the American colonies." I Journals of the Continental Congress 1774-1789 (Library of Congress ed. 1904). Likewise, Thomas Jefferson, in the first draft and the final text of the Declaration of Independence, specifically cited the "transport[] [of colonists] beyond Seas to be tried for pretended offences" as one of the colonies' 27 grievances. I The Papers of Thomas Jefferson, 1760-1776, at 243-247 (Julian P. Boyd ed. 1950); see The Declaration of Independence para. 21 (U.S. 1776).

From the beginning, proposals for the federal Constitution likewise expressly protected a criminal defendant's right to be tried in a proper venue. The Pinckney, Hamilton, New Jersey, and Patterson Plans all featured venue provisions. See III Max Farrand, Records of the Federal Convention of 1787, at 600, 615–16, 626 (1911) ("**All Criminal offenses, (except in cases of impeachment), shall be tried in the State where they shall be committed . . . .**"). Unsurprisingly given the historical context and the prominence of the venue grievance in the Declaration of Independence itself, "little debate was engendered by this venue proposal at the Constitutional Convention." *Kershen*, *Vicinage*, *supra*, at 808. Article III, section 2, clause 3 of the U.S. Constitution thus enshrines constitutional limitations on venue. See The Federalist No. 84, at 510-11 (Alexander Hamilton) (Clinton Rossiter ed., 1961) (recognizing Article III's venue clause as one of "various provisions in favor of particular privileges and rights" in the Constitution that adopts and "equally secure[s]" those rights under common law). The state ratification debates ultimately led the first Congress to adopt the Bill of Rights, including the Sixth Amendment, which expressly codifies the right to a local jury.

41

**Exhibit 5  Page 41 of 48**

While the rights to proper venue and local jury are thus enshrined in separate constitutional provisions, there is no question that the Founders saw the two rights as closely related. Underlying the constitutional history was the general assumption that vicinage would follow venue and vice versa—*i.e.*, if venue was set, jurors would be chosen from the surrounding area, and if the vicinage was based on a particular geographical area, then the trial would be held within that same area. Kershen, *Vicinage*, *supra*, at 830–31. Put differently, "[b]y insisting on a right to a jury of the vicinage the colonists hoped to escape the hardship and danger of standing trial in some distant colony or in England." Blume, *supra*, at 65.

**Manipulation of criminal venue by the Crown was precisely what colonists had so vigorously protested in the years preceding the Revolution. It was therefore imperative that the Sixth Amendment divest Congress of any power to assign criminal venue after the fact— and, by extension, to divest prosecutors of any ability to pressure Congress for a more convenient venue**. "[A]lthough free to alter and revise the size of judicial districts," Congress could not be allowed to "constitute or reconstitute a district to affect a criminal case after commission of the alleged offense." *Ibid.* **Prosecutors bringing charges are bound on the subject of venue by legislation enacted before a crime's commission**. "If 'previous' just means previous to the trial rather than previous to the crime, then the Previous Ascertainment Clause would be rendered almost meaningless." Kalt, *The Perfect Crime*, *supra*, at 682.

As discussed above, concerns regarding the venue and vicinage rights were a hallmark of the American Revolution, leading the Founders to twice codify them in the Constitution. From the colonies' declarations and state constitutions to the adoption of the Sixth Amendment, the history makes clear that the Founders repeatedly sought (and fought) to prevent government abuse and manipulation of venue.

42

**Exhibit 5   Page 42 of 48**

**D. Post-Founding Jurisprudence Has Embraced and Reinforced the Venue Right**

So fundamental is the right to proper venue—and so unthinkable its breach—that Justice Story, writing in 1833, postulated, **"There is little danger, indeed, that congress would ever exert their power in such an oppressive, and unjustifiable a manner" as to require that a defendant be "dragged to a trial in some distant state."** 3 Joseph Story, *Commentaries on the Constitution* § 1775 (1833). Yet despite this presumed impossibility, the Founders, by including Article III's venue provision, sought to "leave as little as possible to mere discretion"— especially when the "security of the citizen" was at stake. *Ibid.*

In the years after the Founding, Congress fortified the constitutional venue right. For the first eighty-nine years of the constitutional republic, the venue right laid down in Article III assured defendants that federal crimes would be tried in the place of their commission. Drew L. Kershen, *Vicinage—Part II*, 30 Okla. L. Rev. 1, 12 (1977) (*Vicinage II*) (noting "legislative silence with respect to criminal venue prior to 1878"). Because this provision required only that trial occur "in the *State* where the said Crimes shall have been committed," U.S. Const. Art. III, § 2, cl. 3 (emphasis added), there was uncertainty about which judicial district within a multi- district state provided the proper venue. **Near the turn of the century, Congress relieved some of this uncertainty by assigning criminal proceedings to the district of an alleged offense's commission.** See, *e.g.*, Act of July 12, 1894, Ch. 132, 28 Stat. 102.

