FILED
United States Court of Appeals
Tenth Circuit

July 15, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

In re: Contempt Proceedings Against
DANIEL E. CARPENTER, et al.

-----------------------------

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL E. CARPENTER,

    Defendant - Appellant.

No. 24-6138
(D.C. No. 5:24-MC-00005-HE)
(W.D. Okla.)

_____

**ORDER**
_____

    This matter is before the court on its own initiative following the opening of this appeal. A review of the district court docket has revealed a potential defect in this court's appellate jurisdiction. Specifically, the order appellant Daniel Carpenter seeks to appeal does not appear to be a final decision. As a result, the court is considering this appeal for summary disposition. *See* 10th Cir. R. 27.3(B).

    Generally, this court's jurisdiction is limited to review of final decisions. 28 U.S.C. § 1291. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). This rule applies equally in criminal matters; a criminal case is not final until there has been a conviction and

sentence has been imposed. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989); *see also United States v. Tucker*, 745 F.3d 1054, 1062 (10th Cir. 2014) (no final decision exists in a criminal matter when the prosecution remains pending in the district court). In a criminal contempt proceeding such as this one, appellate jurisdiction does not exist without an adjudication of contempt or a sentence. *Burkett v. Chandler*, 505 F.2d 217, 224 (10th Cir. 1974). Here, it does not appear that there has been either an adjudication of contempt or the imposition of a sentence.

In this instance, a review of Mr. Carpenter's notice of appeal suggests that Mr. Carpenter seeks to appeal the district court's order denying his motion to dismiss the proceeding for lack of jurisdiction. The district court's order did not adjudicate contempt and it did not impose a sentence. Rather, it merely confirmed that the show cause hearing would proceed. It appears that it is only after that hearing that the district court will adjudicate contempt. Accordingly, it does not appear that the appealed-from order is a final order or otherwise amenable to immediate appellate review.

It does not appear that the district court has entered any order that has ended this litigation on the merits. Rather, it appears that this action remains pending, and the district court case remains ongoing. It does not appear that there has been a final decision, and it does not appear that any exception to the finality requirement applies here. As such, it does not appear that appellate jurisdiction exists.

On or before August 5, 2024, Mr. Carpenter may file a written response to this order setting forth any basis in law or fact for this court to exercise appellate jurisdiction over this appeal. Mr. Carpenter may choose not to respond to this order by August 5,

2024, in which case the court may dismiss this appeal without any additional notice. *See* 10th Cir. R. 42.1.

Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C). The preliminary deadlines set forth in the court's July 15, 2024 correspondence remain in place.

    Entered for the Court

    CHRISTOPHER M. WOLPERT, Clerk