IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| In re: Contempt Proceedings Against DANIEL E. CARPENTER, et al. | ) ) ) ) | |
| _____ | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-6138 |
| DANIEL E. CARPENTER, | ) ) | |
| Defendant-Appellant. | ) ) | |

## UNITED STATES' JURISDICTIONAL MEMORANDUM BRIEF

On August 12, 2024, this Court ordered the United States to respond to this Court's July 15, 2024 order questioning whether this Court has jurisdiction over this appeal and to Mr. Carpenter's August 15, 2024 response to that order. As discussed in more detail below, this Court lacks jurisdiction over the district court's order denying Mr. Carpenter's motion to dismiss the criminal contempt proceedings.

## Facts

On August 12, 2014, Universitas Education, LLC, obtained judgment against Daniel E. Carpenter and his various entities, including Avon Capital, LLC, in the Southern District of New York. Doc. 1-1, No. 5:14-FJ-5-HE. That judgment was registered in the Western District of Oklahoma on November 7, 2014. Doc. 1, No. 5:14-FJ-5-HE.

On October 20, 2020, a magistrate judge in the Western District of Oklahoma issued a report and recommendation that recommended enjoining Avon Capital, LLC, a Wyoming LLC (Avon-WY), "from transferring, alienating, and/or concealing or encumbering its ownership of any interest in SDM [SDM Holdings, LLC]" and enjoined Avon-WY, Avon Capital, LLC, a Connecticut LLC (Avon-CT), and Avon Capital, LLC, a Nevada LLC (Avon-NV), "from transferring, alienating, and/or concealing or encumbering any non-exempt property." Doc. 218, No. 5:14-FJ-5-HE. On February 11, 2021, the district court adopted the report and recommendation and imposed the injunctions that the magistrate judge had recommended. Doc. 228, No. 5:14-FJ-5-HE.

2

Avon-WY and SDM appealed, and this Court vacated the district court's February 11, 2021 Order because the judgment had expired under Oklahoma law by the time the district court entered its order. *Universitas Education, LLC v. Avon Capital, LLC*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 WL 4533221 (10th Cir. July 13, 2023), *withdrawn and replaced by* 2023 WL 5005654 (10th Cir. Aug. 4, 2023). On September 28, 2023, this Court issued its mandate. Doc. 533, No. 5:14-FJ-5-HE.

While the appeal was pending, Doc. 341 (Dec. 9, 2021), and then again after the appeal was decided but before the mandate issued, Doc. 511 (Aug. 7, 2023), Universitas refiled the New York judgment. On August 15, 2023, the district court adopted the magistrate judge's report and recommendation and reimposed the injunctions to be effective on the date this Court issued its mandate and jurisdiction returned to the district court—September 28, 2023. Doc. 520, No. 5:14-FJ-5-HE; Doc. 521, No. 5:14-FJ-5-HE.

On March 29, 2024, the district court modified the injunction, enjoining:

> Daniel Carpenter and all persons or entities claiming by, through, or under him, or acting on

3

> his behalf, directly or indirectly, or otherwise subject to his control, including without limitation, Jonathon Boothroyd, SDM-CT [SDM Holdings, LLC, a Connecticut LLC], and Avon Capital LLC – Connecticut . . . from transferring, alienating, concealing, or encumbering any interest in the insurance portfolio and related funds now held by SDM, or attempting to do so, and . . . from any act or attempt to interfere with ASG's [Asset Servicing Group, LLC's] administration of that portfolio consistent with instructions from the current manager of SDM as designated by the receiver.