Nonetheless, confusion persisted, and in 1910, Congress convened a Special Joint Committee on the Revision of Law to clarify the conflicting rules that had developed. Upon the Committee's recommendation, Congress enacted Section 53 of the Judicial Code of 1911, establishing uniform criminal venue as proper in the district *and* division of a crime's commission. Act of Mar. 3, 1911, Ch. 231, § 53, 36 Stat. 1101.

**Exhibit 5   Page 43 of 48**

Upon the promulgation of the Federal Rules of Criminal Procedure in 1946, criminal venue was governed by Rules 18 through 21. See Kershen, *Vicinage II, supra*, at 16. **Rule 18 borrowed and restated the command of Section 53 of the Judicial Code of 1911, that trial be held in both the district *and* division of the alleged crime's commission**. See *ibid.* Rules 19, 20, and 21 provided for departures from this district-and-division requirement when transferring between divisions in the same district (Rule 19); when the defendant preferred to be tried in the district of his arrest, if the indictment was pending in a different district (Rule 20); or when the venue compelled by Rule 18 posed too great a risk of prejudice to the defendant, and a new venue was "in the interest of justice" (Rule 21). See *id.* at 16–17.

Importantly, each of the Rule 18 exceptions described in Rules 19, 20, and 21 could be invoked only upon the *defendant's* motion. As the Notes of the 1944 Advisory Committee make clear, this was in keeping with the venue requirements protected by the Constitution. Rules 18 through 21, the Notes explain, were drafted "[w]ithin the framework of the . . . constitutional provisions" on venue contained in Article III and the Sixth Amendment. Fed. R. Crim. P. 18, advisory committee's note to 1944 enactment. **With an eye toward the purposes undergirding these constitutional requirements, the venue Rules sought to "reliev[e] [a defendant] of whatever hardship may be involved" in defending against prosecution in a distant venue**. Fed. R. Crim. P. 20, advisory committee's note to 1944 enactment. And waiver of Rule 18's default venue requirement belonged exclusively to the defendant, as the Rules "[did] not extend the same right [of transfer] to the prosecution." Fed. R. Crim. P. 21, advisory committee's note to 1944 enactment. <u>**These Rules make clear that proper venue is a matter of right for the defendant, secure from prosecutorial manipulation**</u>.

44

**Exhibit 5   Page 44 of 48**

Revisions to the Rules on venue were made in the 1960s, 1970s, 1980s, and 2000s. These were, in some instances, purely technical or stylistic. **But even when revisory committees made substantive changes to the Rules, these amendments were careful to "not offend the venue or vicinage provisions of the Constitution,"** Fed. R. Crim. P. 18, advisory committee's note to 1979 amendment, and paid due regard to the "convenience of the parties and witnesses and the interests of justice." Fed. R. Crim. P. 21, advisory committee's note to 2010 Amendment.

In parallel with these legislative enactments, the courts over the years have acknowledged the historical underpinnings of the constitutional right to be tried in a proper venue. The Founders drafted Article II, section 2, clause 3, fully "[a]ware of the unfairness and hardship to which trial in an environment[ ] alien to the accused exposes him," and further "underscore[d] the importance of this safeguard" in the Sixth Amendment. *United States* v. *Johnson*, 323 U.S. 273, 275 (1944); see also *United States* v. *Cabrales*, 524 U.S. 1, 6 (1998) ("Proper venue in criminal proceedings was a matter of concern to the Nation's founders"); *United States* v. *Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) (instructing courts to operationalize the venue requirement by "discern[ing] the location of the commission of the criminal acts"). In light of this history, this Court has repeatedly confirmed that "[q]uestions of venue in criminal cases . . . are not merely matters of formal legal procedure," but rather are issues that "touch closely the fair administration of criminal justice and public confidence in it, on which it ultimately rests." *Johnson*, 323 U.S. at 276; see also *Travis* v. *United States*, 364 U.S. 631, 634 (1961).