Doc. 618 at 4, No. 5:14-FJ-5-HE. The injunction was ordered to "remain in place so long as the registered judgment remains unpaid or until further order of the court." *Id.*

On June 3, 2024, Universitas filed an Emergency Motion for an Order to Show Cause, asking the district court to issue an order why SDM-CT, Mr. Carpenter, and Mr. Boothroyd should not be held in contempt. Doc. 655, No. 5:14-FJ-5-HE. The motion alleged that Mr. Carpenter and Mr. Boothroyd attempted to have insurers divert insurance policy proceeds from SDM to SDM-CT. *Id.*

On June 5, 2024, the district court granted the motion and ordered SDM-CT, Mr. Carpenter, and Mr. Boothroyd to appear at a hearing on June 26, 2024, for a hearing to "show cause why they should not be found in contempt for violating the court's March 29, 2024

4

injunction." Doc. 656, No. 5:14-FJ-5-HE. But SDM-CT, Mr. Carpenter, and Mr. Boothroyd were neither timely nor properly served with the district court's June 5, 2024 Order. *See* Doc. 670 at 2, No. 5:14-FJ-5-HE.

On June 26, 2024, the district court concluded that it would pursue criminal contempt against SDM-CT and Messrs. Carpenter and Boothroyd. Doc. 670 at 3, No. 5:14-FJ-5-HE. Pursuant to Fed. R. Crim. P. 42(a)(2), the district court appointed the United States Attorney for the Western District of Oklahoma or one or more designated Assistant United States Attorneys to prosecute the criminal contempt. Doc. 670 at 3, No. 5:14-FJ-5-HE. The district court also opened as a separate case for the contempt proceedings, which was assigned Case No. 24-MC-5. Doc. 670 at 4, No. 5:14-FJ-5-HE.

On July 5, 2024, Mr. Carpenter filed a pro se motion entitled, "Petitioner's Emergency Motion to Dismiss Pursuant to Rule 12(h)(3)," which largely challenging the district court's jurisdiction in the civil case. *See* Doc. 3 (capitalization normalized).[1] On July 10, 2024, the

---

[1] From this point forward in this response, citations to documents filed in Case No. 24-MC-5 will simply be their docket number, e.g. Doc. ___.

5

district court denied Mr. Carpenter's motion to dismiss. Doc. 5. On July 15, 2024, Mr. Carpenter filed a notice of appeal. Doc. 7.

## Discussion

This Court's jurisdiction is limited by statute. Generally, it is limited to "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. But Congress has also given this Court jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions," *id.* § 1292(a)(1), as well as jurisdiction over "[i]nterlocutory orders . . . refusing orders to wind up receiverships," *id.* § 1292(a)(2). Finally, the Supreme Court has recognized that a limited category of appeals may be brought under the collateral order doctrine. *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)). Ultimately, it is the appellant's burden to establish jurisdiction. *See Avant v. Doake*, 104 F.4th 203, 206 (10th Cir. 2024). Mr. Carpenter has failed to carry his burden.

First, Mr. Carpenter has not argued for jurisdiction under § 1291, nor could he. In an appeal from a criminal contempt case, there is no

final judgment unless there is a judgment of contempt and a sentence. *Burkett v. Chandler*, 505 F.2d 217, 224 (10th Cir. 1974). And without either or both, "the appeal remedy is not available." *Id.* If the district court ultimately finds Mr. Carpenter in contempt, then he can appeal that contempt order and any other interlocutory orders. *See Law. v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1440 (10th Cir. 1998).

Second, Mr. Carpenter contends that this Court has jurisdiction over the district court's order denying his motion to dismiss the criminal contempt case as either an appeal from either an order refusing to dissolve an injunction, *see* 28 U.S.C. § 1292(a)(1), or as an appeal from an order declining to wind up the receivership, *id.* § 1292(a)(2). *See* Aplt. Memo Br. at 12–13. Mr. Carpenter has failed to show that this Court has jurisdiction under § 1292(a).

"Section 1292(a) was intended to carve out only a limited exception to the final-judgment rule of 28 U.S.C. § 1291 and the 'long-established policy against piecemeal appeals.'" *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007). Thus, § 1292(a) "should be narrowly construed to 'ensure that appeal as of right under § 1292(a)(1) will be available in [limited] circumstances.'"