Numerous federal courts of appeals have similarly remarked upon the constitutional venue right's historical importance. See, *e.g.*, *United States* v. *Coplan*, 703 F.3d 46, 76–77 (2d Cir. 2012); *United States* v. *Medina-Ramos*, 834 F.2d 874, 875–76 (10th Cir. 1987); *United States* v. *Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004); and as the Supreme Court declaring the requirement as

**Exhibit 5    Page 45 of 48**

"fundamental to the American scheme of justice," *Ramos* v. *Louisiana*, 140 S. Ct. 1390, 1397 (2020) (quoting *Duncan* v. *Louisiana*, 391 U.S. 145, 148–50 (1968)). Moreover, the standard practice across the states is to set venue in the political subdivision or state judicial district in which the crime was commit- ted. See 4 W. LaFave, J. Israel, N. King & O. Kerr, *Criminal Procedure* § 16.1(c) (4th ed. 2015). v. *Romans*, 823 F.3d 299, 325 (5th Cir. 2016) (observing that the venue right "was important enough to the Founders that it—rather than the right to confront witnesses, or the right against self-incrimination, or even the right to due process—along with the related right to trial by jury are the only rules of criminal procedure included in both the original Constitution and Bill of Rights"). And as the Third Circuit has put it, "[t]hough our nation has changed in ways which it is difficult to imagine that the Framers of the Constitution could have foreseen, the rights of criminal defendants which they sought to protect in the venue provisions of the Constitution are neither outdated nor outmoded." *Passodelis*, 615 F.2d at 976.

Venue and Vicinage have been integral components of the American judicial system since before the Founding. The federal Constitution and Bill of Rights, as well as numerous state constitutions and the Federal Rules of Criminal Procedure, codify robust protections for a criminal defendant's right to be tried in the proper Venue with a jury drawn from the proper Vicinage.

The Founders enshrined the venue right in the Constitution and the Bill of Rights as a direct response to the English government's threats to try rebels and dissidents in a distant forum. They understood the venue right not only as protecting criminal defendants from the "unfairness and hardship" of being tried in a foreign location, *United States* v. *Johnson*, 323 U.S. 273, 275 (1944), but also as part of the "important *substantive* protections against government abuse," *United States* v. *Palma-Ruedas*, 121 F.3d 841, 862 (3d Cir. 1997). **The Founders sought to prevent the**

**government from manipulating venue at the expense of the criminal defendant's right to a fair trial.**

The Founders considered the right to a proper Venue and a jury of proper Vicinage to be fundamental. Rather than denigrate the significant protection that the Founders provided for this right, this Court should grant this Motion and dismiss the Complaint in its entirety or immediately transfer the entire case to the District of Connecticut.

**Exhibit 5   Page 47 of 48**

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioner respectfully asks this Court to dismiss the Complaint for lack

of jurisdiction pursuant to Rule 12(h)(3) and to dismiss the Order and vacate the Receivership or to

transfer the entire case to the District of Connecticut or to delay all proceedings for 120 Days to allow

Petitioner to file a Writ of Mandamus to the Tenth Circuit.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner *pro se*
18 Pond Side Lane
West Simsbury, CT 06092.
860-573-7770

48

**Exhibit 5   Page 48 of 48**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

In RE:  Contempt Proceedings Against  )
Daniel E. Carpenter, Jonathan     )      NO.  24-MC-00005-HE
Boothroyd, and SDM Holdings, LLC  )

### <u>ORDER</u>

The court previously entered an order directing Daniel E. Carpenter, Jonathan

Boothroyd, and SDM Holdings, LLC (a Connecticut limited liability company) to appear

and show cause why they should not be held in contempt for violation of this court's

orders.[1]  They were directed to appear at a hearing on July 18, 2024.   The order also

indicated the contempt matter would proceed as one for criminal contempt.

Daniel E. Carpenter, appearing *pro se*, has since filed what he terms an emergency

motion to dismiss the contempt proceedings.[2]  He contends the court lacks jurisdiction as

to the underlying dispute and that it lacks jurisdiction to consider contempt proceedings

against him.  He also asserts that venue is improper in this district and that any contempt

proceedings should be transferred to Connecticut.