7

*Id.* (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)) (alterations in *Pimentel*). "Due to this narrow construction mandate, courts of appeals insist on looking beyond the captions and vocabulary attached to district court orders to determine the actual, practical effect of an order before exercising appellate jurisdiction under § 1292(a)(1)." *Id.* "[T]he circuit courts have looked behind the terminology used by the parties and the district court to prevent litigants from circumventing by the filing of repetitive motions the time limitation for taking appeal." *Id.* (internal quotation marks and alteration marks omitted).

As even Mr. Carpenter admits in his jurisdictional memorandum brief, the substance of the district court's order was "denying [his] [m]otion to [d]ismiss the criminal contempt proceeding." Aplt. Memo Br. at 12. The fact that Mr. Carpenter peppered requests to dissolve the injunction and wind up the receivership in his motion to dismiss the contempt proceeding is of no jurisdictional significance. "[I]n deciding whether a district court order . . . is appealable under § 1292(a)(1), [this Court] consider[s] the substance rather than the form of the motion and caption of the order." *Pimentel*, 477 F.3d at 1153. Because the district court's order denying Mr. Carpenter's motion to dismiss the criminal

contempt proceeding did not modify or refuse to modify the injunction or receivership, this Court lacks jurisdiction under § 1292(a).

Third, Mr. Carpenter argues alternatively that this Court has jurisdiction over this appeal based on the collateral order doctrine. *See* Aplt. Memo Br. at 13–18. "To fall within this small class, a district court order must satisfy three requirements: it must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the case, and [3] be effectively unreviewable on appeal from a final judgment.'" *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014). Because this is an appeal from an order denying a motion to dismiss a *criminal* contempt proceeding, this Court should apply "the requirements of the collateral-order exception to the final judgment rule with the utmost strictness." *Flanagan v. United States*, 465 U.S. 259, 266 (1984).

"[T]he Supreme Court has applied the collateral order exception in only three categories of criminal cases: appeals from (1) motions to reduce bail; (2) motions to dismiss based on double jeopardy grounds; and (3) motions to assert immunity under the Speech or Debate Clause of the Constitution." *Tucker*, 745 F.3d at 1063. "[A] criminal defendant

9

invoking the collateral order exception must assert a right not to be tried resting upon an explicit statutory or constitutional guarantee that trial will not occur." *Id.* (internal quotation marks omitted). "This requirement is rarely satisfied because there is a crucial difference between a right not to be tried and a right whose remedy requires dismissal of charges." *Id.* (internal quotation marks omitted). "Accordingly, very few motions to dismiss [a criminal case]—even if founded on a valid constitutional right—will give rise to interlocutory appellate jurisdiction." *Id.* "Put another way, a criminal defendant bringing an interlocutory appeal must assert a right that cannot be vindicated on direct appeal or collateral review." *Id.*

Mr. Carpenter contends that he satisfies these requirements because, according to him, the district court lacks jurisdiction. *See* Aplt. Memo Br. at 17–18. "But denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." *Catlin v. United States*, 324 U.S. 229, 236 (1945). Similarly, Mr. Carpenter's venue challenge, *see* Doc. 3 at 30–47, is not immediately appealable, *see United States v. Martin*, 620 F.2d 237, 239

(10th Cir. 1980). Thus, this Court lacks jurisdiction under the collateral-order doctrine.

## Conclusion

Because the district court's order denying Mr. Carpenter's motion to dismiss the criminal contempt case against him is not a final order, an order refusing to dissolve an injunction or wind up a receivership, and addressed issues that can be raised in an appeal after a final judgment, this Court lacks jurisdiction over this appeal. As a result, this Court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ DAVID McCRARY
DAVID McCRARY (MA 683086)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
david.mccrary@usdoj.gov

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

     As required by Fed. R. App. P. 32(g), I certify that this brief is proportionally spaced and contains 1919 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). I relied on my word processor to obtain the count and it is: Microsoft Word 365.

     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

     I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

                                         s/ DAVID McCRARY
                                         DAVID McCRARY
                                         Assistant U.S. Attorney