The bulk of the jurisdictional arguments advanced by Mr. Carpenter are identical to

those advanced by other entities involved in this proceeding and which are controlled by

---

[1] *Second Order to Appear and Show Cause, filed June 27, 2024 [Doc. #670 in Case No. 14-FJ-0005].*

[2] *The motion is nominally directed to Chief Judge DeGiusti.  Judge DeGiusti will designate a judge to preside over any contempt trial per Fed. R. Crim. P. 42(a)(3), but these cases (14-FJ-0005 and 24-MC-0005) otherwise remain assigned to the undersigned judge. As noted in the June 27 show cause order, the second case was opened only as a means of simplifying, and coordinating in one place, the filings related to the contempt matter. (References in this order to "this case" refer to filings in both cases unless the context otherwise requires.)*

**Exhibit 6   Page 1 of 4**

Mr. Carpenter.  Those arguments have been previously rejected by this court in multiple orders, hence it is unnecessary to repeat those discussions here.[3]  This court's jurisdictional and other rulings are the subject of multiple appeals to the Tenth Circuit Court of Appeals.

Beyond the matters previously addressed by the court, Mr. Carpenter asserts that venue is improper in this district and that he, as a non-party, cannot properly be held to answer charges in this district.  He is wrong on both counts.

The venue of a contempt proceeding for violation of an injunction is proper in the district in which the injunction was issued.  "Enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order."  Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985); *see also* United States v. Blechman, 782 F. Supp. 2d 1238, 1258-9 (D. Kan. 2011) and cases cited therein.  Given that the assets sought to be preserved by the court's injunction orders are located and/or managed in this district, that many and perhaps most of the potential witnesses are located in this district, and that the alleged actions of Mr. Carpenter potentially constituting contempt were directed, at least in part, to persons in this district, it appears unlikely that general venue considerations would support a transfer to some other district.  However, in light of the contempt nature of this particular proceeding, it is unnecessary to belabor the issue.  Venue is proper in this district.

To the extent that Mr. Carpenter argues he cannot be held to account here by reason of his status as a non-party or as a Connecticut resident, the argument is unavailing.  An

---

[3] *The court has also previously declined to recuse on the basis urged by Mr. Carpenter and continues to do so.  See Order, Feb. 29, 2024 [Doc. #599].*

injunction binds not only the parties to the case out of which it arose, but also applies to non-parties who act in conjunction with a party.  *See* <u>Waffenschmidt</u>, 763 F.2d at 717.  As a result, a person who knowingly violates a freeze order is subject to contempt proceedings in the court issuing the order.  *See* <u>S.E.C. v. Homa</u>, 514 F.3d 661, 674-5 (7th Cir. 2008).  Following <u>Homa</u>, the Tenth Circuit has concluded that "a district court may properly exercise jurisdiction over a nonparty for purposes of entering contempt orders, when the nonparty, with actual notice of an injunctive order issued by the district court, and in active concert or participation with a party, violates that order."  <u>ClearOne Commc'ns, Inc. v. Bowers</u>, 651 F.3d 1200, 1215-6 (10th Cir. 2011).

In sum, no basis for dismissal is stated based on considerations of venue or of Mr. Carpenter's non-party or non-resident status.

The motion also suggests the timeline contemplated by the June 27 order imposes unrealistic time constraints on the parties.  If the August 21, 2024 trial setting contemplated by that order is unrealistic for some reason, any issue in that regard can be addressed at the July 18, 2024 hearing.  Movant should not, however, anticipate a delay of 120 days or some other period designed to wait on rulings from the Tenth Circuit as to the pending appeals, as the disposition of the pending appeals would not, even if favorable to movant's view of the jurisdictional issues, make the contempt proceedings go away.  So long as there is an arguable basis for the court's jurisdiction, as there plainly is here, its injunctive and other orders must be obeyed.  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the

order pending appeal." <u>Lundahl v. Halabi</u>, 600 F. App'x 596, 605 (10th Cir. 2014) (quoting

<u>Maness v Meyers</u>, 419 U.S. 449, 458 (1975)).

Mr. Carpenter's emergency motion to dismiss [Doc. #3] is **DENIED.**  The **July 18,**

**2024,** hearing will proceed as scheduled.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2024.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4

**Exhibit 6   Page 4 of 4**